### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br> *Defendant*. | Civil Action No. 4:21-cv-00670 <br><br> JURY TRIAL DEMANDED |

### DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant Bank of America, N.A. ("Bank of America" or "Defendant"), by and through its undersigned counsel, hereby submits its response to the Complaint for Patent Infringement filed on August 27, 2021 ("Complaint") by Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp" or "Plaintiffs").  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are only for purposes of clarity and organization.  Bank of America denies any allegations that may be implied or inferred from the headings of the Complaint.

### THE PARTIES

1.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies them.

2.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies them.

3.     Bank of America admits that Bank of America, N.A. is a federally chartered national banking association organized and existing under the laws of the United States, having a

principal place of business at 100 North Tryon Street, Charlotte, NC 28255.  Except as expressly admitted, Bank of America denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Bank of America admits that Plaintiffs purport to assert an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  Bank of America admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Bank of America admits that venue is proper in this District pursuant to 28 U.S.C. §1400(b), but denies that this District is a convenient forum for this case and reserves the right to seek transfer pursuant to 28 U.S.C. §1404.  Except as expressly admitted, Bank of America denies the allegations in Paragraph 4 of the Complaint.

5.      Bank of America admits that this Court has personal jurisdiction over it for the purposes of this action, but otherwise denies the allegations in Paragraph 5 of the Complaint, including any allegation that Bank of America has committed any act of infringement within this district, the State of Texas, or elsewhere in the United States.

6.      Bank of America admits that it maintains banking facilities in the State of Texas, and within the Eastern District of Texas, including at: 5701 Legacy Drive, Plano, TX 75024; 5952 West Parker Road, Plano, TX 75093; 1925 Dallas Parkway, Plano, TX 75093; 3760 Highway 121, Plano, TX 75025; 3260 Preston Road, Plano, TX 75093; 7001 Independence Parkway, Plano, TX 75025; 2015 Coit Road, Plano, TX 75075; 2400 North Central Expressway, Plano, TX 75074; and 113 East FM 544, Murphy, TX 75094.  Except as expressly admitted, Bank of America denies the allegations in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

### *Development of the Patented Inventions*

7.      Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies them.

8.      Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies them.

9.      Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

*Authoring Mobile Applications*

10.      Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies them.

11.      Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

**<u>Xcode</u>**

12.      Bank of America admits that the image in Paragraph 12 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

13.      Bank of America admits that the image in Paragraph 13 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

14.     Bank of America admits that the images in Paragraph 14 of the Complaint are depicted in Plaintiffs' cited links.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

15.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them, including all characterizations of the screenshots beyond the text of the screenshots and distortions via selective excerpts.

16.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them, including all characterizations of the screenshots beyond the text of the screenshots and distortions via selective excerpts.

17.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them, including all characterizations of the screenshot beyond the text of the screenshot and distortions via selective excerpts.

18.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies them.

**<u>Android Studio</u>**

19.     Bank of America admits that the image in Paragraph 19 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies

them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

20.     Bank of America admits that the image in Paragraph 20 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

21.     Bank of America admits that the images in Paragraph 21 of the Complaint are depicted in Plaintiffs' cited links.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

22.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them, including all characterizations of the screenshot beyond the text of the screenshot and distortions via selective excerpts.

23.     Bank of America admits that the image in Paragraph 23 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

24.     Bank of America admits that the image in Paragraph 24 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

25.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies them.

***The Prevalence of Mobile Banking Applications***

26.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies them.

27.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies them.

28.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies them.

29.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies them.

***Patents-in-Suit***

30.     Bank of America denies the allegations in Paragraph 30 of the Complaint.

### U.S. Patent No. 8,924,192

31.     Bank of America admits that, according to the face of U.S. Patent No. 8,924,192 ("the '192 Patent"), U.S. Patent Application Serial No. 13/673,692, filed November 9, 2012, issued as the '192 Patent titled "Systems Including Network Simulation for Mobile Application Development and Online Marketplaces for Mobile Application Distribution, Revenue Sharing, Content Distribution, or Combinations Thereof " on December 30, 2014.  Bank of America further admits that the '192 Patent purports to be a continuation of U.S. Patent Application Ser.

