# EXHIBIT 3 TO
# JOINT RULE 26(f) CONFERENCE REPORT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:21-cv-00670-ALM |
| v. | § § | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | § § | |
| *Defendants.* | § § § | |

**STIPULATED PROTECTIVE ORDER**

Before the Court is the parties' proposed agreed Protective Order. The Court finds that this order should be entered. The Court therefore issues this Protective Order (the "Order") to facilitate discovery, which, unless modified herein, shall remain in effect through the conclusion of this litigation. This Order shall also apply retroactively to all Protected Documents that have heretofore been produced in this action.

In support of this order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party or non-party disclosing or producing the Confidential Information and would place that party or non-party at a competitive disadvantage;

3. Counsel for the party or non-party receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or non-party

-1-

      producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

(1) Documents, discovery responses, or testimony containing Confidential Information disclosed or produced by any party or non-party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party or nonparty as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

(2) Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

(3) At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) business days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the

burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

(4) Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

(5) Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    a. Outside counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

    b. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    c. Outside vendors, such as graphics or design services, retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; non-technical jury or trial consulting services; and persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium—provided that all the foregoing persons and entities agree to maintain the confidentiality of documents;

    d. Independent experts and consultants retained by the party or parties or their counsel solely for the purposes of this litigation, whether or not they testify, who have signed Exhibit A attached to this Order, "Agreement To Be Bound By Protective Order," and who have not been objected to, as provided below;

    e. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

      f.      An author, signatory, or prior recipient of a Protected Document or the original source of a Protected Document. Such person shall be given access only to the specific document or information therein;

      g.      The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

(6)    No disclosure of Protected Documents to an expert or consultant as referenced in Section (5)(d) shall occur until that person has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the producing party. In addition, the following provisions shall apply:

      a.      The party desiring to disclose Protected Documents to the expert or consultant must provide at the same time that Exhibit A is furnished the following information: name; address; curriculum vitae; current employer; title; employment history for the past five (5) years; any past or present affiliation, whether on an employment or consulting basis, with the receiving party; a listing of cases in which the expert or consultant has testified at trial or by deposition within the preceding five years; and a listing of all patent and patent applications in which the expert or consultant is a named inventor or has a pecuniary interest.

      b.      Upon receipt of a signed copy of Exhibit A, the producing party has seven (7) calendar days to object in writing to the proposed disclosure on the basis, e.g., that disclosure of its Protected Documents to the expert will result in specific business or economic harm to that party or that the expert is or has been involved in the competitive decision-making of any party. Unless otherwise agreed by the producing party, no Protected Documents shall be disclosed to said expert until after the expiration of the foregoing notice period and resolution of any objection. If the parties

are unable to formally resolve the dispute within seven (7) calendar days from when the objection was made in writing, the party objecting to the disclosure of Protected Documents to the expert or consultant may file a motion requesting that the expert be denied access to Protected Documents. If a motion is filed, the expert or consultant shall not be given access to Protected Documents unless the parties later agree otherwise.

(7) Outside counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

(8) The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

(9) To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition referring to the Protected Documents or information contained therein. Any deposition transcript, in whole or in part, may be designated CONFIDENTIAL by an appropriate statement at the time that such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be so designated within thirty (30) =days from receipt of the final certified transcript. Upon

such request, the reporter shall mark on the title page the original and all copies of the transcript as designated. Absent appropriate consent, deposition transcripts, in their entirety, shall be treated by default as CONFIDENTIAL until the expiration of the time to make a confidentiality designation

(10) Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such deposition testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

(11) Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

(12) The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

(13) Nothing in this Protective Order shall require disclosure of information that a Party or nonparty contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party or nonparty would otherwise be entitled to assert. Any Party or nonparty that inadvertently produces or makes available for inspection materials that

it believes is protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s). The Producing Party or nonparty shall provide a privilege log for any relevant inadvertently-produced materials as soon as reasonably possible after requesting their return. The recipient(s) shall gather and return all copies of the assertedly-privileged material to the Producing Party or nonparty no later than five (5) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party or nonparty. The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently-produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently- produced material and shall not use such material for any purpose, including any challenge to the claim of privilege or work product. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

(14) After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the

(15) Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

(16) Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party or nonparty, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in

whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL information for archival purposes only. If a party opts to destroy CONFIDENTIAL information, the party must provide a Certificate of Destruction to the producing party.

(17) This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

(18) Patent Prosecution Bar: Absent the written consent of the producing party, any Qualified Person that receives any Protected Document containing CONFIDENTIAL technical material shall not, for a period commencing upon receipt of such information and ending eighteen months following the termination of this litigation (including any appeals), engage in any Prosecution Activity (as defined below) related to the Technology at Issue (as defined below) on behalf of any party:

    a. "Technology at Issue" means methods, apparatuses, or systems for authoring software, testing software, network emulation, or network simulation, each in the field of mobile devices.

      b.    "Prosecution Activity" means any activity related to the preparation or prosecution of patent applications relating to the Technology at Issue or any motion to amend claims in the context of any post grant proceeding, such as *Inter Partes* Review. This provision does not prohibit Qualified Persons in this litigation from participating in or representing parties in reexamination proceedings, Post-Grant Review proceedings, Inter Partes Review proceedings, or Covered Business Method Review proceedings involving any patent, including the patents-in-suit, provided they (1) do not rely upon or use, directly or indirectly, CONFIDENTIAL material in those proceedings and (2) do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings.

Nothing in this Paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

(19) Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

(20) If the production of source code is appropriate in this case, the parties shall negotiate in good faith any revisions or additions to this Order to govern the production and protection of such code.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:21-cv-00670-ALM |
| v. | § § | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | § § | |
| *Defendants.* | § § § | |

## EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in the above-captioned case. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____

Dated: _____       _____

[Signature]

-10-