# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:21-cv-00670-ALM |
| v. | § § | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | § § | |
| *Defendant.* | § § | |

---

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INVALIDITY DEFENSE REGARDING
## THE '192, '678, AND '864 PATENTS[1]

---

[1]      This Motion presents identical substantive arguments to a motion concurrently filed by Wapp in *Wapp Tech Ltd. P'ship, et al. v. Wells Fargo Bank*, No. 4:21-cv-00671. Both Motions also involve materially identical facts. For completeness of the summary-judgment record, Wapp has filed each motion in full in each respective case. For the Court's purposes, the undisputed facts and legal issues presented by both Motions are the same.

# Table of Contents

I.      Introduction and Summary of Requested Relief ................................................................ 1

II.     Statement of Issues for the Court's Determination .......................................................... 2

III.    Statement of Undisputed Material Facts ......................................................................... 2

        A. Bank of America obtained a stay of Wapp's prior lawsuit by agreeing to be bound by
           any Final Judgment as to invalidity in the Micro Focus Suit. ....................................... 3

        B. In the Micro Focus Suit, the Court granted judgment as a matter of law on invalidity,
           and the jury then awarded Wapp over $172 million....................................................... 4

        C. After the Court entered Final Judgment on the jury's verdict, Wapp and Micro Focus
           settled and dismissed the Micro Focus Suit with prejudice............................................ 5

        D. Bank of America seeks to relitigate the validity of the Overlapping Patents, contrary to
           its agreement to be bound by the Micro Focus Suit. ...................................................... 6

IV.     Legal Standards ............................................................................................................. 6

V.      Argument & Authorities.................................................................................................. 7

        A. Bank of America's agreement to be bound by the Micro Focus Suit eliminates its
           invalidity defense under issue preclusion as a matter of law........................................... 7

        1.  Bank of America cannot escape issue preclusion by asserting non-party status to
            the Micro Focus Suit because of its express agreement to be bound by any Final
            Judgment. ........................................................................................................... 8

        2.  The Final Judgment in the Micro Focus Suit triggers issue preclusion as to the
            validity of the Overlapping Patents.......................................................................... 10

            a.  The invalidity defense for the Overlapping Patents is identical to that in the
                Micro Focus Suit. ........................................................................................... 11

            b.  The parties actually litigated, and the Court actually determined, the validity
                of the Overlapping Patents. ............................................................................. 11

            c.  The validity of the Overlapping Patents was essential to the Final Judgment,
                which was on the merits. ................................................................................. 12

            d.  Micro Focus—and Bank of America—had a full and fair opportunity to
                litigate, and no special circumstances warrants an exception to issue
                preclusion. ...................................................................................................... 14

        B. Alternatively, Bank of America cannot challenge the validity of the Overlapping
           Patents under judicial estoppel. ..................................................................................... 17

VI.     Conclusion..................................................................................................................... 18

## Table of Authorities

**Cases**

*Astrazeneca UK Ltd. V. Watson Laboratories, Inc. (NV)*,
905 F. Supp. 2d 596 (D. Del. 2012) (same) ........................................................................ 11

*Avondale Shipyards, Inc. v. Insured Lloyd's*,
786 F.2d 1265 (5th Cir. 1986) ................................................................................... 13, 17

*Banner v. United States*,
238 F.3d 1348 (Fed. Cir. 2001) ................................................................................. 12, 15

*Braintree Labs., Inc. v. Breckenridge Pharm., Inc.*,
688 F. App'x 905 (Fed. Cir. 2017) ................................................................................ 9, 10

*Budinich v. Becton Dickinson and Co.*,
486 U.S. 196 (1988) ................................................................................................... 13

*Chemetron Corp. v. Business Funds, Inc.*,
682 F.2d 1149 (5th Cir. 1982) ....................................................................................... 13

*Comer v. Murphy Oil USA, Inc.*,
718 F.3d 460 (5th Cir. 2013) ......................................................................................... 14

*Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*,
No. A-03-CA-754-SS, 2006 WL 1544621 (W.D. Tex. May 31, 2006) .................................. 11

*Cycles, Ltd. v. Navistar Fin. Corp.*,
37 F.3d 1088 (5th Cir. 1994) ......................................................................................... 12

*Dana v. E.S. Originals, Inc.*,
342 F.3d 1320 (Fed. Cir. 2003) ...................................................................................... 11

*Ergo Science, Inc. v. Martin*,
73 F.3d 595 (5th Cir. 1996) ........................................................................................... 17

*Evonik Degussa GmbH v. Materia Inc.*,
53 F. Supp. 3d 778 (D. Del. 2014) .................................................................................. 11

*Federal Trade Comm'n v. Actavis, Inc.*,
570 U.S. 136 (2013) ................................................................................................... 12

*Filler v. United States*,
148 Fed. Cl. 123 (2020) ............................................................................................... 14

*Hacienda Records, L.P. v. Ramos*,
718 F. App'x 223 (5th Cir. 2018) ............................................................................... 11, 12

*Hall v. GE Plastic Pacific PTE Ltd.*,
327 F.3d 391 (5th Cir. 2003) .................................................................................... 17, 18

*Hartley v. Mentor Corp.*,
  869 F.2d 1469 (Fed. Cir. 1989) .................................................................................. 14

*Harvey v. Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*,
  434 F.3d 320 (5th Cir. 2005) ..................................................................................... 13

