# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | |
| Plaintiffs, | **Civil Action No. 4:18-cv-00469-ALM** |
| v. | |
| SEATTLE SPINCO, INC., ET AL., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## [PROPOSED] JOINT PRETRIAL ORDER

This cause came before the Court at a pre-trial conference held on February 16, 2021,

pursuant to Federal Rule of Civil Procedure 16.

## I.    COUNSEL FOR THE PARTIES

Plaintiffs Wapp Tech Limited Partnership et. al. ("Wapp"):

Clyde M. Siebman
TX Bar No. 18341600
**Siebman, Forrest, Burg & Smith LLP**
Federal Courthouse Square
300 North Travis St.
Sherman, TX 75090
908/870-0070 Fax: 903/870-0066

Deron R. Dacus
TX Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE LOOP 323, Suite 430
Tyler, TX 75701
902/705-1117 Fax: 903/581-2543

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@feinday.com
M. Elizabeth Day

CA Bar No. 177125 (Admitted E.D. Texas)
eday@feinday.com
David Alberti
CA Bar No. 220625 (*pro hac vice*)
dalberti@feinday.com
Sal Lim
CA Bar No. 211836 (*pro hac vice*)
slim@feinday.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@feinday.com
Marc C. Belloli
CA Bar No. 244290 (*pro hac vice*)
mbelloli@feinday.com
Sven Raz
CA Bar No. 222262 (*pro hac vice*)
sraz@feinday.com
Andrew Hamill (Admitted E.D. Texas)
CA Bar No. 251156
ahamill@feinday.com
**FEINBERG DAY KRAMER ALBERTI**
**LIM TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94101
Telephone: (650) 514-2747
Facsimile: (650) 618-4368

Defendants Seattle Spinco, Inc., et. al. (all defendants collectively, "Micro Focus"):

L. Rex Sears (Admitted *Pro Hac Vice*)
Utah State Bar No. 8548
Jared J. Braithwaite (Admitted *Pro Hac Vice*)
Utah State Bar No. 12455
Alexis K. Juergens (Admitted *Pro Hac Vice*)
Utah State Bar No. 16861
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361

Barry Kenneth Shelton
bshelton@sheltoncoburn.com
Bradley Dalton Coburn
coburn@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620 South, Suite 205

2

Austin, TX 78734-4775
512-263-2165

Melissa Richards Smith
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450

Andrew Thompson (Tom) Gorham
tom@gillamsmithlaw.com
Gillam & Smith LLP
102 N College, Suite 800
Tyler, TX 75702

## II.      STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331

and 1338(a) because this action arises under the patent laws of the United States.  The parties do

not contest jurisdiction or venue with respect to Wapp's infringement claims and Micro Focus's

defenses thereto.

## III.     NATURE OF ACTION

This is an action for patent infringement in which Wapp accuses Micro Focus of

infringing Claims 1-3 of U.S. Patent No. 8,924,192 ("'192 patent"); Claims 26, 45, 47-49 of U.S.

Patent No. 9,971,678 ("'678 patent"); and Claims 1-3 and 8 of U.S. Patent No. 9,298,864 ("'864

patent") (collectively the "Asserted Claims" of the "Asserted Patents").  Wapp seeks monetary

damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, enhanced

damages and an award of its fees under 35 U.S.C. §§ 284 and 285.

Micro Focus denies that it has infringed or infringes any of the Asserted Claims of the

Asserted Patents, or that any of its infringement is willful.  Micro Focus further contends that the

Asserted Claims are invalid.  Micro Focus denies that Wapp is entitled to any relief whatsoever.

## IV.    CONTENTIONS OF THE PARTIES

### A.    Wapp's Contentions

By providing these contentions, Wapp does not concede that all these issues are appropriate for trial; nor do the contentions below include every detail underlying each contention.

Wapp does not waive any of its pending motions, including any motions in limine, motions for summary judgment, Daubert motions, and motions to strike, and any other already pending and future motions it may file.

