**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:21-cv-00670-ALM |
| v. | § § | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | § § | |
| *Defendant.* | § § | |

---

**PLAINTIFFS' AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT ON
INVALIDITY DEFENSE REGARDING
THE '192, '678, AND '864 PATENTS[1]**

---

[1] This Motion presents identical substantive arguments to a motion concurrently filed by Wapp in *Wapp Tech Ltd. P'ship, et al. v. Wells Fargo Bank*, No. 4:21-cv-00671. Both Motions also involve materially identical facts. For completeness of the summary-judgment record, Wapp has filed each motion in full in each respective case. For the Court's purposes, the undisputed facts and legal issues presented by both Motions are the same.

# Table of Contents

I.   Introduction and Summary of Requested Relief .................................................... 1

II.  Statement of Issues for the Court's Determination ............................................ 2

III. Statement of Undisputed Material Facts ............................................................ 2

    A. BoA obtained a stay of Wapp's prior lawsuit by agreeing to be bound by any Final Judgment as to invalidity in the MF Suit. ................................................... 2

    B. In the MF Suit, the Court granted judgment as a matter of law on invalidity, and the jury then awarded Wapp over $172 million. ................................................... 3

    C. After the Court entered Final Judgment on the jury's verdict, Wapp and MF settled and dismissed the MF Suit with prejudice.................................................... 4

    D. BoA seeks to relitigate the validity of the Overlapping Patents, contrary to its agreement to be bound by the MF Suit. ........................................................... 5

IV.  Legal Standards ................................................................................................. 5

V.   Argument & Authorities.................................................................................... 6

    A. BoA's agreement to be bound by the MF Suit eliminates its invalidity defense under issue preclusion as a matter of law. ............................................................... 6

        1.   BoA cannot escape issue preclusion by asserting non-party status because of its express agreement to be bound by any Final Judgment. ......................... 7

        2.   The Final Judgment in the MF Suit triggers issue preclusion as to the validity of the Overlapping Patents. ................................................................... 9

            a.   The invalidity defense for the Overlapping Patents is identical to that in the MF Suit. ................................................................................... 9

            b.   The parties actually litigated, and the Court actually determined, the validity of the Overlapping Patents. ................................................. 10

            c.   The validity of the Overlapping Patents was essential to the Final Judgment, which was on the merits. ............................................... 10

            d.   MF—*and BoA*—had a full and fair opportunity to litigate, and no special circumstances warrants an exception to issue preclusion. ............. 12

    B. Alternatively, BoA cannot challenge the validity of the Overlapping Patents under judicial estoppel. ........................................................................................ 14

VI.  Conclusion....................................................................................................... 15

## Table of Authorities

**Cases**

*Astrazeneca UK Ltd. V. Watson Laboratories, Inc. (NV)*,
  905 F. Supp. 2d 596 (D. Del. 2012) (same) ............................................................. 9

*Avondale Shipyards, Inc. v. Insured Lloyd's*,
  786 F.2d 1265 (5th Cir. 1986) ................................................................................. 10

*Banner v. United States*,
  238 F.3d 1348 (Fed. Cir. 2001) ......................................................................... 10, 13

*Braintree Labs., Inc. v. Breckenridge Pharm., Inc.*,
  688 F. App'x 905 (Fed. Cir. 2017) ......................................................................... 7, 8

*Budinich v. Becton Dickinson and Co.*,
  486 U.S. 196 (1988) ................................................................................................. 11

*Comer v. Murphy Oil USA, Inc.*,
  718 F.3d 460 (5th Cir. 2013) ................................................................................... 11

*Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*,
  No. A-03-CA-754-SS, 2006 WL 1544621 (W.D. Tex. May 31, 2006) ..................... 9

*Dana v. E.S. Originals, Inc.*,
  342 F.3d 1320 (Fed. Cir. 2003) ................................................................................. 9

*Ergo Science, Inc. v. Martin*,
  73 F.3d 595 (5th Cir. 1996) ..................................................................................... 15

*Evonik Degussa GmbH v. Materia Inc.*,
  53 F. Supp. 3d 778 (D. Del. 2014) ............................................................................. 9

*Federal Trade Comm'n v. Actavis, Inc.*,
  570 U.S. 136 (2013) ................................................................................................. 10

*Filler v. United States*,
  148 Fed. Cl. 123 (2020) ........................................................................................... 12

*Hacienda Records, L.P. v. Ramos*,
  718 F. App'x 223 (5th Cir. 2018) ............................................................................... 9

*Hall v. GE Plastic Pacific PTE Ltd.*,
  327 F.3d 391 (5th Cir. 2003) ............................................................................. 14, 15

*Hartley v. Mentor Corp.*,
  869 F.2d 1469 (Fed. Cir. 1989) ............................................................................... 12