No. 12/759,543, filed April 13, 2010, which purports to be a continuation of U.S. Patent

Application Serial No. 11/449,958, filed June 9, 2006, and issued as U.S. Patent No. 7,813,910

on October 12, 2012, which application purports to claim priority to U.S. Patent Application

Serial No. 60/689,101, filed June 10, 2005.  Bank of America otherwise denies the allegations in

Paragraph 31 of the Complaint, and specifically denies that the United States Patent and

Trademark Office ("USPTO") duly and legally issued the '192 Patent.

32.     Bank of America denies the allegations in Paragraph 32 of the Complaint.

33.     Bank of America lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies them.

34.     Bank of America denies the allegations in Paragraph 34 of the Complaint.

35.     Bank of America denies the allegations in Paragraph 35 of the Complaint.

36.     Bank of America denies the allegations in Paragraph 36 of the Complaint.

37.     Bank of America denies that the '192 Patent represents a substantial technical

improvement in the area of authoring mobile applications.  Bank of America lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37

of the Complaint and, on that basis, denies them.

**U.S. Patent No. 9,298,864**

38.     Bank of America admits that, according to the face of U.S. Patent No. 9,298,864

(the "'864 Patent"), U.S. Patent Application Serial No. 14/084,321, filed November 19, 2013,

issued as the '864 Patent titled "System Including Network Simulation for Mobile Application

Development" on March 29, 2016.  Bank of America further admits that the '864 Patent purports

to be a divisional of United States Application Serial No. 12/705,913, filed February 15, 2010

(now U.S. Patent No. 8,589,140), which purports to claim priority to U.S. Patent Application

Serial No. 61/152,934, filed February 16, 2009, and purports to be a continuation-in-part of U.S.

Patent Application Serial No. 11/449,958, filed June 9, 2006 (now U.S. Patent No. 7,813,910),

which purports to claim priority to U.S. Patent Application Serial No. 60/689,101, filed June 10,

2005.  Bank of America otherwise denies the allegations in Paragraph 38 of the Complaint, and

specifically denies that the USPTO duly and legally issued the '864 Patent.

44.     Bank of America denies the allegations in Paragraph 39 of the Complaint.

40.     Bank of America lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 40 of the Complaint and, on that basis, denies them.

41.     Bank of America denies the allegations in Paragraph 41 of the Complaint.

42.     Bank of America denies the allegations in Paragraph 42 of the Complaint.

43.     Bank of America denies the allegations in Paragraph 43 of the Complaint.

44.     Bank of America denies that the '864 Patent represents a substantial technical

improvement in the area of authoring mobile applications.  Bank of America lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44

of the Complaint and, on that basis, denies them.

**U.S. Patent No. 9,971,678**

45.     Bank of America admits that, according to the face of U.S. Patent No. 9,971,678

(the "'678 Patent"), U.S. Patent Application Serial No. 14/581,475, filed December 23, 2014,

issued as the '678 Patent titled "Systems Including Device and Network Simulation for Mobile

Application Development" on May 15, 2018.  Bank of America further admits that the '678

Patent purports to be a continuation of U.S. Patent Application Serial No. 13/673,692, filed

November 9, 2012, and issued as U.S. Patent No. 8,924,192 on December 30, 2014, which

purports to be a continuation of U.S. Patent Application Serial No. 12/759,543, filed April 13,

2010, and issued as U.S. Patent No. 8,332,203 on December 11, 2012, which purports to be a continuation of U.S. Patent Application Serial No. 11/449,958, filed June 9, 2006, and issued as U.S. Patent No. 7,813,910 on October 12, 2010, which application purports to claim priority to U.S. Patent Application Serial No. 60/689,101, filed June 10, 2005.  Bank of America otherwise denies the allegations in Paragraph 45 of the Complaint, and specifically denies that the USPTO duly and legally issued the '678 Patent.

46.     Bank of America denies the allegations in Paragraph 46 of the Complaint.

47.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on that basis, denies them.

48.     Bank of America denies the allegations in Paragraph 48 of the Complaint.

49.     Bank of America denies the allegations in Paragraph 49 of the Complaint.

50.     Bank of America denies the allegations in Paragraph 50 of the Complaint.

51.     Bank of America denies that the '678 Patent represents a substantial technical improvement in the area of authoring mobile applications.  Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint and, on that basis, denies them.