*In re Ritz*,
  832 F.3d 560 (5th Cir. 2016) ..................................................................................... 11

*Kearns v. Chrysler Corp.*,
  32 F.3d 1541 (Fed. Cir. 1994) ............................................................................ 2, 9, 13

*Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*,
  170 F.3d 1373 (Fed. Cir. 1999) ................................................................................. 13

*Precision Air Parts, Inc. v. Avco Corp.*,
  736 F.2d 1499 (11th Cir. 1984) ............................................................................ 16, 17

*RecoverEdge L.P. v. Pentecost*,
  44 F.3d 1284 (5th Cir. 1995) ........................................................................... 11, 12, 16

*Shell Petroleum, Inc. v. U.S.*,
  319 F.3d 1334 (Fed. Cir. 2003) ............................................................................. 15, 16

*Smith v. United States*,
  328 F.3d 760 (5th Cir. 2003) ....................................................................................... 7

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) .......................................................................................... passim

*Thanedar v. Time Warner, Inc.*,
  352 F. App'x 891 (5th Cir. 2009) ............................................................................... 16

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
  617 F.3d 1296 (Fed. Cir. 2010) ................................................................................... 7

*Triparti v. Henman*,
  857 F.2d 1366 (9th Cir. 1988) ................................................................................... 14

*VirnetX v. Apple, Inc.*,
  No. 6:12-cv-855, 2014 WL 12597800 (E.D. Tex. Aug. 8, 2014) ................................. 11

*Wapp Tech Ltd. P'ship, et al. v. Bank of America Corp.*,
  No. 4:18-cv-00519-ALM (E.D. Tex.) ............................................................................ 3

*Wapp Tech Ltd. P'ship, et al. v. Wells Fargo Bank*,
  No. 4:21-cv-00671 ........................................................................................................ i

*Wapp v. Seattle Spinco*,
  No. 4:18-cv-00496-ALM ............................................................................................... 3

iv

**Rules**

Fed. R. App. P. 4(a)(1) ......................................................................................... 5

Fed. R. App. P. 4(a)(4) ......................................................................................... 5

Fed. R. App. P. 4(a)(4)(A) ................................................................................... 13

Fed. R. App. P. 4(a)(B)(ii) ................................................................................... 13

Fed. R. Civ. P. 58(a) ....................................................................................... 5, 13

Fed. R. Civ. P. 60(c)(2) ........................................................................................ 13

**Treatises**

Restatement (Second) of Judgments § 13 cmt. f (1982) ........................................ 14

Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4432 Finality—Traditional
Requirement (3d ed.) ...................................................................................... 14

Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4433 Finality—Appeals Forgone,
Pending, or Unavailable (3d ed) ...................................................................... 14

## I.    Introduction and Summary of Requested Relief

Bank of America agreed and represented to this Court that it would treat any Final Judgment in a prior case between Plaintiff Wapp and another company, Micro Focus, as binding on the validity of three patents: the '192, '678, and '864 Patents. Bank of America made this promise to obtain a stay of Wapp's related claims against it. In other words, Bank of America cut the following bargain: it agreed to live with the outcome of the Micro Focus Suit on validity in exchange for a stay. After Micro Focus lost on invalidity and every other issue at trial, the Court entered a Final Judgment for Wapp.

Those same three patents are at issue in this lawsuit (the Overlapping Patents). Bank of America now wants to relitigate their validity, regretting its choice to sit on the sidelines and have Micro Focus litigate validity. But under binding precedent, Bank of America cannot. Because Bank of America agreed a Final Judgment in the Micro Focus Suit was binding, Bank of America faces issue preclusion on each theory of its invalidity defense for the Overlapping Patents just like Micro Focus would. Validity of the Overlapping Patents was actually litigated, determined, and essential to the Final Judgment, which this Court entered after a full and fair opportunity to litigate at trial. The analysis is that simple. It does not matter that Wapp and Micro Focus later settled after the Court entered Final Judgment. The Final Judgment still exists. And it does not matter that Micro Focus lost invalidity as a matter of law, rather than as a jury question. Judgment as a matter of law is still a determination on the merits.

An independent basis for summary judgment is equally simple: under judicial estoppel, Bank of America cannot assert that the Final Judgment from the Micro Focus Suit is not binding when Bank of America previously said the opposite to successfully obtain its desired stay.

Bank of America will say this result is unfair. It is not. What Bank of America means by "unfair" is "unfavorable to Bank of America." But issue preclusion is always unfavorable to the

1

precluded party. It stops a losing party from getting a second bite at the apple. Issue preclusion is not "inappropriate" here; it is textbook. The Supreme Court contemplated this specific use of offensive non-mutual issue preclusion in *Taylor v. Sturgell*, 553 U.S. 880 (2008), and the Federal Circuit has enforced a non-party's agreement to treat a prior invalidity determination as binding in *Kearns v. Chrysler Corp.*, 32 F.3d 1541 (Fed. Cir. 1994). The result in *Kearns* is neither surprising nor unfair. The law enforces agreements; that is the foundation of contract law.

The only unfair result here is the one Bank of America seeks (which contravenes binding precedent): Bank of America gets to renege on its express agreement—and repeated representations to this Court—because Micro Focus lost, and Bank of America's strategic choices turned out poorly.