Wapp is the owner of the '192 Patent titled "Systems Including Network Simulation For Mobile Application Development And Online Marketplaces For Mobile Application Distribution, Revenue Sharing, Content Distribution Or Combinations Thereof."  Micro Focus has been and is now infringing the '192 Patent under 35 U.S.C. § 271 by selling software systems covered by one or more claims of the '192 Patent within the United States.  Wapp accuses Micro Focus's products of infringing claims 1-3 of the '192 Patent.

Wapp is the owner of the '678 Patent titled "Systems Including Device And Network Simulation for Mobile Application Development."  Micro Focus has been and is now infringing the '678 Patent under 35 U.S.C. § 271 by selling software systems covered by one or more claims of the '678 Patent within the United States.  Wapp accuses Micro Focus's products of infringing claims 26, 45, 47-49 of the '678 Patent.

Wapp is the owner of the '864 Patent titled "System Including Network Simulation For Mobile Application Development."  Micro Focus has been and is now infringing the '864 Patent under 35 U.S.C. § 271 by selling systems covered by one or more claims of the '864 Patent within the United States.  Wapp accuses Micro Focus's products of infringing Claims 1-3 and 8 of the '864 Patent.

Wapp seeks the following relief:

a. A judgment that Micro Focus has infringed the '192 Patent;

b. A judgment that Micro Focus has infringed the '678 Patent;

c. A judgment that Micro Focus has infringed the '864 Patent;

d. A judgment and order requiring Micro Focus to pay Wapp damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

e. A judgment and order requiring Micro Focus to pay Wapp the costs of this action;

f. A judgment and order awarding enhanced damages to Wapp under 35 U.S.C. § 284;

g. A judgment and order declaring this case to be exceptional based on Micro Focus's infringement and/or litigation conduct; and

h. A judgment and order awarding attorneys' fees to Wapp under 35 U.S.C. § 285;

Wapp contends that the Asserted Patents are valid and that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Micro Focus.

### B.    Micro Focus's Contentions

Micro Focus does not infringe any asserted claim of the '192 Patent, '678 Patent, or '864 Patent. Wapp is not entitled to any of the relief it seeks. By providing these contentions, Micro Focus does not concede that all of these issues are appropriate for trial, and the contentions below do not include every detail underlying each contention. Micro Focus does not waive any of its pending motions, including any motions *in limine*, motions for summary judgment, *Daubert* motions, motion for leave to supplement invalidity contentions, or any other future motions it may file:

a.    Micro Focus does not infringe any Asserted Claims of the Asserted Patents;

b.    Each Asserted Claim of the Asserted Patents is invalid because it is either anticipated by the prior art and/or is obvious in view of the prior art;

5

      c.      Each Asserted Claim of the Asserted Patents is invalid because it is not supported by the written description requirement and/or the enablement requirement;

      d.      Micro Focus is not liable to Wapp under any cause of action or legal theory asserted by Wapp as a result of any or all of Micro Focus's non-infringement, the invalidity of the Asserted Claims of the Asserted Patents, and/or Micro Focus's affirmative defenses;

      e.      Wapp is not entitled to any recovery whatsoever from Micro Focus;

      f.      Wapp is not entitled to any damages, including, but not limited to, a reasonable royalty;

      g.      Wapp is not entitled to any costs, interests, or further relief;

      h.      Wapp is not entitled to a finding of willful infringement;

      i.      Wapp is not entitled to any equitable relief;

      j.      This case is exceptional based on the baseless nature of Wapp's infringement allegations and/or Wapp's litigation conduct;

      k.      Micro Focus is entitled to an order requiring Wapp to pay its costs and attorneys' fees in defending this action.