*Harvey v. Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*,
  434 F.3d 320 (5th Cir. 2005) ................................................................................... 11

*In re Ritz*,
    832 F.3d 560 (5th Cir. 2016) ............................................................................ 9

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994) ................................................................ 2, 7, 11

*Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*,
    170 F.3d 1373 (Fed. Cir. 1999) ...................................................................... 11

*Precision Air Parts, Inc. v. Avco Corp.*,
    736 F.2d 1499 (11th Cir. 1984) ................................................................ 13, 14

*RecoverEdge L.P. v. Pentecost*,
    44 F.3d 1284 (5th Cir. 1995) ................................................................ 9, 10, 14

*Shell Petroleum, Inc. v. U.S.*,
    319 F.3d 1334 (Fed. Cir. 2003) ...................................................................... 13

*Smith v. United States*,
    328 F.3d 760 (5th Cir. 2003) ............................................................................ 6

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) .......................................................................... passim

*Thanedar v. Time Warner, Inc.*,
    352 F. App'x 891 (5th Cir. 2009) .................................................................. 13

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
    617 F.3d 1296 (Fed. Cir. 2010) ........................................................................ 6

*Triparti v. Henman*,
    857 F.2d 1366 (9th Cir. 1988) ........................................................................ 11

*VirnetX v. Apple, Inc.*,
    No. 6:12-cv-855, 2014 WL 12597800 (E.D. Tex. Aug. 8, 2014) ...................... 9

*Wapp Tech Ltd. P'ship, et al. v. Bank of America Corp.*,
    No. 4:18-cv-00519-ALM (E.D. Tex.) ................................................................ 2

*Wapp Tech Ltd. P'ship, et al. v. Wells Fargo Bank*,
    No. 4:21-cv-00671 ............................................................................................ i

*Wapp v. Seattle Spinco*,
    No. 4:18-cv-00496-ALM ................................................................................ 2

**Rules**

Fed. R. App. P. 4(a)(1) ...................................................................................... 4

Fed. R. App. P. 4(a)(4) ...................................................................................... 4

Fed. R. Civ. P. 58(a) .................................................................................... 4, 11

Fed. R. Civ. P. 60(c)(2) ................................................................................................................ 11

**Treatises**

Restatement (Second) of Judgments § 13 cmt. f (1982) ................................................................ 11

Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4432 Finality—Traditional
Requirement (3d ed.) ......................................................................................................... 11

Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4433 Finality—Appeals Forgone,
Pending, or Unavailable (3d ed) ......................................................................................... 12

## I.      Introduction and Summary of Requested Relief

Bank of America (BoA) agreed and represented to this Court that it would treat any Final Judgment in a prior case between Plaintiff Wapp and another company, Micro Focus (MF), as binding on the validity of three patents: the '192, '678, and '864 Patents. BoA made this promise to obtain a stay of Wapp's related claims against it. In other words, BoA cut the following bargain: it agreed to live with the outcome of the MF Suit on validity in exchange for a stay. After MF lost on invalidity and every other issue at trial, the Court entered a Final Judgment for Wapp.

Those same three patents are at issue in this lawsuit (the Overlapping Patents). BoA now wants to relitigate their validity, regretting its choice to sit on the sidelines and have MF litigate validity. But under binding precedent, BoA cannot. Because BoA agreed a Final Judgment in the MF Suit was binding, BoA faces issue preclusion on each theory of its invalidity defense for the Overlapping Patents just like MF would. Validity of the Overlapping Patents was actually litigated, determined, and essential to the Final Judgment, which this Court entered after a full and fair opportunity to litigate at trial. The analysis is that simple. It does not matter that Wapp and MF later settled after the Court entered Final Judgment. The Final Judgment still exists. And it does not matter that MF lost invalidity as a matter of law, rather than as a jury question. Judgment as a matter of law is still a determination on the merits.

An independent basis for summary judgment is equally simple: under judicial estoppel, BoA cannot assert that the Final Judgment from the MF Suit is not binding when BoA previously said the opposite to successfully obtain its desired stay.

BoA will say this result is unfair. It is not. What BoA means by "unfair" is "unfavorable to BoA." But issue preclusion is always unfavorable to the precluded party. It stops a losing party from getting a second bite at the apple. Issue preclusion is not "inappropriate" here; it is textbook. The Supreme Court contemplated this specific use of offensive non-mutual issue preclusion in

*Taylor v. Sturgell*, 553 U.S. 880 (2008), and the Federal Circuit has enforced a non-party's agreement to treat a prior invalidity determination as binding in *Kearns v. Chrysler Corp.*, 32 F.3d 1541 (Fed. Cir. 1994). The result in *Kearns* is neither surprising nor unfair. The law enforces agreements; that is the foundation of contract law.