**U.S. Patent No. 10,353,811**

52.     Bank of America admits that, according to the face of U.S. Patent No. 10,353,811 ("the '811 Patent"), U.S. Patent Application Serial No. 15/979,330, filed May 14, 2018, issued as the '811 Patent titled "SYSTEM FOR DEVELOPING AND TESTING A MOBILE APPLICATION" on July 16, 2019.  Bank of America further admits that the '811 Patent purports to be a continuation of U.S. Patent Application Serial No. 14/581,475, filed December 23, 2014, which purports to be a continuation of U.S. Patent Application Serial No. 13/673,692,

filed November 9, 2012, and issued as U.S. Patent No. 8,924,192 on December 30, 2014, which purports to be a continuation of U.S. Patent Application Serial No. 12/759,543, filed April 13, 2010, and issued as U.S. Patent No. 8,332,203 on December 11, 2012, which purports to be a continuation of U.S. Patent Application Serial No. 11/449,958, filed June 9, 2006, and issued as U.S. Patent No. 7,813,910 on October 12, 2010, which application purports to claim priority to U.S. Patent Application Serial No. 60/689,101, filed June 10, 2005.  Bank of America otherwise denies the allegations in Paragraph 52 of the Complaint, and specifically denies that the USPTO duly and legally issued the '811 Patent.

53.     Bank of America denies the allegations in Paragraph 53 of the Complaint.

54.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, on that basis, denies them.

55.     Bank of America denies the allegations in Paragraph 55 of the Complaint.

56.     Bank of America denies the allegations in Paragraph 56 of the Complaint.

57.     Bank of America denies the allegations in Paragraph 57 of the Complaint.

**U.S. Patent No. 10,691,579**

58.     Bank of America admits that, according to the face of U.S. Patent No. 10,691,579 ("the '579 Patent"), U.S. Patent Application Serial No. 15/083,186, March 28, 2016, issued as the '579 Patent titled "SYSTEMS INCLUDING DEVICE AND NETWORK SIMULATION FOR MOBILE APPLICATION DEVELOPMENT" on June 23, 2020.  Bank of America further admits that the '579 Patent purports to be a division of U.S. Patent Application Serial No. 14/084,321, filed November 19, 2013 (now U.S. Patent No. 9,298,864), which purports to claim priority to U.S. Patent Application Serial No. 12/705,913, filed February 15, 2010 (now U.S. Patent No. 8,589,140), which purports to claim priority to U.S. Patent Application No.

61/152,934, filed February 16, 2009, and purports to be a continuation-in-part of U.S. Patent

Application Serial No. 11/449,958, filed June 9, 2006 (now U.S. Patent No. 7,813,910), which

purports to claim priority to U.S. Patent Application No. 60/689,101, filed June 10, 2005.  Bank

of America otherwise denies the allegations in Paragraph 58 of the Complaint, and specifically

denies that the USPTO duly and legally issued the '579 Patent.

59.     Bank of America denies the allegations in Paragraph 59 of the Complaint.

60.     Bank of America lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 60 of the Complaint and, on that basis, denies them.

61.     Bank of America denies the allegations in Paragraph 61 of the Complaint.

62.     Bank of America denies the allegations in Paragraph 62 of the Complaint.

63.     Bank of America denies the allegations in Paragraph 63 of the Complaint.

***Infringement by Bank of America***

64.     Bank of America admits that the hyperlink in footnote 20 in Paragraph 64 of the

Complaint leads to a webpage that displays Bank of America's Unites States Securities and

Exchange Commission Form 10-Q for the quarter ending June 30, 2021, and Bank of America

admits to the truth of the information contained in this Unites States Securities and Exchange

Commission filing.  Bank of America otherwise denies the allegations in Paragraph 64 of the

Complaint, including all characterizations of the cited reference beyond the text of the reference

and distortions via selective excerpts.

65.     Bank of America admits that it has mobile banking applications available in both

Apple's and Google's App stores.  Bank of America otherwise denies the allegations in

Paragraph 65 of the Complaint, including all characterizations of the screenshots beyond the text

of the screenshots and distortions via selective excerpts.

66.     Bank of America admits that it uses Apple's Xcode and Google's Android Studio to author its mobile applications.  Bank of America denies the remaining allegations in Paragraph 66 of the Complaint, and specifically denies that it is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

67.     Bank of America denies the allegations in Paragraph 67 of the Complaint, and specifically denies that it is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

68.     Bank of America admits that it employs personnel to develop mobile applications. Bank of America otherwise denies the allegations in Paragraph 68 of the Complaint, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

69.     Bank of America admits that the image in Paragraph 69 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America denies the remaining allegations in Paragraph 69 of the Complaint, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

70.     Bank of America admits that the image in Paragraph 70 of the Complaint is depicted in Plaintiffs' cited link.  Bank of America denies the remaining allegations in Paragraph 70 of the Complaint, including all characterizations of the cited reference beyond the text of the reference and distortions via selective excerpts.