## II.     Statement of Issues for the Court's Determination

In accordance with the Court's Local Rules, the issues for the Court's determination are as follows:

Issue 1:      Is Bank of America precluded from relitigating the validity of the '192, '678, and '864 Patents under offensive non-mutual collateral estoppel?

Answer:       Yes

Issue 2:      Alternatively, is Bank of America judicially estopped from relitigating the validity of the '192, '678, and '864 Patents based on its prior contrary position?

Answer:       Yes

## III.     Statement of Undisputed Material Facts

This motion involves the following purely procedural facts that are beyond dispute.

A.     **Bank of America obtained a stay of Wapp's prior lawsuit by agreeing to be bound by any Final Judgment as to invalidity in the Micro Focus Suit.**

In July 2018, Wapp sued several defendants, together called Micro Focus, for infringement of U.S. Patent Nos. 8,924,192 (the '192 Patent), 9,971,678 (the '678 Patent), and 9,298,864 (the '864 Patent).  *Wapp v. Seattle Spinco*, No. 4:18-cv-00496-ALM, Dkt. 319, Proposed Joint Pretrial Order, at pp. 3, 7 (the Micro Focus Suit).  In the Micro Focus Suit, Micro Focus asserted an invalidity defense against the '192, '678, and '864 Patents, which are also at issue in Wapp's present lawsuit against Bank of America. *Id.* at pp. 5, 16.

At the same time, Wapp also sued Micro Focus's customer, Bank of America, N.A., for infringement of the Overlapping Patents. *Wapp Tech Ltd. P'ship, et al. v. Bank of America Corp.*, No. 4:18-cv-00519-ALM (E.D. Tex.) (First Bank Suit).

In the First Bank Suit, Bank of America twice sought a stay under the customer-suit doctrine, alleging that it was merely a customer of the manufacturer and true defendant, Micro Focus. *See* Ex.1, First Bank Suit, Dkt. 12; Ex. 2, First Bank Suit, Dkt. 134. In seeking a stay, Bank of America represented the following to the Court multiple times:

> under the Customer Suit Doctrine, BOA hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity.

*See* Ex. 1, p. 10-11, Ex. 2, p. 8; *see also* Ex. 3, Dkt. 15, pp. 4-5.

Bank of America made this agreement with full knowledge of the invalidity defense it was placing in Micro Focus's hands. For example, Bank of America had served invalidity contentions raising multiple theories of invalidity on December 20, 2019. *See* Ex. 4, First Bank Suit, Dkt. 41, Bank of America's Notice of Service in Compliance with Local Patent Rules 3-3 and 3-4 (addressing invalidity contentions). Bank of America had also raised an indefiniteness argument

3

in the *Markman* proceeding in the First Bank Suit, as is required under the Court's Local Rules. *See* Ex. 5, Transcript from *Markman* Hearing in First Bank Suit, p. 120-21, 126; Local Rules 4.1-4.3.

Initially, Wapp opposed a stay, but after Bank of America's repeated representations that it would agree to be bound by any Final Judgment in the Micro Focus Suit, Wapp withdrew its opposition. *See* First Bank Suit, Dkt. 139, Dkt. 153, and Dkt. 155. The Court then granted Bank of America its stay. *Id.*, Dkt. 156.

> **B.     In the Micro Focus Suit, the Court granted judgment as a matter of law on invalidity, and the jury then awarded Wapp over $172 million.**

With the First Bank Suit stayed, the Micro Focus Suit proceeded through discovery and to a jury trial. Micro Focus included multiple theories of its invalidity defense in the parties' proposed joint pretrial order (raising anticipation, obviousness, enablement, and written description) and presented its expert on invalidity at trial. Ex. 9, Micro Focus Suit, Dkt. 319, pp. 5-6; Ex. 10, Excerpts of Trial Transcripts, Dkt. 478, at pp. 1274-75. By agreement of the parties, each side had 10.5 hours to present their evidence, Ex. 11, Dkt. 486, p. 1, and this Court provided regular updates on the remaining time available to each side. Ex. 10, Dkt. 475, p. 888:7-11; Ex. 10, Dkt. 477, pp. 1096:8-9, 1196:19-21. Micro Focus chose to present its invalidity expert for 37 minutes of testimony, near the end of its available time. Ex. 11, Dkt. 486, p. 5. At no time did Micro Focus request additional time from this Court or argue that the time limits to which it had previously agreed were no longer sufficient. *See generally* Dkts. 470-478.

At the close of the evidence, Wapp moved for judgment as a matter of law on Micro Focus's invalidity defense. Wapp argued that Micro Focus failed to meet its evidentiary burden on each asserted ground for invalidity: anticipation, obviousness, enablement, and written description. Ex. 10, Dkt. 478, pp. 1271:15-1274:8. Micro Focus conceded that it had failed to offer sufficient

evidence to warrant a jury question on its invalidity theories based on anticipation, obviousness, and enablement. *Id.*, pp. 1274:18-1275:2.  As for written description, Micro Focus argued it had offered clear and convincing evidence to support this theory, but the Court held that the limited expert testimony was conclusory and legally insufficient. *Id.*, p. 1278:20-1281:5. The Court granted Wapp's motion for judgment as a matter of law on the entirety of Micro Focus's invalidity defense. *Id.*, p. 1282:21-23.

The Court then submitted the issues of infringement, willfulness, and damages to the jury. Dkt. 460. The jury found for Wapp on all issues and awarded $172,554,269.00 in damages. *Id.*, p. 6.