## V.    STIPULATIONS AND UNCONTESTED FACTS

### A.    Uncontested Facts

#### 1.    The Parties

      a.      Plaintiff Wapp Tech Limited Partnership is a Delaware limited partnership organized and existing under the laws of the State of Delaware.

      b.      Plaintiff Wapp Tech Corp. ("WTC") is a body corporate organized and existing under the laws of the Province of Alberta, Canada.

      c.      Wapp filed a complaint in this case against Micro Focus International plc on July 2, 2018, which was dismissed for lack of personal jurisdiction.

d.     Defendant Seattle SpinCo, Inc. ("Seattle SpinCo") is a Delaware corporation with its principal place of business at 4555 Great America Parkway, Suite 400, Santa Clara, California 95054.  Seattle SpinCo is a direct wholly-owned subsidiary of Micro Focus (US) Group Inc.

e.     Defendant Micro Focus LLC (f/k/a EntIT Software LLC) is a Delaware corporation with its principal place of business at 4555 Great America Parkway, Suite 400, Santa Clara, California 95054. Micro Focus LLC is a direct wholly-owned subsidiary of Seattle SpinCo.

f.     Defendant Micro Focus Interactive Israel Ltd. (f/k/a EntCo Interactive (Israel) Ltd) is incorporated in Israel and has offices at Rehov Avraham Atalef 5, 5621600 Yahud Monoson, Israel.

g.     Defendant Micro Focus Government Solutions LLC (f/k/a Entco Government Software LLC) is a Delaware corporation with its principal place of business at 8609 Westwood Center Drive, Suite 700, Vienna, VA  22182.  Micro Focus Government Solutions LLC is a wholly-owned subsidiary of Micro Focus LLC.

h.     Defendant Micro Focus (US) Inc. is a Delaware corporation with its principal place of business at One Irvington Center, 700 King Farm Boulevard, Suite 400, Rockville, Maryland 20850.

## 2.     The Asserted Patents

a.     The Asserted Patents are U.S. Patent Nos. 8,924,192 ("the '192 patent"), 9,971,678 ("the '678 patent"), and 9,298,864 ("the'864 patent").

b.     U.S. Patent No. 8,924,192 was filed on November 9, 2012 and issued on December 30, 2014.  It names Donavan Poulin as inventor.

c.     U.S. Patent No. 9,971,678 was filed on December 23, 2014 and issued on May 15, 2018.  It names Donavan Poulin as inventor.

     d.     U.S. Patent No. 9,298,864 was filed on November 19, 2013 and issued on March 29, 2016. It names Donavan Poulin as inventor.

### 3. The Accused Products

The Accused Products in this case are:

     a.     LoadRunner Professional (formerly LoadRunner) versions 12.0 through 2020 SP2- SP3 with Network Virtualization alone and/or in combination with UFT Mobile/Mobile Center through version 3.4 (the "LoadRunner Professional Accused Systems");

     b.     LoadRunner Enterprise (formerly Performance Center) versions 12.0 through 2020 SP2-SP3 with Network Virtualization alone and/or in combination with UFT Mobile/Mobile Center through version 3.4 (the "LoadRunner Enterprise Accused Systems"); and

     c.     LoadRunner Cloud (formerly StormRunner Load) versions 1.2 through 2020.10 with Network Virtualization alone and/or in combination with UFT Mobile/Mobile Center through version 3.4 (the "LoadRunner Cloud Accused Systems").

### 4. Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.

Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions.

### 5. Exhibits

The maximum universe of exhibits to be used in any party's case-in-chief and all objections to the admission of such exhibits shall be identified in each party's exhibit list to be submitted to the Court, neither of which shall be supplemented without approval of all parties or

leave of the Court, on good cause shown.[1]  Exhibits not listed will not be admitted unless good cause is shown.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number.  Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

Legible copies of United States patents and the file prosecution histories of United States patents may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be used equally by either party for any proper purpose in accordance with the Federal Rules of Evidence.  However, the listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to

---

[1] Micro Focus is preparing revenue reports that present in more granular form the revenue data that it previously produced, which reports Micro Focus expects to seek to add to the exhibit list, either by stipulation of the parties or by seeking leave from the Court.  Wapp opposes any attempt by Micro Focus to rely on untimely disclosed witnesses or untimely produced documents.

enter the document into evidence.  This agreement does not waive any party's objection to the admissibility of that exhibit.

No party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

Subject to all foundational requirements and other objections that might be made to the admissibility of the original, a legible copy of any exhibit may be offered into evidence in lieu of the original.  The parties may use electronic versions of exhibits that are spreadsheets or slide presentations.  A party may replace poor print or digital quality copies of exhibits with improved or higher resolution print or digital quality copies.