The only unfair result here is the one BoA seeks (which contravenes binding precedent): BoA gets to renege on its express agreement—and repeated representations to this Court—because MF lost, and BoA's strategic choices turned out poorly.

## II.    Statement of Issues for the Court's Determination

In accordance with the Court's Local Rules, the issues for the Court's determination are:

Issue 1:    Is BoA precluded from relitigating the validity of the '192, '678, and '864 Patents under offensive non-mutual collateral estoppel?  Yes

Issue 2:    Alternatively, is BoA judicially estopped from relitigating the validity of the '192, '678, and '864 Patents based on its prior contrary position?  Yes.

## III.    Statement of Undisputed Material Facts

This motion involves the following purely procedural facts that are beyond dispute.

### A.    BoA obtained a stay of Wapp's prior lawsuit by agreeing to be bound by any Final Judgment as to invalidity in the MF Suit.

In July 2018, Wapp sued MF (and other defendants) for infringement of U.S. Patent Nos. 8,924,192 (the '192 Patent), 9,971,678 (the '678 Patent), and 9,298,864 (the '864 Patent). *Wapp v. Seattle Spinco*, No. 4:18-cv-00496-ALM (the MF Suit).  In the MF Suit, MF asserted an invalidity defense against the '192, '678, and '864 Patents, which are also at issue in Wapp's present lawsuit against BoA. *Id.* at pp. 5, 16. At the same time, Wapp also sued MF's customer, BoA, for infringement of the Overlapping Patents. *Wapp Tech Ltd. P'ship, et al. v. BoA Corp.*, No. 4:18-cv-00519-ALM (E.D. Tex.) (BoA I Suit).

2

In the BoA I Suit, BoA twice sought a stay under the customer-suit doctrine, alleging that it was merely a customer of the manufacturer and true defendant, MF. *See* Ex.1, BoA I Suit, Dkt. 12; Ex. 2, BoA I Suit, Dkt. 134. In seeking a stay, BoA represented the following to the Court:

> under the Customer Suit Doctrine, BOA hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity.

*See* Ex. 1, p. 10-11, Ex. 2, p. 8; *see also* Ex. 3, Dkt. 15, pp. 4-5.

BoA made this agreement with full knowledge of the invalidity defense it was placing in MF's hands. For example, BoA had served invalidity contentions raising multiple theories of invalidity on December 20, 2019. *See* Ex. 4, BoA I Suit, Dkt. 41, BoA's Notice of Compliance with P.R. 3-3 and 3-4 (addressing invalidity contentions). BoA had also raised an indefiniteness argument in the *Markman* proceeding in the BoA I Suit, as required under the Court's Local Rules. *See* Ex. 5, *Markman* Hearing Tr. in BoA I Suit, p. 120-21, 126; Local Rules 4.1- 4.3.

Initially, Wapp opposed a stay, but after BoA's repeated representations that it would agree to be bound by any Final Judgment in the MF Suit, Wapp withdrew its opposition. *See* BoA I Suit, Dkt. 139, Dkt. 153, and Dkt. 155. The Court then granted BoA its stay. *Id.*, Dkt. 156.

**B.    In the MF Suit, the Court granted judgment as a matter of law on invalidity, and the jury then awarded Wapp over $172 million.**

With the BoA I Suit stayed, the MF Suit proceeded through discovery and to a jury trial. MF included multiple theories of its invalidity defense in the parties' proposed joint pretrial order (raising anticipation, obviousness, enablement, and written description) and presented its expert on invalidity at trial. Ex. 9, MF Suit, Dkt. 319, pp. 5-6; Ex. 10, Excerpts of Trial Transcripts, Dkt. 478, at pp. 1274-75. By agreement of the parties, each side had 10.5 hours to present their evidence, Ex. 11, Dkt. 486, p. 1, and this Court provided regular updates on the remaining time available to

3

each side. Ex. 10, Dkt. 475, p. 888:7-11; Ex. 10, Dkt. 477, pp. 1096:8-9, 1196:19-21. MF chose to present its invalidity expert for 37 minutes of testimony, near the end of its available time. Ex. 11, Dkt. 486, p. 5. At no time did MF request additional time from this Court or argue that the time limits to which it had previously agreed were no longer sufficient. *See generally* Dkts. 470-478.

At the close of the evidence, Wapp moved for judgment as a matter of law on MF's invalidity defense. Wapp argued that MF failed to meet its evidentiary burden on each asserted ground for invalidity: anticipation, obviousness, enablement, and written description. Ex. 10, Dkt. 478, pp. 1271:15-1274:8. MF conceded that it had failed to offer sufficient evidence to warrant a jury question on its invalidity theories based on anticipation, obviousness, and enablement. *Id.*, pp. 1274:18-1275:2.  As for written description, MF argued it had offered clear and convincing evidence to support this theory, but the Court held that the limited expert testimony was conclusory and legally insufficient. *Id.*, p. 1278:20-1281:5. The Court granted Wapp's motion for judgment as a matter of law on the entirety of MF's invalidity defense. *Id.*, p. 1282:21-23.