71.     Bank of America denies the allegations in Paragraph 71 of the Complaint.

***Pending Suit Against Bank of America***

72.     Bank of America admits that on July 20, 2018, Plaintiffs filed Civil Action No. 4:18-cv-00519 against Bank of America Corp. in the Eastern District of Texas for the

infringement of the '678, '864, and '192 Patents ( "Pending Proceeding") and that the complaint in that case refers to "[c]ertain Micro Focus software products."  Bank of America admits that the complaint in the Pending Proceeding included infringement charts as exhibits that described the "Accused System" as including "HP LoadRunner, HP Performance Center, Shunra Network Virtualization, HP Network Virtualization engine, HP Network Virtualization for Mobile, HP Network Capture, and/or any Micro Focus products related to any of the foregoing."  Bank of America avers that the cited court order speaks for itself, and Bank of America lacks knowledge or information sufficient to form a belief as to what the Court understood.  Bank of America denies the remaining allegations in Paragraph 72 of the Complaint.

73.     Bank of America admits that Plaintiffs also asserted claims of patent infringement against Micro Focus.  Bank of America further admits that Bank of America filed a Motion to Stay, that Plaintiffs filed a Notice of Non-Opposition to the Motion to Stay, and that the Court granted the Motion to Stay on November 17, 2020.  Bank of America avers that the Motion to Stay and the June 11, 2021 Joint Status Report speak for themselves.  Bank of America otherwise denies the allegations in Paragraph 73 of the Complaint.

74.     Bank of America admits that the Complaint purports to allege patent infringement by Bank of America.  Bank of America otherwise denies the allegations in Paragraph 74 of the Complaint, and specifically denies that Bank of America is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

75.     Bank of America denies the allegations in Paragraph 75 of the Complaint, and specifically denies that Bank of America is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

76.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, denies them.

77.     Bank of America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and, on that basis, denies them.

**Patents Asserted in the Pending Proceeding**

78.     Bank of America admits that the '192, '864, and '678 Patents were asserted in the Pending Proceeding, but otherwise denies the allegations in Paragraph 78 of the Complaint.

79.     Bank of America admits that Paragraph 79 of the Complaint appears to include a reproduction of Claim 1 of the '192 patent, but otherwise denies the allegations in this paragraph.

80.     Bank of America denies the allegations in Paragraph 80 of the Complaint, including all characterizations of the cited document beyond the text of the document and distortions via selective excerpts.

81.     Bank of America admits that the Complaint purports to allege patent infringement by Bank of America.  Bank of America otherwise denies the allegations in Paragraph 81 of the Complaint, and specifically denies that Bank of America is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

82.     Bank of America admits that Paragraph 82 of the Complaint appears to include a reproduction of Claim 1 of the '864 patent, but otherwise denies the allegations in this paragraph.

83.     Bank of America denies the allegations in Paragraph 83 of the Complaint, including all characterizations of the cited document beyond the text of the document and distortions via selective excerpts.

84.     Bank of America admits that the Complaint purports to allege patent infringement by Bank of America.  Bank of America otherwise denies the allegations in Paragraph 84 of the

Complaint, and specifically denies that Bank of America is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

85.     Bank of America admits that Paragraph 85 of the Complaint appears to include a reproduction of Claim 45 of the '678 patent, but otherwise denies the allegations in this paragraph.

86.     Bank of America denies the allegations in Paragraph 86 of the Complaint, including all characterizations of the cited document beyond the text of the document and distortions via selective excerpts.

87.     Bank of America admits that the Complaint purports to allege patent infringement by Bank of America.  Bank of America otherwise denies the allegations in Paragraph 87 of the Complaint, and specifically denies that Bank of America is infringing or has infringed any valid patent claim by its use of Xcode and Android Studio.

88.     Bank of America admits that Count VI of the Complaint purports to allege that Bank of America is barred from challenging or otherwise re-litigating the validity of the '192, '864, and '678 Patents, but otherwise denies the allegations in Paragraph 88 of the Complaint.