### C.    After the Court entered Final Judgment on the jury's verdict, Wapp and Micro Focus settled and dismissed the Micro Focus Suit with prejudice.

After the jury verdict, the Court denied Wapp's request for enhanced damages and entered a Final Judgment on April 22, 2021. Ex. 12, Dkt. 487. That Final Judgment satisfied Federal Rule of Civil Procedure 58(a) and was appealable. *See* Fed. R. Civ. P. 58(a), 58(e) and Fed. R. App. P. 4(a)(1). The parties then filed post-judgment motions in May 2021: Wapp sought pre- and post-judgment interests as well as its costs; Micro Focus moved for relief under Rules 50(b), 59, and 60, which tolled its deadline to file a notice of appeal. *See* Dkt. 491, Dkt. 494; Fed. R. App. P. 4(a)(4).

On July 15, 2021, Wapp and Micro Focus informed the Court that they had executed a Term Sheet to settle the case and requested a stay to finalize a settlement agreement. Dkt. 526. The parties then filed a joint motion to dismiss the case but did not move to vacate the jury's verdict or the Court's Final Judgment. Dkt. 529. Accordingly, neither the verdict nor the Final Judgment was vacated. *Id.* Instead, the Micro Focus Suit was dismissed with prejudice on November 23, 2021 upon a joint stipulation from the parties. Dkt. 530.

Likewise, Bank of America and Wapp filed a joint stipulation of dismissal with prejudice on September 17, 2021, and this Court dismissed the Bank of America Suit with prejudice. First Bank Suit, Dkt. 169, Dkt. 170.

### D.  Bank of America seeks to relitigate the validity of the Overlapping Patents, contrary to its agreement to be bound by the Micro Focus Suit.

In August 2021, Wapp initiated this new lawsuit against Bank of America for infringement of five patents, three of which are the Overlapping Patents. Dkt. 1. Wapp alleged that Bank of America infringed the asserted patents by developing its own mobile banking applications using Apple's Xcode and Google's Android Studio. Dkt. 1, ¶¶ 72-77. Bank of America's infringing use of Xcode and Android Studio is distinct from its use of the Micro Focus products at issue in the Micro Focus Suit and the First Bank Suit. *Id.*

In its answer and subsequent invalidity contentions, Bank of America asserted invalidity defenses against the patents-in-suit, including the Overlapping Patents. Dkt. 18, ¶ 155; Ex. 6, Bank of America's Invalidity Contentions Pursuant to Patent Local Rules 3-3 and 3-4.  More recently, Wells Fargo has raised another invalidity defense based on indefiniteness in connection with the *Markman* rules. *See* Ex. 7, Defendants' Identification of Preliminary Claim Construction and Extrinsic Evidence; Ex. 8, Wapp's P.R. 4-2 Preliminary Claim Constructions and Extrinsic Evidence. Bank of America did so despite having represented to this Court in the First Bank Suit that it agreed to be bound by "*any final judgment* in the [Micro Focus Suit] as to both infringement *and invalidity*." First Bank Suit, Dkt. 12, p. 10-11, Dkt. 134, p. 8.

### IV.    Legal Standards

Wapp moves for partial summary judgment under Federal Rule of Civil Procedure 56(a). Bank of America cannot dispute the foregoing procedural facts, only the legal implications of them—a purely legal question ripe for this Court's resolution on summary judgment.

Although Bank of America has the burden on its invalidity defense, Wapp has the burden on its respective affirmative defense of issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (holding that party asserting preclusion bears burden of establishing each element).[2] Likewise, Wapp has the burden on judicial estoppel. *See Smith v. United States*, 328 F.3d 760, 765 (5th Cir. 2003) (party asserting estoppel has burden).

## V.       Argument & Authorities

Summary judgment is appropriate for two independent reasons. First, Bank of America faces offensive non-mutual issue preclusion because: (i) Bank of America agreed to be bound by the Micro Focus Suit as to validity; and (ii) the Final Judgment in the Micro Focus Suit has issue-preclusive effect on the validity of the Overlapping Patents. The invalidity of the Overlapping Patents was actually litigated, determined, and essential to the judgment in Wapp's favor, after Micro Focus had a full and fair opportunity to litigate.

Second, under the doctrine of judicial estoppel, Bank of America cannot assert that the Final Judgment in the Micro Focus Suit is not binding as to validity when Bank of America obtained its desired stay of the First Bank Suit by taking the opposite position before this Court.

### A.  Bank of America's agreement to be bound by the Micro Focus Suit eliminates its invalidity defense under issue preclusion as a matter of law.

This case involves offensive non-mutual issue preclusion: Wapp, a party to the prior Micro Focus Suit, seeks to use issue preclusion offensively against Bank of America, who was not a party to that prior lawsuit. Offensive non-mutual issue preclusion involves two questions:

(1)      Does the situation fall into one of the six categories the Supreme Court has recognized as permitting a non-party to be bound by a prior adjudication?

---

[2]      Federal common law determines the preclusive effect of a federal-court judgment, and the Federal Circuit analyzes issue preclusion under the law of the regional circuit. *See Taylor*, 553 U.S. at 891 (outlining federal common law of nonmutual offensive issue preclusion); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010) (applying law of regional circuit).

(2)      Does the prior adjudication meet the elements of issue preclusion?