The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

Legible photocopies of printed publications may be offered and received in evidence in lieu of originals thereof.

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits, or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.  The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

### 6.    Demonstrative Exhibits

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.

Any demonstratives to be used during opening statements are to be exchanged by 4:00 p.m. two days before the opening statements.  If a party intends to create a demonstrative during the opening statement itself, a mock-up of such demonstrative conveying all the details and substance of the demonstrative to be created during the opening statement must be disclosed at the same time as the other opening statement demonstratives.  Any physical demonstratives, including any poster boards, must be made available for inspection at the same time and photos or electronic images of the physical demonstratives must be disclosed at the same time along with the other demonstratives.

Any objections to the opening statement demonstratives must be provided by 1:00 p.m. the day after the demonstratives are received (one day before the opening statements). The parties shall meet and confer telephonically in an attempt to resolve any objections to these opening statement demonstratives at 3:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the demonstratives are to be presented to the jury.  Any opening statement demonstratives modified to overcome the other party's objections must be disclosed as soon as possible and no later than 7 pm the day before the opening statements.  Deposition testimony displayed or played by video during an opening statement is treated as a demonstrative and the procedure for disclosing and objecting to demonstratives in this paragraph apply.

Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

The parties shall exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives, including mock ups of demonstratives intended to be created live during witness presentations with all the details and substance of the to-be-created

11

demonstratives, that they plan to use at trial during direct examination, but not for cross-examinations, by 7:00 p.m. the day before their anticipated use.  Any physical demonstratives must be made available for inspection at that time and photos or electronic copies of those physical demonstratives must also be disclosed at that time.  Any objections to the demonstrative exhibits shall be provided by 9:00 p.m.  The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstrative at 10:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the exhibits are to be used in front of the jury.  Any changes to the demonstratives made after the parties confer must be disclosed immediately and no later than three (3) hours before Court session starts for the day.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.  This provision does not apply to the demonstratives to be used for cross-examination, which need not be provided to the other side in advance of their use.

All demonstratives used in Court (other than those used during cross-examination and closing arguments) must be disclosed according to the schedules above; no hand-written or other demonstratives created or presented during openings, or during witness examinations will be allowed without such scheduled, prior disclosure, except for those permitted by the Court upon a showing of good cause.  The parties do not need to disclose demonstratives they intend to use during their respective closing arguments.

## 7.    Witnesses

The parties shall notify the other side in good faith of their intention to move a witness from the "may call" list to the "will call" list and vice versa no later than seven (7) days before commencement of trial.

No later than 7:00 p.m. two (2) days before their introduction (*i.e.,* Monday evening for a witness to be called on Wednesday), counsel shall provide to opposing counsel: (1) the names

and order of witnesses to be called (both live and by deposition); and (2) an identification of trial exhibits to be used on direct examination of each witness (both live and by deposition). No later than 7:00 p.m. two (2) days before their introduction, counsel shall also make available for inspection any non-documentary trial exhibits that they plan to use at the trial during direct examination of each witness.  The parties shall make their best efforts to follow the specified order of presentation; however, they recognize that the order of presentation may change based on timing or other circumstances.

If counsel intends to change the order of witnesses, they shall notify the other side immediately.  The parties also recognize that the COVID-19 pandemic may affect the manner of presentation of witness testimony.

Any objections to the identified exhibits shall be provided by 9:00 p.m.  The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits at 10:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the exhibits are to be used in front of the jury.

For any exhibits identified in the 7:00 p.m. exchange that require physical inspection, such inspection shall occur no later than 10:00 p.m. the evening the exhibit is identified.  The exhibits subject to the physical inspection must also be made available for inspection at 7:00 pm the day before a party intends to introduce them in Court and any inspection should take place no later than 10:00 pm that same evening.  Parties do not need to identify exhibits they intend to use during cross-examination.