The Court then submitted infringement, willfulness, and damages to the jury. Dkt. 460. The jury found for Wapp on all issues and awarded $172,554,269.00 in damages. *Id.*, p. 6.

### C.    After the Court entered Final Judgment on the jury's verdict, Wapp and MF settled and dismissed the MF Suit with prejudice.

After the jury verdict, the Court denied Wapp's request for enhanced damages and entered a Final Judgment on April 22, 2021. Ex. 12, Dkt. 487. That Final Judgment satisfied Federal Rule of Civil Procedure 58(a) and was appealable. *See* Fed. R. Civ. P. 58(a), 58(e) and Fed. R. App. P. 4(a)(1). The parties then filed post-judgment motions in May 2021: Wapp sought pre- and post-judgment interests as well as its costs; MF moved for relief under Rules 50(b), 59, and 60, which tolled its deadline to file a notice of appeal. *See* Dkt. 491, Dkt. 494; Fed. R. App. P. 4(a)(4).

In July 2021, Wapp and MF settled their dispute and filed a joint motion to dismiss the case but did not move to vacate the jury's verdict or the Court's Final Judgment. Dkt. 529. The MF Suit was dismissed with prejudice on November 23, 2021 upon a joint stipulation. Dkt. 530.

Likewise, BoA and Wapp filed a joint stipulation of dismissal with prejudice on September 17, 2021, and this Court dismissed the BoA Suit with prejudice. BoA I Suit, Dkt. 169, Dkt. 170.

### D.      BoA seeks to relitigate the validity of the Overlapping Patents, contrary to its agreement to be bound by the MF Suit.

In August 2021, Wapp initiated this new lawsuit against BoA for infringement of five patents, three of which are the Overlapping Patents. Dkt. 1. Wapp alleged that BoA infringed the asserted patents by developing its own mobile banking applications using Apple's Xcode and Google's Android Studio. Dkt. 1, ¶¶ 72-77. BoA's infringing use of Xcode and Android Studio is distinct from its use of the MF products at issue in the MF Suit and the BoA I Suit. *Id.*

In its answer and subsequent invalidity contentions, BoA asserted invalidity against the patents-in-suit, including the Overlapping Patents. Dkt. 18, ¶ 155; Ex. 6, BoA's Invalidity Contentions Pursuant to Patent Local Rules 3-3 and 3-4.  More recently, Wells Fargo has raised another invalidity theory based on indefiniteness in connection with the *Markman* rules. *See* Ex. 7, Defendants' Identification of Preliminary Claim Construction and Extrinsic Evidence; Ex. 8, Wapp's P.R. 4-2 Preliminary Claim Constructions and Extrinsic Evidence. BoA did so despite having represented to this Court in the BoA I Suit that it agreed to be bound by "*any final judgment* in the [MF Suit] as to both infringement *and invalidity*." BoA I Suit, Dkt. 12, p. 10-11, Dkt. 134, p. 8.

### IV.      Legal Standards

Wapp moves for partial summary judgment under Federal Rule of Civil Procedure 56(a). BoA cannot dispute the foregoing procedural facts, only the legal implications of them—a purely

legal question ripe for this Court's resolution on summary judgment. Although BoA has the burden on its invalidity defense, Wapp has the burden on its respective affirmative defense of issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (holding that party asserting preclusion bears burden of establishing each element).[2] Likewise, Wapp has the burden on judicial estoppel. *See Smith v. United States*, 328 F.3d 760, 765 (5th Cir. 2003) (party asserting estoppel has burden).

## V.      Argument & Authorities

Summary judgment is appropriate for two independent reasons. First, BoA faces offensive non-mutual issue preclusion because: (i) BoA agreed to be bound by the MF Suit as to validity; and (ii) the Final Judgment in the MF Suit has issue-preclusive effect. Second, judicial estoppel bars BoA from challenging validity after it successfully convinced this Court it would not do so.

### A. BoA's agreement to be bound by the MF Suit eliminates its invalidity defense under issue preclusion as a matter of law.

This case involves offensive non-mutual issue preclusion: Wapp, a party to the prior MF Suit, seeks to use issue preclusion offensively against BoA, who was not a party to that prior lawsuit. Offensive non-mutual issue preclusion involves two questions:

(1)      Does the situation fall into one of the six categories the Supreme Court has recognized as permitting a non-party to be bound by a prior adjudication?

(2)      Does the prior adjudication meet the elements of issue preclusion?