### **Newly Asserted Patents**

89.     Bank of America admits that the Patents-in-Suit include the '811 and '579 Patents, which were not asserted in the Pending Proceeding, and purportedly issued after the Pending Proceeding was filed.  Bank of America otherwise denies the allegations in Paragraph 89 of the Complaint.

90.     Bank of America admits that Paragraph 90 of the Complaint appears to include a reproduction of Claim 1 of the '811 patent, but otherwise denies the allegations in this paragraph.

91.     Bank of America avers that Claim 1 of the '811 Patent speaks for itself.  Bank of America otherwise denies the allegations in Paragraph 91 of the Complaint, including all characterizations of the '811 Patent beyond the text of the patent and distortions via selective excerpts.

92.     Bank of America admits that Paragraph 92 of the Complaint appears to include a reproduction of Claim 15 of the '579 patent, but otherwise denies the allegations in this paragraph.

93.     Bank of America avers that Claim 15 of the '811 Patent speaks for itself.  Bank of America otherwise denies the allegations in Paragraph 93 of the Complaint, including all characterizations of the '811 Patent beyond the text of the claim and distortions via selective excerpts.

## COUNT I

### Infringement of U.S. Patent No. 8,924,192

94.     Bank of America repeats and incorporates by reference its responses to the allegations in the foregoing paragraphs of the Complaint as described above.

95.     Bank of America denies the allegations in Paragraph 95 of the Complaint.

96.     Bank of America denies the allegations in Paragraph 96 of the Complaint.

97.     Bank of America denies the allegations in Paragraph 97 of the Complaint.

98.     Bank of America denies the allegations in Paragraph 98 of the Complaint.

99.     Bank of America denies the allegations in Paragraph 99 of the Complaint.

100.    Bank of America denies the allegations in Paragraph 100 of the Complaint.

101.    Bank of America denies the allegations in Paragraph 101 of the Complaint.

## COUNT II

### Infringement of U.S. Patent No. 9,298,864

102.    Bank of America repeats and incorporates by reference its responses to the allegations in the foregoing paragraphs of the Complaint as described above.

103.    Bank of America denies the allegations in Paragraph 103 of the Complaint.

104.    Bank of America denies the allegations in Paragraph 104 of the Complaint.

105.    Bank of America denies the allegations in Paragraph 105 of the Complaint.

106.    Bank of America denies the allegations in Paragraph 106 of the Complaint.

107.    Bank of America denies the allegations in Paragraph 107 of the Complaint.

108.    Bank of America denies the allegations in Paragraph 108 of the Complaint.

109.    Bank of America denies the allegations in Paragraph 109 of the Complaint.

## COUNT III

### Infringement of U.S. Patent No. 9,971,678

110.    Bank of America repeats and incorporates by reference its responses to the allegations in the foregoing paragraphs of the Complaint as described above.

111.    Bank of America denies the allegations in Paragraph 111 of the Complaint.

112.    Bank of America denies the allegations in Paragraph 112 of the Complaint.

113.    Bank of America denies the allegations in Paragraph 113 of the Complaint.

114.    Bank of America denies the allegations in Paragraph 114 of the Complaint.

115.    Bank of America denies the allegations in Paragraph 115 of the Complaint.

116.    Bank of America denies the allegations in Paragraph 116 of the Complaint.

117.    Bank of America denies the allegations in Paragraph 117 of the Complaint.

## COUNT IV

### Infringement of U.S. Patent No. 10,353,811

118.    Bank of America repeats and incorporates by reference its responses to the allegations in the foregoing paragraphs of the Complaint as described above.

119.    Bank of America denies the allegations in Paragraph 119 of the Complaint.

120.    Bank of America denies the allegations in Paragraph 120 of the Complaint.

121.    Bank of America denies the allegations in Paragraph 121 of the Complaint.

122.    Bank of America denies the allegations in Paragraph 122 of the Complaint.

123.    Bank of America denies the allegations in Paragraph 123 of the Complaint.

124.    Bank of America denies the allegations in Paragraph 124 of the Complaint.

125.    Bank of America denies the allegations in Paragraph 125 of the Complaint.

## COUNT V

### Infringement of U.S. Patent No. 10,691,579

126.    Bank of America repeats and incorporates by reference its responses to the allegations in the foregoing paragraphs of the Complaint as described above.