The answer to both questions is yes. The first category of situations warranting offensive non-mutual issue preclusion is when the non-party agrees to be bound by a judgment in a separate lawsuit. That happened here. As for the second question, the invalidity determination in the Micro Focus Suit triggers issue preclusion. Micro Focus actually litigated the invalidity defenses through trial. The Court determined the validity of the Overlapping Patents on Wapp's motion for judgment as a matter of law. The Court's determination of the validity of the Overlapping Patents was necessary to the Final Judgment for Wapp on infringement. That Final Judgment was final and on the merits; indeed, it was appealable. Although Wapp and Micro Focus later settled, neither the Final Judgment nor the jury verdict was vacated.

> ### 1.      Bank of America cannot escape issue preclusion by asserting non-party status to the Micro Focus Suit because of its express agreement to be bound by any Final Judgment.

As a threshold matter, Bank of America faces issue preclusion under binding Supreme Court precedent, even though it was not a party in the Micro Focus Suit.

In *Taylor*, the Supreme Court held that a non-party to prior litigation faces issue preclusion in six situations, the first of which is when the non-party "agrees to be bound by the determination of issues in an action between others." 553 U.S. at 893 (citing 1 Restatement (Second) of Judgments, § 40). When a non-party makes such an agreement, it is bound pursuant to the terms of that agreement. *Id.* This situation contemplated by *Taylor* occurred here.

Bank of America agreed to be bound by the judgment in the Micro Focus Suit as to infringement *and invalidity*—multiple times. Ex. 1, p. 10-11; Ex. 2, p. 8; Ex. 3, pp. 4-5. Because of that express agreement, the Final Judgment in the Micro Focus Suit has the same preclusive effect on Bank of America that it does on Micro Focus. *See Kearns v. Chrysler Corp.*, 32 F.3d

8

1541 (Fed. Cir. 1994); *Braintree Labs., Inc. v. Breckenridge Pharm., Inc.*, 688 F. App'x 905, 908 (Fed. Cir. 2017).

In *Kearns*, the Federal Circuit held that Chrysler, a non-party to prior litigation between Kearns (the patentee) and Ford (another accused infringer), could not challenge[3] patent validity because Chrysler had previously stipulated any judgment in the Ford Suit concerning validity (other than a consent judgment) would bind Chrysler. *Id.* at 1543. After a jury trial in the Ford Suit, the district court entered a partial judgment on validity that eventually became final. *Id.* After a subsequent trial on damages, Kearns and Ford later settled the total amount of liability. *Id.* Chrysler argued the Ford Suit could not bind Chrysler because it involved a "consent judgment" entered after a settlement. *Id.* at 1545. The Federal Circuit disagreed. *Id.* The Kearns-Ford settlement agreement resolved Kearns' compensation but not validity, which was contested and determined during the jury trial. *Id.* at 1546.

The Federal Circuit further rejected Chrysler's policy arguments about the value of challenging patent validity, instead finding that compelling public policy favored holding Chrysler to its agreement:

> Chrysler was certainly entitled to raise the defenses of invalidity and/or unenforceability when it was accused of infringement, but it chose instead to rely on the judgment rendered in *Ford* for those issues. Public policy will not rescue Chrysler from a decision which it later finds to be imprudently made. On the contrary, public policy favors preventing Chrysler from reneging on an agreement into which it freely entered and upon which Kearns and the district court relied.

*Id.* at 1546.

---

[3]     The procedural posture giving rise to this issue in *Kearns* was the district court's exclusion of evidence concerning invalidity at trial, rather than a motion for summary judgment on issue preclusion. *Kearns*, 32 F.3d at 1545. As a result, the *Kearns* decision does not explicitly perform an issue preclusion analysis, but still concludes Chrysler was precluded from offering evidence challenging validity. *See id.* at 1546 (citing the Restatement (Second) of Judgments concerning a party's agreement to be bound by a judgment and holding that "Chrysler is bound by [the Ford] judgment").

*Kearns* is not an anomaly. The Federal Circuit recently reached a similar conclusion in *Braintree Laboratories.* 688 F. App'x at 907. The Federal Circuit reversed a summary judgment ruling that disregarded a claim construction ruling from a separate case, even though the alleged infringer had agreed to be bound by that ruling. *Id.* at 907–08. Like in *Kearns*, the defendant's express agreement to be bound by a final decision in another case as to "any issues" related to invalidity and infringement eliminated any due process concerns and foreclosed the defendant from relitigating the claim construction. *Id.* at 908.

Under *Kearns* and *Braintree Laboratories*, the Final Judgment in the Micro Focus Suit equally binds Micro Focus and Bank of America. Put another way, if the Final Judgment in the Micro Focus Suit precludes Micro Focus from relitigating validity of the Overlapping Patents, then it precludes Bank of America too. And under black-letter issue-preclusion law, discussed next, the Final Judgment does exactly that.

> **2.      The Final Judgment in the Micro Focus Suit triggers issue preclusion as to the validity of the Overlapping Patents.**

Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892. The elements of issue preclusion are (1) the issue at stake must be identical between the two actions, (2) the issue must have been actually litigated in the first action, (3) the determination of the issue in the first action must have been a necessary part of a final judgment in the first action, and (4) no special circumstances make preclusion inappropriate or unfair. *Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018); *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 n.12 (5th Cir. 1995), *overruled on other grounds as recognized by In re Ritz*, 832 F.3d 560 (5th Cir. 2016).