For any witnesses whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played or read to the jury by 7:00 p.m. two (2) days before the designations are to be played or read to the jury.  In other words, if

deposition testimony is intended to be played on Wednesday, the corresponding deposition designations must be provided by 7:00 p.m. on the previous Monday.  Any objections and counter-designations shall be provided by 10:00 a.m. the following morning.  The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter- designation testimony, and remove any attorney objections or colloquy, and provide a final version of the video to the other party by 7:00 p.m. the day before it is to be shown to the jury or state in writing that the deposition testimony will be instead read into the record.  The parties shall meet and confer in an attempt to resolve any additional objections to the deposition testimony at 10:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court in the morning before the testimony is to be presented to the jury.  This procedure does not apply to any previously admitted witness deposition testimony the parties intend to present during the closing statements.

To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose.

When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.

To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall be reduced by the length of its designated and counter-

designated testimony read or played.

### 8. Agreed Motions in Limine

The parties agree that the following subject matter should not be presented to the jury:

a. Argument or evidence contrary to the Court's claim construction.

b. Argument or evidence regarding discovery disputes and motions to compel discovery.

c. Argument or evidence regarding the existence, substance, or status of Plaintiffs' allegations or claims against other defendants (*i.e.,* Hewlett Packard Enterprise Company, Wells Fargo or Bank of America).

## VI. CONTESTED ISSUES OF FACT AND LAW

### A. Wapp's Contested Issues

a. Whether Micro Focus has infringed any Asserted Claims of the Asserted Patents under 35 U.S.C. 271 by selling software systems covered by the Asserted Claims.

b. The amount of any damages, including at least a reasonable royalty, necessary to compensate Innovation for the alleged infringement pursuant to 35 U.S.C. § 284.

c. Whether Wapp is entitled to enhanced damages pursuant to 35 U.S.C. § 284 (and if so, the Court will determine the dollar amount of the enhancement).

d. Whether Micro Focus has shown by clear and convincing evidence that each of the Asserted Claims are invalid under 35 U.S.C. 102 and/or 103.

e. Whether Wapp is entitled to attorneys' fees under 35 U.S.C. § 285 and, if so, in what amount.

f. Whether Wapp is entitled to pre-judgment and post-judgment interest, and, if so, the dollar amount of pre-judgment and post-judgment interest.

g. Whether Wapp is entitled to costs, and, if so, the dollar amount of costs.

B.    **Micro Focus's Contested Issues**

a.    Whether Micro Focus directly infringes the Asserted Claims of the Asserted Patents, given that Wapp has alleged only direct infringement.

b.    Whether the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102 (anticipation), 103 (obviousness), and/or 112 (written description and enablement);

c.    Whether Micro Focus is liable to Wapp under any cause of action or legal theory asserted by Wapp as a result of any or all of Micro Focus's non-infringement, the invalidity of the Asserted Claims of the Asserted Patents, and/or Micro Focus's affirmative defenses;

d.    Whether Wapp is entitled to any recovery whatsoever from Micro Focus;

e.    Whether Wapp is entitled to any damages, including, but not limited to, a reasonable royalty;

f.    Whether Wapp is entitled to any costs, interests, or further relief;

g.    Whether Wapp is entitled to a finding of willful infringement;

h.    Whether Wapp is entitled to any equitable relief;

i.    Whether this case is exceptional based on the baseless nature of Wapp's infringement allegations and/or Wapp's litigation conduct;

j.    Whether Micro Focus is entitled to an order requiring Wapp to pay its costs and attorneys' fees in defending this action.

## VII.    LIST OF WITNESSES

The trial witness list for Wapp is attached as Appendix A.

The trial witness list for Micro Focus is attached as Appendix B.

## VIII.    LIST OF EXHIBITS

Pursuant to the Amended Scheduling Order (Dkt. No. 258), the parties will exchange their exhibit lists and exhibits on January 15, 2021 and deliver copies to the Court as directed by

the Amended Scheduling Order.  The parties will also follow the Court's Order Regarding Exhibits (Dkt. No. 269) at trial.