The answer to both questions is yes. The first category of situations warranting offensive non-mutual issue preclusion is when the non-party agrees to be bound by a judgment in a separate lawsuit. That happened here. As for the second question, the invalidity determination in the MF

---

[2]      Federal common law determines the preclusive effect of a federal-court judgment, and the Federal Circuit analyzes issue preclusion under the law of the regional circuit. *See Taylor*, 553 U.S. at 891 (outlining federal common law of nonmutual offensive issue preclusion); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010) (applying law of regional circuit).

Suit triggers issue preclusion. MF actually litigated the invalidity defense through trial. The Court determined the validity of the Overlapping Patents on Wapp's motion for judgment as a matter of law. The Court's determination of the validity of the Overlapping Patents was necessary to the Final Judgment for Wapp on infringement. That Final Judgment was final and on the merits; indeed, it was appealable. Although Wapp and MF later settled, neither the Final Judgment nor the jury verdict was vacated.

> **1.    BoA cannot escape issue preclusion by asserting non-party status because of its express agreement to be bound by any Final Judgment.**

As a threshold matter, BoA faces issue preclusion under binding Supreme Court precedent, even though it was not a party in the MF Suit. In *Taylor*, the Supreme Court held that a non-party to prior litigation faces issue preclusion in six situations, the first of which is when the non-party "agrees to be bound by the determination of issues in an action between others." 553 U.S. at 893 (citing 1 Restatement (Second) of Judgments, § 40). When a non-party makes such an agreement, it is bound pursuant to the terms of that agreement. *Id.* This situation contemplated by *Taylor* occurred here.

BoA agreed to be bound by the judgment in the MF Suit as to infringement *and invalidity*— multiple times. Ex. 1, p. 10-11; Ex. 2, p. 8; Ex. 3, pp. 4-5. Because of that express agreement, the Final Judgment in the MF Suit has the same preclusive effect on BoA that it does on MF. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541 (Fed. Cir. 1994); *Braintree Labs., Inc. v. Breckenridge Pharm., Inc.*, 688 F. App'x 905, 908 (Fed. Cir. 2017).

In *Kearns*, the Federal Circuit held that Chrysler, a non-party to prior litigation between Kearns (the patentee) and Ford (another accused infringer), could not challenge patent validity because Chrysler had previously stipulated any judgment in the Ford Suit concerning validity (other than a consent judgment) would bind Chrysler. *Id.* at 1543. After a jury trial in the Ford

Suit, the district court entered a partial judgment on validity that eventually became final. *Id.* After a subsequent trial on damages, Kearns and Ford later settled the total amount of liability. *Id.* Chrysler argued the Ford Suit could not bind Chrysler because it involved a "consent judgment" entered after a settlement. *Id.* at 1545. The Federal Circuit disagreed. *Id.* The Kearns-Ford settlement agreement resolved Kearns' compensation but not validity, which was contested and determined during the jury trial. *Id.* at 1546. The Federal Circuit further rejected Chrysler's policy arguments about the value of challenging patent validity, instead finding that compelling public policy favored holding Chrysler to its agreement:

> Chrysler was certainly entitled to raise the defenses of invalidity and/or unenforceability when it was accused of infringement, but it chose instead to rely on the judgment rendered in *Ford* for those issues. Public policy will not rescue Chrysler from a decision which it later finds to be imprudently made. On the contrary, public policy favors preventing Chrysler from reneging on an agreement into which it freely entered and upon which Kearns and the district court relied.

*Id.* at 1546.

*Kearns* is not an anomaly. The Federal Circuit recently reached a similar conclusion in *Braintree Laboratories.* 688 F. App'x at 907. The Federal Circuit reversed a summary judgment ruling that disregarded a claim construction ruling from a separate case, even though the alleged infringer had agreed to be bound by that ruling. *Id.* at 907–08. Like in *Kearns*, the defendant's express agreement to be bound by a final decision in another case as to "any issues" related to invalidity and infringement eliminated any due process concerns and foreclosed the defendant from relitigating the claim construction. *Id.* at 908. Under *Kearns* and *Braintree Laboratories*, the Final Judgment in the MF Suit equally binds MF and BoA. Put another way, if the Final Judgment in the MF Suit precludes MF from relitigating validity of the Overlapping Patents, then it precludes BoA too. And under black-letter issue-preclusion law, discussed next, the Final Judgment does exactly that.

8

## 2.    The Final Judgment in the MF Suit triggers issue preclusion as to the validity of the Overlapping Patents.

Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892. The elements of issue preclusion are (1) the issue at stake must be identical between the two actions, (2) the issue must have been actually litigated in the first action, (3) the determination of the issue in the first action must have been a necessary part of a final judgment in the first action, and (4) no special circumstances make preclusion inappropriate or unfair. *Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018); *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 n.12 (5th Cir. 1995), *overruled on other grounds as recognized by In re Ritz*, 832 F.3d 560 (5th Cir. 2016).