127.    Bank of America denies the allegations in Paragraph 127 of the Complaint.

128.    Bank of America denies the allegations in Paragraph 128 of the Complaint.

129.    Bank of America denies the allegations in Paragraph 129 of the Complaint.

130.    Bank of America denies the allegations in Paragraph 130 of the Complaint.

131.    Bank of America denies the allegations in Paragraph 131 of the Complaint.

132.    Bank of America denies the allegations in Paragraph 132 of the Complaint.

133.    Bank of America denies the allegations in Paragraph 133 of the Complaint.

## COUNT VI

### Declaratory Judgment that Bank of America is Barred from Challenging the Validity of U.S. Patent Nos. (1) 8,924,192, (2) 9,298,864, and (3) 9,971,678

134.    Bank of America repeats and incorporates by reference its responses to the allegations in the foregoing paragraphs of the Complaint as described above.

**Defendants Stipulated to the Validity of the '192, '864, '678 Patents in the Pending Proceeding**

135.    Bank of America admits that Wapp filed a patent infringement lawsuit (the "Manufacturer Suit") against Micro Focus International PLC ("Micro Focus") on July 2, 2018, but otherwise denies the allegations in Paragraph 135 of the Complaint.

136.    Bank of America admits that the asserted patents in the Manufacturer Suit included the '192, '864, and '678 Patents, but otherwise denies the allegations in Paragraph 136 of the Complaint

137.    Bank of America admits that the cited court opinion states that the jury trial in the Manufacturer Suit began on March 1, 2021, but otherwise denies the allegations in Paragraph 137 of the Complaint.

138.    Bank of America admits that the cited court opinion states that the parties in the Manufacturer Suit agreed that each side should have 10.5 hours to present evidence at trial, but otherwise denies the allegations in Paragraph 138 of the Complaint.

139.    Bank of America admits that the cited court opinion states that, in the Manufacturer Suit, Micro Focus presented some expert testimony regarding invalidity at trial, but that testimony was limited because Micro Focus "ran up against the clock."  Bank of America otherwise denies the allegations in Paragraph 139 of the Complaint.

140.    Bank of America admits that the cited court opinion states that, in the Manufacturer Suit, Wapp moved for judgment as a matter of law on Micro Focus's invalidity arguments.  Bank of America otherwise denies the allegations in Paragraph 140 of the Complaint

141.    Bank of America admits that, on April 22, 2021, the Court in the Manufacturer Suit signed a document titled "Final Judgment" and containing the phrase, "[p]ursuant to the Memorandum Opinion and Order entered on this date."  Bank of America otherwise denies the allegations in Paragraph 141 of the Complaint.

142.    Bank of America admits that the cited court opinion states that the Court in the Manufacturer Suit granted Wapp's motion for judgment as a matter of law regarding validity, but otherwise denies the allegations in Paragraph 142 of the Complaint.

143.    Bank of America admits that the Court in the Manufacturer Suit signed a document titled "Final Judgment," which awarded $172,554,269.00 to Wapp.  Bank of America otherwise denies the allegations in Paragraph 143 of the Complaint.

144.    Bank of America denies the allegations in Paragraph 144 of the Complaint.

145.    Bank of America admits that Wapp filed a patent infringement lawsuit against Bank of America Corp. on July 20, 2018, but otherwise denies the allegations in Paragraph 145 of the Complaint.

146.    Bank of America admits that the asserted patents in the Pending Proceeding included the '192, '864, and '678 Patents, but otherwise denies the allegations in Paragraph 146 of the Complaint.

147.    Bank of America admits the allegations in Paragraph 147 of the Complaint.

148.     Bank of America admits that Bank of America filed a motion to stay in the Pending Proceeding on October 29, 2020, but otherwise denies the allegations in Paragraph 148 of the Complaint.

149.     Bank of America admits that the October 29, 2020 motion to stay in the Pending Proceeding states that "BOA hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity."  Bank of America otherwise denies the allegations in Paragraph 149 of the Complaint

150.     Bank of America admits that Plaintiffs filed a non-opposition to the motion to stay in the Pending Proceeding.  Bank of America otherwise denies the allegations in Paragraph 150 of the Complaint.