### a. The invalidity defense for the Overlapping Patents is identical to that in the Micro Focus Suit.

First, the "issue" for issue preclusion purposes is identical between the Micro Focus Suit and this suit: the validity of the Overlapping Patents. *See Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1324 (Fed. Cir. 2003) (characterizing "infringement" and "validity" as issues for issue preclusion); *Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621 at *5 (W.D. Tex. May 31, 2006) ("[T]he overwhelming weight of authority suggests that the 'issue'. . . in the patent context is the ultimate determination on patent validity itself, not the sub-issues or individual pieces of evidence and arguments that may have been necessary to support the validity determination."); *VirnetX v. Apple, Inc.*, No. 6:12-cv-855, 2014 WL 12597800, at *3 (E.D. Tex. Aug. 8, 2014) (precluding relitigation of issue of invalidity regardless of particular invalidity theories asserted); *Evonik Degussa GmbH v. Materia Inc.*, 53 F. Supp. 3d 778, 793–94 (D. Del. 2014) (validity is a single issue for issue preclusion); *Astrazeneca UK Ltd. V. Watson Laboratories, Inc. (NV)*, 905 F. Supp. 2d 596, 602–03 (D. Del. 2012) (same).

### b. The parties actually litigated, and the Court actually determined, the validity of the Overlapping Patents.

For the second element of issue preclusion, the parties in the Micro Focus Suit litigated validity through the close of the evidence at trial until the Court ruled on that defense as a matter of law. Micro Focus offered expert testimony regarding its invalidity defense; Wapp moved for judgment as a matter of law on validity; and Micro Focus conceded it had failed to meet its evidentiary burden on all but one theory of invalidity, written description. The Court then decided validity as a matter of law, concluding that Micro Focus offered conclusory evidence of written-description invalidity that was legally insufficient to warrant a jury question. *See Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (concluding issue was actually litigated because "it was properly raised by the pleadings, was submitted for determination, and was determined.")*.

11

c.      **The validity of the Overlapping Patents was essential to the Final Judgment, which was on the merits.**

For the third element of issue preclusion, the Court's rejection of Micro Focus's invalidity defense was necessary to support the Final Judgment. Indeed, a claim for patent infringement cannot succeed if the patent is invalid. *Federal Trade Comm'n v. Actavis, Inc.*, 570 U.S. 136, 147 (2013) (explaining that only a valid patent confers an exclusive-use right, and an invalid patent carries no such right). Thus, the Final Judgment awarding Wapp over $172 million necessarily required the Court's rejection of Micro Focus's invalidity defense.

Moreover, the Final Judgment—rendered after a trial on the merits and a jury verdict— was indeed "final" and on the merits for issue preclusion purposes. *See RecoverEdge L.P.*, 44 F.3d at 1295 (holding jury's verdict final for issue preclusion). In *RecoverEdge*, the Fifth Circuit held that a jury verdict was sufficiently final for issue preclusion, even without a final judgment. *Id.* In other cases, the Fifth Circuit has held that finality for issue preclusion exists if an order or judgment is appealable.[4] *See Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986) (holding that a partial summary judgment lacked finality for issue preclusion because it was unappealable); *Harvey v. Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*, 434 F.3d 320, 326–27 (5th Cir. 2005) ("At least, in this circuit, the availability of appellate review is a significant factor in determining whether an otherwise nonfinal order should be given preclusive effect.") (cleaned up).

---

[4]      The Fifth Circuit has recognized tension in its precedent on finality for issue preclusion, but because this case meets the stricter appealability test in *Avondale Shipyards*, it necessarily meets the more relaxed "fully litigated" test. *See Hacienda Records*, 718 F. App'x at 229–31 (discussion of precedent); *see also Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1090–91 (5th Cir. 1994) (decision is final if it is "fully litigated, even if not yet appealable"); *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1191 (5th Cir. 1982) (finding vacated judgment and withdrawn findings of fact and conclusions of law were sufficiently final for issue preclusion), *cert. granted, judgment vacated*, 460 U.S. 1007 (1983), *reinstated in part*, 718 F.3d 725, 728 (5th Cir. 1983), *vacated for reh'g en banc*, 78 F.2d at 730.

The Final Judgment was appealable upon entry and therefore final for issue preclusion purposes. The Final Judgment was set out in a separate document and satisfied Federal Rule of Civil Procedure 58(a). Micro Focus had the right to appeal it upon entry under Federal Rule of Appellate Procedure 4(a)(1) and (7). The availability of post-judgment motions, their impact on the *deadline* for filing a notice of appeal, or the fact that such motions were filed in the Micro Focus Suit does not impact the finality of the Final Judgment for issue preclusion purposes.[5] *See* Fed. R. Civ. P. 60(c)(2); *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199–200 (1988) (holding that a judgment is final even if attorneys' fees are unresolved); *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) ("[T]he authorities and the modicum of case law that have [addressed the issue of finality in the face of a motion for new trial or judgment as a matter of law] . . . are nearly uniform in concluding that the fact that post-trial motions are pending does not affect the finality of a judgment and thus does not prevent its preclusive effect."); *Kearns*, 32 F.3d at 1545 (holding that a party's forfeiture of appellate rights does not turn a final judgment on litigated issues into a consent judgment); *Triparti v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988); Restatement (Second) of Judgments § 13 cmt. f (1982); Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4432 Finality—Traditional Requirement (3d ed.) (noting that pending post-judgment motions do not affect finality for issue preclusion). Indeed, even a pending appeal does not limit finality for issue preclusion. *See Comer*