## IX.    LIST OF ANY PENDING MOTIONS

The following are Wapp's Pending Motions:

1.   Dkt. No. 266: Motion to Strike and Exclude Undisclosed Witnesses and Documents filed on December 28, 2020.

2.   Dkt. No. 299:  Motion to Exclude Testimony of Defendants' Damages Expert and to Strike Portions of Defendants' Damages Expert Report filed on January 12, 2021.

3.   Dkt. No. 301:  Motion to Strike Sections of Dr. Matthew Shoemake's Non-Infringement Expert Report filed on January 21, 2021.

The following are Micro Focus's Pending Motions:

1.   Dkt. No. 303: Motion to Exclude or Limit Testimony from Plaintiffs' Damages Expert Roy Weinstein, filed on January 12, 2021.

2.   Dkt. No. 305: Motion to Exclude or Limit Testimony from Plaintiffs' Technical Expert Dr. Sam Malek, filed on January 12, 2021.

3.   Dkt. No. 313: Motion for Leave to Supplement Invalidity Contentions, filed on January 14, 2021.

## X.    PROBABLE LENGTH OF TRIAL

The trial in this matter has been specially set for March 1-5, 2021. (Dkt. No. 189)

## XI.    MANAGEMENT CONFERENCE LIMITATIONS

None.

## XII.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Subject to the outstanding motions, full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered;

    (c) will be disclosed and shown to opposing counsel.

Approved as to form and substance:

Dated: January 15, 2021                            */s/ Clyde M. Siebman*

                                      Clyde M. Siebman
                                      TX Bar No. 18341600
                                      **Siebman, Forrest, Burg & Smith LLP**
                                      Federal Courthouse Square
                                      300 North Travis St.
                                      Sherman, TX 75090
                                      908/870-0070 Fax: 903/870-0066

                                      Deron R. Dacus
                                      TX Bar No. 00790553
                                      ddacus@dacusfirm.com
                                      **THE DACUS FIRM, PC**
                                      821 ESE LOOP 323, Suite 430
                                      Tyler, TX 75701
                                      902/705-1117 Fax: 903/581-2543

                                      Robert F. Kramer
                                      CA Bar No. 181706 (Admitted E.D. Texas)
                                      rkramer@feinday.com
                                      M. Elizabeth Day
                                      CA Bar No. 177125 (Admitted E.D. Texas)
                                      eday@feinday.com
                                      David Alberti
                                      CA Bar No. 220625 (*pro hac vice*)
                                      dalberti@feinday.com
                                      Sal Lim

CA Bar No. 211836 (*pro hac vice*)
slim@feinday.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@feinday.com
Marc C. Belloli
CA Bar No. 244290 (*pro hac vice*)
mbelloli@feinday.com
Sven Raz
CA Bar No. 222262 (*pro hac vice*)
sraz@feinday.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@feinday.com
**FEINBERG DAY KRAMER ALBERTI**
**LIM TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94101
Telephone: (650) 514-2747
Facsimile: (650) 618-4368

Attorneys for Plaintiff

Dated: January 15, 2021                    /s/ *L. Rex Sears*

L. Rex Sears (Admitted Pro Hac Vice)
Utah State Bar No. 8548
Jared J. Braithwaite (Admitted Pro Hac Vice)
Utah State Bar No. 12455
Alexis K. Juergens (Admitted Pro Hac Vice)
Utah State Bar No. 16861
**MASCHOFF BRENNAN**
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361

Barry Kenneth Shelton
bshelton@sheltoncoburn.com
Texas Bar No. 24055029
Bradley Dalton Coburn
Texas Bar No. 24036377
coburn@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620 South, Suite 205
Austin, TX 78734-4775

512-263-2165

Melissa Richards Smith
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450

Andrew Thompson (Tom) Gorham
tom@gillamsmithlaw.com
Gillam & Smith LLP
102 N College, Suite 800
Tyler, TX 75702

Attorneys for Defendants


This Joint Pre-Trial Order is hereby Approved this _____ day of _____, 2021.


_____

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on

January 15, 2021, on all counsel of record who have consented to electronic service.

*/s/ Clyde M. Siebman*
Clyde M. Siebman