### a.    The invalidity defense for the Overlapping Patents is identical to that in the MF Suit.

First, the "issue" for issue preclusion purposes is identical between the MF Suit and this suit: the validity of the Overlapping Patents. *See Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1324 (Fed. Cir. 2003) (characterizing "infringement" and "validity" as issues for issue preclusion); *Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621 at *5 (W.D. Tex. May 31, 2006) ("[T]he overwhelming weight of authority suggests that the 'issue'. . . in the patent context is the ultimate determination on patent validity itself, not the sub-issues or individual pieces of evidence and arguments that may have been necessary to support the validity determination."); *VirnetX v. Apple, Inc.*, No. 6:12-cv-855, 2014 WL 12597800, at *3 (E.D. Tex. Aug. 8, 2014) (precluding relitigation of issue of invalidity regardless of particular invalidity theories asserted); *Evonik Degussa GmbH v. Materia Inc.*, 53 F. Supp. 3d 778, 793–94 (D. Del. 2014) (validity is a single issue for issue preclusion); *Astrazeneca UK Ltd. V. Watson Laboratories, Inc. (NV)*, 905 F. Supp. 2d 596, 602–03 (D. Del. 2012) (same).

9

**b.    The parties actually litigated, and the Court actually determined, the validity of the Overlapping Patents.**

For the second element, the parties in the MF Suit litigated validity through the close of the evidence until the Court ruled on that defense as a matter of law. MF offered expert testimony regarding its invalidity defense; Wapp moved for judgment as a matter of law on validity; and MF conceded it had failed to meet its evidentiary burden on all but one theory of invalidity, written description. The Court then decided validity as a matter of law, concluding that MF offered conclusory evidence of written-description invalidity that was legally insufficient to warrant a jury question. *See Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (concluding issue was actually litigated when it raised by the pleadings, submitted for determination, and determined)..

**c.    The validity of the Overlapping Patents was essential to the Final Judgment, which was on the merits.**

For the third element, the Court's rejection of MF's invalidity defense was necessary to support the Final Judgment. Indeed, a claim for patent infringement cannot succeed if the patent is invalid. *Federal Trade Comm'n v. Actavis, Inc.*, 570 U.S. 136, 147 (2013) (explaining that only a valid patent confers an exclusive-use right, and an invalid patent carries no such right). Thus, the Final Judgment for Wapp necessarily required the Court's rejection of the invalidity defense.

Moreover, the Final Judgment—rendered after a trial on the merits and a jury verdict—was indeed "final" and on the merits for issue preclusion purposes. *See RecoverEdge L.P.*, 44 F.3d at 1295 (holding jury's verdict final for issue preclusion). In *RecoverEdge*, the Fifth Circuit held that a jury verdict was sufficiently final for issue preclusion, even without a final judgment. *Id.* In other cases, the Fifth Circuit has held that finality for issue preclusion exists if an order or judgment is appealable. *See Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986) (holding that an unappealable partial summary judgment lacked finality for issue preclusion); *Harvey v. Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*, 434 F.3d 320,

326–27 (5th Cir. 2005) ("At least, in this circuit, the availability of appellate review is a significant factor in determining whether an otherwise nonfinal order should be given preclusive effect.").

The Final Judgment was appealable upon entry and therefore final for issue preclusion purposes. The Final Judgment was set out in a separate document and satisfied Federal Rule of Civil Procedure 58(a). MF had the right to appeal it upon entry under Federal Rule of Appellate Procedure 4(a)(1) and (7). The availability of post-judgment motions, their impact on the *deadline* for filing a notice of appeal, or the fact that such motions were filed in the MF Suit does not impact the finality of the Final Judgment for issue preclusion purposes. *See* Fed. R. Civ. P. 60(c)(2); *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199–200 (1988) (holding that a judgment is final even if attorneys' fees are unresolved); *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) ("[T]he authorities and the modicum of case law that have [addressed the issue of finality in the face of a motion for new trial or judgment as a matter of law] . . . are nearly uniform in concluding that the fact that post-trial motions are pending does not affect the finality of a judgment and thus does not prevent its preclusive effect."); *Kearns*, 32 F.3d at 1545 (holding that a party's forfeiture of appellate rights does not turn a final judgment on litigated issues into a consent judgment); *Triparti v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988); Restatement (Second) of Judgments § 13 cmt. f (1982); Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4432 Finality—Traditional Requirement (3d ed.) (noting that pending post-judgment motions do not affect finality for issue preclusion). Indeed, even a pending appeal does not limit finality for issue preclusion. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) (explaining that trial court judgment is entitled to preclusion until reversed, modified, or vacated).