151.     Bank of America denies the allegations in Paragraph 151 of the Complaint.

## PRAYER FOR RELIEF

The allegations in the paragraphs requesting relief are in the nature of a prayer.  Although no answer is required, Bank of America denies any and all liability for any alleged conduct and denies each and every allegation set forth in the Complaint that is not specifically admitted to or otherwise responded to herein.  Bank of America further denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit.  Bank of America further denies that Plaintiffs are entitled to any relief requested in Paragraphs 152−159 of the Complaint, including, without limitation, damages, reasonably royalties, supplemental damages, enhanced damages, attorneys' fees, injunctive relief, or any other relief of any kind.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Paragraph 160 of the Complaint sets forth Plaintiffs' jury trial demand. To the extent a response is required, Bank of America admits that Plaintiffs' Complaint contains a request for a jury trial.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Bank of America hereby denies them.

## BANK OF AMERICA'S AFFIRMATIVE DEFENSES

152.    By way of further answer, Bank of America alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. For its affirmative defenses to the Complaint, Bank of America alleges as follows:

## FIRST DEFENSE

### (Failure to State a Claim)

153.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Non-Infringement)

154.    Bank of America does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the Patents-in-Suit.

## THIRD DEFENSE

### (Invalidity)

155.    One or more claims of the Patents-in-Suit are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 1 *et seq.*, including, without limitation, Sections 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE

### (Prosecution History Estoppel / Disclaimer)

156.    Plaintiffs' claims of patent infringement under the doctrine of equivalents, if any, are barred in whole or in part by the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

### (Equitable Doctrines)

157.    Each of Plaintiffs' claims is barred or limited by the equitable doctrines of waiver, unclean hands, implied license, laches, and/or equitable estoppel.

## SIXTH DEFENSE

### (No Irreparable Harm)

158.    Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

## SEVENTH DEFENSE

### (Time Limitation on Damages)

159.    Plaintiffs' claim for damages are barred to the extent that Plaintiffs seek damages beyond the six year time limitation set forth in 35 U.S.C. § 286.

## EIGHTH DEFENSE

### (Failure to Mark)

160.    Plaintiffs' recovery for alleged infringement of the Patents-in-Suit, if any, is limited to alleged infringement committed after Plaintiffs provided actual or constructive notice of infringement under 35 U.S.C. § 287.

## NINTH DEFENSE

### (No Exceptional Case)

161.    The Complaint fails to state a claim for relief against Defendants for exceptional case under 35 U.S.C. § 285.

## TENTH DEFENSE

### (Issue Preclusion/Claim Preclusion)

162.    Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

## ELEVENTH DEFENSE

### (Prior Commercial Use)

163.    Bank of America is entitled to a defense under 35 U.S.C. § 273.

## TWELFTH DEFENSE

### (Standing)

164.    To the extent that Plaintiffs did not have all rights or all substantial rights in the Patents-in-Suit as of the filing date of the Complaint, Plaintiffs lack standing to bring one or more claims in this lawsuit.

## RESERVATION OF ADDITIONAL DEFENSES

165.    Bank of America reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or

in equity that may exist now or that may be available in the future based on discovery and further

factual investigation in this action.

Dated:  November 4, 2021                          Respectfully submitted,

                                                  /s/ Timothy S. Durst
                                                  _____

                                                  Timothy S. Durst
                                                  Texas State Bar No. 00786924
                                                  tdurst@omm.com
                                                  **O'MELVENY & MYERS LLP**
                                                  2501 North Harwood Street
                                                  Suite 1700
                                                  Dallas, TX 75201-1663
                                                  Telephone: 972-360-1900
                                                  Facsimile: 927-360-1901

                                                  Marc J. Pensabene (*Pro Hac Vice*)
                                                  New York State Bar No. 2656361
                                                  mpensabene@omm.com
                                                  **O'MELVENY & MYERS LLP**
                                                  7 Times Square
                                                  New York, NY 10036
                                                  Telephone: 212-326-2000
                                                  Facsimile: 212-326-2061

                                                  Darin Snyder (*Pro Hac Vice*)
                                                  California State Bar No. 136003
                                                  dsnyder@omm.com
                                                  Bill Trac (admitted to E.D. Tex.)
                                                  California State Bar No. 281437
                                                  btrac@omm.com
                                                  Rui Li (*Pro Hac Vice*)
                                                  California State Bar No. 320332
                                                  rli@omm.com
                                                  **O'MELVENY & MYERS LLP**
                                                  Two Embarcadero Center
                                                  28th Floor
                                                  San Francisco, CA 94111
                                                  Telephone: 415-984-8700
                                                  Facsimile: 415-984-8701

                                                  ***Attorneys for Bank of America, N.A.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 4, 2021.

*/s/ Timothy S. Durst*