---

[5]      The filing of post-judgment motions only tolls the deadline for an appeal from the underlying judgment. Fed. R. App. P. 4(a)(4)(A). The order denying a motion identified in Federal Rule of Appellate Procedure 4(a)(4)(A) does not *create* the final judgment that a party appeals. Instead, the party must timely file its notice of appeal of the underlying final judgment itself based on the time limits in Federal Rule of Appellate Procedure 4(a)(4)(A), and if a party also wishes to appeal the denial of the motion identified in Federal Rule of Appellate Procedure 4(a)(4)(A), then it must separately and timely appeal from the order denying that motion. Fed. R. App. P. 4(a)(B)(ii).

13

*v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) (explaining that trial court judgment is entitled to preclusion until reversed, modified, or vacated).

Wapp's and Micro Focus's settlement and dismissal with prejudice *after* entry of the Final Judgment, which eliminated its potential appeal, makes no difference to the finality analysis. *See Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir. 1989) (applying Ninth Circuit law and holding that "voluntary relinquishment of one's right to appeal, when one stands as overall loser," does not eliminate preclusion); *see also Filler v. United States*, 148 Fed. Cl. 123, 139 (2020) ("A party need not exercise their right to an appeal; collateral estoppel simply 'requires that a party have had an opportunity to appeal a judgment as a procedural matter.'"), *aff'd*, No. 2021-1552, 2022 WL 193199 (Fed. Cir. Jan. 21, 2022); Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4433 Finality—Appeals Forgone, Pending, or Unavailable (3d ed) ("The simplest situation is governed by the rule that preclusion cannot be defeated by electing to forego an available opportunity to appeal.").

Moreover, neither the jury's verdict nor the Final Judgment was vacated; they remain today.

> **d.    Micro Focus—*and Bank of America*—had a full and fair opportunity to litigate, and no special circumstances warrants an exception to issue preclusion.**

In a typical situation of offensive non-mutual issue preclusion, the precluded party generally has not had "a full and fair opportunity to litigate," but will still face preclusion when it has agreed to be bound. *Taylor*, 553 U.S. at 892–93. But here, issue preclusion is even stronger because Bank of America *did have* a full and fair opportunity to litigate the invalidity of the Overlapping Patents in the First Bank Suit. Indeed, Bank of America served invalidity contentions in that prior suit and had the opportunity to litigate those invalidity grounds for itself. *See* First Bank Suit, Dkt. 50. Instead of taking that opportunity, Bank of America decided to seek a stay of

14

the First Bank Suit, have Micro Focus litigate the invalidity defense, and bind itself to a Final Judgment in the Micro Focus Suit. In doing so, Bank of America declined the opportunity to litigate the invalidity of the Overlapping Patents for itself. Bank of America is not entitled to *another* opportunity to litigate after its strategic decision to rely on the outcome of the Micro Focus Suit turned out to be improvident.

Moreover, Bank of America cannot challenge Micro Focus's full and fair opportunity to litigate. In analyzing the quality of the prior opportunity to litigate, the Federal Circuit has previously considered whether (1) "significant procedural limitations" existed in the first action as compared to the second, (2) there was an incentive to fully litigate the issue in the first action, and (3) the relationship of the parties limited effective litigation. *Banner*, 238 F.3d at 1354; *see also Shell Petroleum, Inc. v. U.S.*, 319 F.3d 1334, 1339–40 (Fed. Cir. 2003). Each of these considerations supports that the Micro Focus Suit involved a full and fair opportunity to litigate.

First, there were no significant procedural limitations in the Micro Focus Suit. Bank of America may complain about the Court's timing order, but reasonable time constraints at trial— to which Micro Focus agreed—are not a "significant procedural limitation." *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 895–96 (5th Cir. 2009) (per curiam) (rejecting challenge that trial timing order violated due process because trial courts have broad discretion to manage trial). Both Wapp and Micro Focus had the same amount of time; the Court regularly updated the parties on their remaining time throughout trial; and Micro Focus never asked for additional time or articulated any prejudice it faced based on the previously agreed time limits. Dkt. 475, p. 888:7-11; Dkt. 477, pp. 1096:8-9, 1196:19-21. Micro Focus was not deprived of a full and fair opportunity to litigate; Micro Focus had that opportunity and failed to execute. *See Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1504 (11th Cir. 1984) (applying issue preclusion when

party "had ample time and opportunity to present any material relevant to the summary judgment motion but failed to do so").

Second, Micro Focus had every incentive to litigate the invalidity of the Overlapping Patents because Wapp sought hundreds of millions in damages based on those patents. Dkt. 28, Amended Complaint, ¶ 55; *See Shell Petroleum*, 219 F.3d at 1340 ("[Shell] had a monetary incentive to fully litigate the issue").

Third, the relationship between Wapp and Micro Focus did not limit their respective abilities to fully litigate against one another. In contrast, the Micro Focus Suit involved a hard-fought trial between a patentholder and an accused infringer, which only settled after Wapp obtained a $172 million verdict.