Wapp's and MF's settlement and dismissal with prejudice *after* entry of the Final Judgment, which eliminated its potential appeal, makes no difference for finality. *See Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir. 1989) (holding that "voluntary relinquishment of one's right to appeal, when one stands as overall loser," does not eliminate preclusion under Ninth Circuit law); *see also Filler v. United States*, 148 Fed. Cl. 123, 139 (2020) ("A party need not exercise their right to an appeal; collateral estoppel simply 'requires that a party have had an opportunity to appeal a judgment . . .'"), *aff'd*, No. 2021-1552, 2022 WL 193199 (Fed. Cir. Jan. 21, 2022); Wright & Miller, 18A Federal Practice & Procedure, Juris. § 4433 Finality—Appeals Forgone, Pending, or Unavailable (3d ed) ("The simplest situation is governed by the rule that preclusion cannot be defeated by electing to forego an available opportunity to appeal."). Moreover, neither the jury's verdict nor the Final Judgment was vacated; they remain today.

> **d.** **MF—*and BoA*—had a full and fair opportunity to litigate, and no special circumstances warrant an exception to issue preclusion.**

In typical offensive non-mutual issue preclusion, the precluded party generally has not had "a full and fair opportunity to litigate," but will still face preclusion when it has agreed to be bound. *Taylor*, 553 U.S. at 892–93. But here, issue preclusion is even stronger because BoA *did have* a full and fair opportunity to litigate the invalidity of the Overlapping Patents in the BoA I Suit. Indeed, BoA served invalidity contentions in that prior suit and had the opportunity to litigate those invalidity grounds for itself. *See* BoA I Suit, Dkt. 50. Instead of taking that opportunity, BoA decided to seek a stay of the BoA I Suit, have MF litigate the invalidity defense, and bind itself to a Final Judgment in the MF Suit. In doing so, BoA declined the opportunity to litigate the invalidity of the Overlapping Patents for itself. BoA is not entitled to *another* opportunity to litigate after its strategic decision to rely on the outcome of the MF Suit turned out to be improvident.

Moreover, BoA cannot challenge MF's full and fair opportunity to litigate. In analyzing the quality of the prior opportunity to litigate, the Federal Circuit has previously considered whether (1) "significant procedural limitations" existed in the first action as compared to the second, (2) there was an incentive to fully litigate the issue in the first action, and (3) the relationship of the parties limited effective litigation. *Banner*, 238 F.3d at 1354; *see also Shell Petroleum, Inc. v. U.S.*, 319 F.3d 1334, 1339–40 (Fed. Cir. 2003). Each of these considerations supports that the MF Suit involved a full and fair opportunity to litigate.

First, there were no significant procedural limitations in the MF Suit. BoA may complain about the Court's timing order, but reasonable time constraints at trial—to which MF agreed—are not a "significant procedural limitation." *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 895–96 (5th Cir. 2009) (per curiam) (rejecting challenge that trial timing order violated due process because trial courts have broad discretion to manage trial). Both Wapp and MF had the same amount of time; the Court updated the parties on their remaining time throughout trial; and MF never asked for additional time or articulated any prejudice based on the agreed time limits. Dkt. 475, p. 888:7-11; Dkt. 477, pp. 1096:8-9, 1196:19-21. MF was not deprived of a full and fair opportunity to litigate; MF had that opportunity and failed to execute. *See Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1504 (11th Cir. 1984) (applying preclusion when party "had ample time and opportunity to present any material relevant to the summary judgment motion but failed to do so").

Second, MF had every incentive to litigate the invalidity of the Overlapping Patents because Wapp sought hundreds of millions in damages. Dkt. 28, Amended Complaint, ¶ 55; *See Shell Petroleum*, 219 F.3d at 1340 ("[Shell] had a monetary incentive to fully litigate the issue").

Third, the relationship between Wapp and MF did not limit their respective abilities to fully litigate against one another. In contrast, the MF Suit involved a hard-fought trial between a patentholder and an accused infringer, which only settled after a $172 million verdict for Wapp.

Finally, there are no "special circumstances" that make issue preclusion "inappropriate or unfair." *RecoverEdge*, 44 F.3d at 1290 n.12.  BoA may argue that issue preclusion is unfair here because (1) it was not a party to the MF Suit and (2) MF managed its time at trial poorly. Neither argument makes issue preclusion "inappropriate or unfair." On the first point, as explained above, the Supreme Court contemplated this exact use of issue preclusion in *Taylor*. On the second point, BoA voluntarily placed its fate in MF's hands (and avoided the cost of litigating the BoA I Suit). Poor strategic decisions cannot warrant an exception for issue preclusion. If a strategic misstep warrants an exception, the exception will swallow the rule. Any losing party could relitigate issues simply by claiming that they did not have enough time at trial or enough time to gather necessary evidence for a summary-judgment response.[3] Issue preclusion guarantees one full and fair opportunity to litigate—not repeated attempts until one succeeds.