Finally, there are no "special circumstances" that make issue preclusion "inappropriate or unfair." *RecoverEdge*, 44 F.3d at 1290 n.12.  Bank of America may argue that issue preclusion is unfair here because (1) it was not a party to the Micro Focus Suit and (2) Micro Focus managed its time at trial poorly. Neither fact makes issue preclusion "inappropriate or unfair." On the first point, as explained above, the Supreme Court contemplated this exact use of issue preclusion in *Taylor*. On the second point, Bank of America voluntarily placed its fate in Micro Focus's hands (and avoided the cost of litigating the First Bank Suit). Poor strategic decisions cannot warrant an exception for issue preclusion. If a strategic misstep warrants an exception, the exception will swallow the rule. Any losing party could relitigate issues simply by claiming that they did not have enough time at trial or enough time to gather necessary evidence for a summary-judgment

response.[6] Issue preclusion guarantees one full and fair opportunity to litigate—not repeated attempts until one succeeds.

**B.      Alternatively, Bank of America cannot challenge the validity of the Overlapping Patents under judicial estoppel.**

Wapp is also entitled to summary judgment on Bank of America's invalidity defenses for the Overlapping Patents based on judicial estoppel.

Judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (internal citation omitted). The doctrine prevents litigants from "playing fast and loose with the courts," *id.* (internal quotations omitted), and "prohibits parties from deliberately changing positions based upon the exigencies of the moment." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996).

Judicial estoppel requires two elements: (1) a party has taken a position clearly inconsistent with a previous one, and (2) the party convinced the court to accept its previous position (referred to as judicial acceptance). *Hall*, 327 F.3d at 396. Statements made by attorneys in pleadings, motions, and in open court may subject a party to estoppel. *Id.*

Here, Bank of America repeatedly asserted in the First Bank Suit that it would be bound by any Final Judgment in the Micro Focus Suit as to infringement and invalidity. *See* Bank of America Suit, Dkt. 12, p. 10-11, Dkt. 134, p. 8; *See also* Dkt. 15, pp. 4-5. Bank of America's

---

[6]      Creating a preclusion exception based on Micro Focus's failure to offer sufficient evidence at trial would contravene Fifth Circuit precedent on the preclusive effect of full summary judgment orders. *See Avondale Shipyards*, 786 F.2d at 1269 (explaining that full summary judgment orders are entitled to issue preclusion); *Precision Air Parts, Inc.*, 736 F.2d at 1504 (applying issue preclusion when party had time and opportunity to defeat summary judgment but failed to offer sufficient evidence). The Court's judgment as a matter of law involved a legal analysis identical to that used at summary judgment, with the difference being that Micro Focus had a more fulsome opportunity to present evidence at trial than it would have at the summary-judgment stage. There is no logical reason to give preclusive effect to an issue resolved at summary judgment, but not an issue resolved as a matter of law after a full opportunity to be heard at trial.

attempt to relitigate validity in this lawsuit is clearly inconsistent with its prior position; it is the opposite.

As for the judicial-acceptance element, Bank of America convinced this Court to accept its prior representations that it would treat any Final Judgment in the Micro Focus Suit as binding because Bank of America used that representation to obtain its stay. *See Hall*, 327 F.3d at 399 (explaining that judicial acceptance may involve procedural, preliminary decisions or decisions on the merits). Bank of America took that position "with the explicit intent to induce the district court's reliance." *Id.* Bank of America's agreement prompted Wapp to withdraw its opposition, and the district court then granted Bank of America's request for a stay.

Because both elements of judicial estoppel are met, the Court should also enter summary judgment on this alternative ground.

## VI.    Conclusion

When faced with the costs and burden of litigating the First Bank Suit, Bank of America chose to have Micro Focus advance its interests. That decision turned out poorly, and Bank of America now seeks a re-do. But there is no legal doctrine that gives Bank of America a re-do. Instead, all the analytical paths—whether under *Kearns*, *Braintree*, issue preclusion, or judicial estoppel—lead to one conclusion: Bank of America cannot relitigate the invalidity of the Overlapping Patents as a matter of law. This Court should therefore enter partial summary judgment on Bank of America's invalidity defenses for the Overlapping Patents.

Dated:  April 5, 2022

Respectfully submitted,

*/s/ Scott W. Clark*

Scott W. Clark
Texas Bar No. 24007003
sclark@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
Justin Chen
Texas Bar No. 24074024
jchen@azalaw.com
Masood Anjom
Texas Bar No. 24055107
manjom@azalaw.com
Weining Bai
Texas Bar No. 24101477
wbai@azalaw.com
**AHMAD, ZAVITSANOS & MENSING P.C.**
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
R. Allan Bullwinkel
State Bar No. 24064327
abullwinkel@hpcllp.com
Christopher L. Limbacher
State Bar No. 24102097
climbacher@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
1111 Bagby St., Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

J. Michael Young
SBN 00786465
myoung@somlaw.net
Roger D. Sanders
SBN 17604700
rsanders@somlaw.net

19

SANDERS, MOTLEY, YOUNG & GALLARDO,
PLLC
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)

**ATTORNEYS FOR PLAINTIFFS WAPP
TECH LIMITED PARTNERSHIP AND
WAPP TECH CORP.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(a) on April 5, 2022.  As such, this document was served on all counsel of record pursuant to Local Rules CV-5(a)(3)(A) and the Federal Rules of Civil Procedure.

*/s/ Scott W. Clark*
Scott W. Clark