### B.    Alternatively, BoA cannot challenge the validity of the Overlapping Patents under judicial estoppel.

Wapp is also entitled to summary judgment on BoA's invalidity defenses for the Overlapping Patents based on judicial estoppel. Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a previous position it successfully maintained. *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003). The doctrine prevents

---

[3]    Parties cannot escape issue preclusion when they failed to meet their summary-judgment burden. *Precision Air Parts, Inc.*, 736 F.2d at 1504 (applying issue preclusion when party had time and opportunity to defeat summary judgment but failed to offer sufficient evidence).  The Court's judgment as a matter of law involved a legal analysis identical to that used at summary judgment, with the difference being that MF had a more fulsome opportunity to present evidence at trial than it would have at the summary-judgment stage.

litigants from "playing fast and loose with the courts," *id.*, and "prohibits parties from deliberately changing positions based upon the exigencies of the moment." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996). Judicial estoppel requires two elements: (1) a party has taken a position clearly inconsistent with a previous one, and (2) the party convinced the court to accept its previous position (referred to as judicial acceptance). *Hall*, 327 F.3d at 396. Statements in pleadings, motions, and in open court may subject a party to estoppel. *Id.*

Here, BoA repeatedly asserted in the BoA I Suit that it would be bound by any Final Judgment in the MF Suit as to infringement and invalidity. *See* BoA Suit, Dkt. 12, p. 10-11, Dkt. 134, p. 8; *See also* Dkt. 15, pp. 4-5. BoA's attempt to relitigate validity in this lawsuit is clearly inconsistent with its prior position; it is the opposite.

As for the judicial-acceptance element, BoA convinced this Court to accept its prior representations that it would treat any Final Judgment in the MF Suit as binding because BoA used that representation to obtain its stay. *See Hall*, 327 F.3d at 399 (explaining that judicial acceptance may involve procedural, preliminary decisions). BoA took that position "with the explicit intent to induce the district court's reliance." *Id.* BoA's agreement prompted Wapp to withdraw its opposition, and the district court then granted BoA's request for a stay. Because both elements of judicial estoppel are met, the Court should also enter summary judgment on this alternative ground.

## VI.    Conclusion

When faced with the costs and burden of litigating the BoA I Suit, BoA chose to have MF advance its interests. That decision turned out poorly, and BoA now seeks a re-do. But there is no legal doctrine that gives BoA a re-do. Instead, all the analytical paths—whether under *Kearns*, *Braintree*, issue preclusion, or judicial estoppel—lead to one conclusion: BoA cannot relitigate the invalidity of the Overlapping Patents as a matter of law. This Court should therefore enter partial summary judgment on BoA's invalidity defenses for the Overlapping Patents.

Dated:  April 6, 2022                              Respectfully submitted,

                                                   */s/ Scott W. Clark*
                                                   Scott W. Clark
                                                   Texas Bar No. 24007003
                                                   sclark@azalaw.com
                                                   Brian E. Simmons
                                                   Texas Bar No. 24004922
                                                   bsimmons@azalaw.com
                                                   Justin Chen
                                                   Texas Bar No. 24074024
                                                   jchen@azalaw.com
                                                   Masood Anjom
                                                   Texas Bar No. 24055107
                                                   manjom@azalaw.com
                                                   Weining Bai
                                                   Texas Bar No. 24101477
                                                   wbai@azalaw.com
                                                   **AHMAD, ZAVITSANOS & MENSING P.C.**
                                                   1221 McKinney Street, Suite 2500
                                                   Houston, TX 77010
                                                   Telephone: 713-655-1101
                                                   Facsimile: 713-655-0062

                                                   Leslie V. Payne
                                                   State Bar No. 0784736
                                                   lpayne@hpcllp.com
                                                   R. Allan Bullwinkel
                                                   State Bar No. 24064327
                                                   abullwinkel@hpcllp.com
                                                   Christopher L. Limbacher
                                                   State Bar No. 24102097
                                                   climbacher@hpcllp.com
                                                   HEIM PAYNE & CHORUSH, LLP
                                                   1111 Bagby St., Suite 2100
                                                   Houston, Texas 77002
                                                   Telephone: (713) 221-2000
                                                   Facsimile: (713) 221-2021

                                                   J. Michael Young
                                                   SBN 00786465
                                                   myoung@somlaw.net
                                                   Roger D. Sanders
                                                   SBN 17604700
                                                   rsanders@somlaw.net

16

SANDERS, MOTLEY, YOUNG & GALLARDO, PLLC
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)

**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5(a) on April 6, 2022.  As such, this document was served on all counsel of record pursuant to Local Rules CV-5(a)(3)(A) and the Federal Rules of Civil Procedure.

*/s/ Scott W. Clark*
Scott W. Clark