# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

WAPP TECH LIMITED PARTNERSHIP
AND WAPP TECH CORP.,

        Plaintiffs,

    v.

BANK OF AMERICA, N.A.,

        Defendant.

Case No. 4:18-cv-00519-ALM

**JURY TRIAL DEMANDED**

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO STAY

## I.    INTRODUCTION

On October 21, 2020, Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") purported to serve their "Second Updated Disclosure of Infringement Contentions Pursuant to P.R. 3-1" (the "October 21 Contentions"). Although improper on multiple grounds, Wapp's October 21 Contentions conclusively demonstrate what Bank of America, N.A. ("BOA") has contended since the beginning of this case—that BOA is a mere customer, not a manufacturer, and this action should be stayed under the customer suit doctrine while Wapp proceeds against Micro Focus, manufacturer of the only accused instrumentalities and the true defendant.

## II.   BACKGROUND

### A.  Wapp Sues Micro Focus and Its Customers, Wells Fargo and Bank of America.

On July 2, 2018, Wapp sued Micro Focus International plc. ("Micro Focus")[1] in this Court accusing Micro Focus of directly infringing U.S. Patent Nos. 9,971,678; 9,298,864; and 8,924,192 (the "Patents-in-Suit") (the "Manufacturer Suit") by selling certain Micro Focus software products and functionalities. *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 1 at ¶¶ 59, 76, 95. Wapp did not, and has not, asserted indirect infringement claims in the Manufacturer Suit. *Id.*; *Id.*, Dkt. No. 28 at ¶¶ 64, 85, 108; *Id.*, Dkt. No. 76 at ¶¶ 64, 85, 108.

On July 16, 2018, Wapp sued Wells Fargo in this Court (the "Wells Fargo Customer Suit") for direct infringement of the Patents-in-Suit and identified only Micro Focus products as accused instrumentalities. Dkt. Nos. 1 at ¶¶ 26, 58, 76, 96.

---

[1] Defendant refers herein collectively to the multiple related defendants in the Manufacturer Suit as "Micro Focus."

On July 20, 2018, Wapp sued BOA in this Court for direct infringement of the Patents-in-Suit and identified only Micro Focus products as accused instrumentalities. *Wapp Tech Ltd. v. Bank of America Corp.*, No. 4:18-cv-519-ALM (E.D. Tex., July 20, 2018), Dkt. No. 1 at ¶¶ 26, 58, 76, 96.

### B. Wapp Defeats BOA's 2018 Stay Motion by Alleging BOA Is A Manufacturer.

On October 17, 2018, BOA moved to stay this case under the Customer Suit Doctrine. Dkt. No. 11. On October 9, 2019, the Court denied the stay as premature based on Wapp's argument that discovery might show BOA to be a manufacturer and not merely a customer. Dkt. No. 15 at 6 ("Reviewing the parties' argument, the Court believes that Defendant's motion to stay pursuant to the customer-suit exception is premature as additional discovery should be conducted by the parties to determine whether Defendant is a customer or manufacturer of an accused system.").

### C. BOA Shows It Is Not A Manufacturer While Wapp Sticks Its Head in The Sand.

On November 7, 2019, Wapp served its Disclosure of Initial Infringement Contentions Pursuant to P.R. 3-1 and 3-2, which incorrectly speculated that BOA's UI TestRunner software indicated BOA manufactured an accused system. (Coburn Decl. Ex. A at 2-3.)  As discovery progressed, BOA stated in May 7, 2020 interrogatory responses that UI TestRunner is deprecated internal BOA software that was used to test desktop applications and incapable of testing mobile applications. (Coburn Decl. Ex. B at 11.)

BOA also made the source code for UI TestRunner available to Wapp at its outside counsel's Dallas office beginning May 7, 2020. (Coburn Decl. at ¶ 4.) At Wapp's request, BOA also made source code for UI TestRunner available in Irvine, California beginning July 10, 2020. (*Id*.) And on August 20, 2020, though the source code already provided was representative, BOA

made all available versions of UI TestRunner source code available to Wapp in Irvine, California. (*Id.*) Finally, at Wapp's request, BOA provided Wapp's technical expert with a printed copy of the UI TestRunner source code on October 9, 2020. (*Id.*)

At the same time, BOA offered 30(b)(6) depositions across multiple dates in September and October 2020: 9/16/2020; 9/18/2020; 10/16/2020; 10/21/2020; 10/23/2020. (Coburn Decl. at ¶ 6.) Wapp never accepted. (*Id.*)

### D. Wapp Serves Its October 21 Contentions Charting Only Micro Focus Products Against BOA.

On October 21, 2020,[2] Wapp purported to serve what it titled its "Second Updated Disclosure of Infringement Contentions Pursuant To P.R. 3-1." (Coburn Decl. Ex. C.) Deficient in various respects and served without leave of Court, the October 21 Contentions are notable from a stay perspective in that they chart only Micro Focus accused products against BOA. (Coburn Decl. at ¶ 5.) While that would seem finally to reflect Wapp's acknowledgement that UI TestRunner is, as BOA has long contended, irrelevant to this case and does not make BOA a manufacturer, the cover document for the October 21 Contentions includes two placeholder lines that cling to UI TestRunner as if Wapp has not already reviewed the UITestRunner source code: "In addition to Wapp's contentions of infringement by Bank of America's use of the Micro Focus-related Accused Systems, Wapp's earlier contentions also included the following identification of UI TestRunner as a potentially infringing product. This contention regarding UI TestRunner is being maintained pending additional discovery from Bank of America."[3] (Coburn Decl. Ex. D at 3.)

---

[2] The Certificate of Service states October 22, 2020, but they were in fact served October 21, 2020.

Coupled with Wapp's twin failure to take any depositions or chart UI TestRunner despite having all the source code, those lines amount to a startlingly cynical refusal to concede that UI TestRunner is irrelevant and that BOA is, therefore, not a manufacturer. That, accordingly, BOA is a mere customer of standard Micro Focus products that it uses "off the shelf" as designed by Micro Focus. (Hart Decl. at ¶¶ 5-6 , Coburn Decl. Ex. D.) The stay afforded by the Customer Suit Doctrine exists to avoid exactly the inefficiency, undue burden, and expense that Wapp has so far exploited.

## III.    ARGUMENT

### A.  Applicable Law: The Customer Suit Doctrine

The Federal Circuit has expanded the customer-suit exception to stay customer suits in favor of a co-pending manufacturer suit regardless of forum and which suit was filed first. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). In *Nintendo*, the Federal Circuit directed a district court to stay infringement suits against eleven customer defendants, finding that the "case against [the manufacturer] must proceed first, in any forum." 756 F.3d at 1366. The court reasoned that "the issues of infringement and validity [we]re common" to the manufacturer and the customer suits, and "that if [the plaintiff] were to collect royalties from [the manufacturer], this would preclude suit against the [customers]." *Id.*

The Federal Circuit explained that the stay relief afforded by the customer suit doctrine "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement . . . and to guard against possibility of abuse," and is intended "to facilitate just, convenient, efficient, and less expensive determination[s]." *See id.* at 1365; *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). Accordingly, where the

customer and manufacturer suits share the same "major issues," such as infringement and invalidity, the doctrine "exists to avoid . . . imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo,* 756 F.3d at 1365; *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This is true even if there "may be additional issues involving the defendant[] in [the customer suit]." *Nintendo*, 756 F.3d at 1366 (quoting *Katz*, 909 F.2d at 1464) (internal quotation marks omitted); *Spread Spectrum*, 657 F.3d at 1358.

Since *Nintendo*, this District has recognized that "courts have developed a practice of . . . staying claims against customers pending resolution of the suit against the manufacturer." *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. July 12, 2017). In *Saint Lawrence*, the court stayed a customer suit in favor of a manufacturer suit based on the same products and patents where "the infringement contentions . . . served on" the manufacturer and customers "were identical." 2017 WL 3712912, at *1. The court held that the claims against the customer defendants were "peripheral" to those against the manufacturer, noting that the customer defendants "play[ed] no role in the development, design, or implementation of the relevant software code." *Id.* at *2. The court further relied on the fact that the customer defendants had "agree[d] to be bound by the invalidity and infringement rulings in [the manufacturer] case." *Id.* The court held that "infringement and invalidity—two of the biggest issues in any patent case—[would therefore] be resolved by the first trial against" the manufacturer. *Id.*

### B.  The Customer Suit Doctrine Warrants A Stay.

Wapp's failure to chart UI TestRunner despite reviewing the source code leaves this case is squarely within the ambit of the Customer Suit Doctrine. Against exactly the same Micro Focus

products in each case, Wapp asserts exactly the same claims against BOA as it does against Micro Focus in the Manufacturer Suit. The claim charts are identical, and resolution of the Manufacturer Suit would serve the goals of "just, efficient, and less expensive determination" by resolving the major issues in the Manufacturer Suit and protecting a mere customer. *Nintendo,* 756 F.3d at 1365-66.

    1. <u>BOA Is Not a Manufacturer of Accused Instrumentalities; Micro Focus Is The True Defendant</u>.

Wapp's UI TestRunner failure and the Hart Declaration establish two facts fatal to Wapp's assertion that BOA is a manufacturer.

One, Wapp can nolonger use UI TestRunner to claim that BOA is a manufacturer.

Two, not only is UI TestRunner a blind alley, but BOA does not manufacture, design , or develop—and never has—any mobile testing software. (Hart Decl. at ¶ 4 , Coburn Decl. Ex. D.) Accordingly, with the only accused products at issue being Micro Focus products, Micro Focus is the true defendant. *Nintendo*, 756 F.3d at 1365 (The "'customer-suit exception'…exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."); *Saint Lawrence*, 2017 WL 3712912, at *2 (recognizing that the manufacturer is the true defendant when a plaintiff has sued the manufacturer and a customer under the same patents on the same accused products).

    2. <u>The Manufacturer Suit Will Undoubtedly Be Dispositive of The Major Issues — And Almost Certainly All Issues—In This Case</u>.

Given that Micro Focus is the true defendant, the remaining issue is whether the Manufacturer Suit will resolve the major issues asserted against BOA sufficient to trigger the stay afforded by the customer suit doctrine. It will. And although such agreement is not required

under the Customer Suit Doctrine, BOA hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity.

Regarding invalidity, the Patents-in-Suit are identical between the Manufacturer Suit and this action, and both Micro Focus and BOA have challenged their validity. Dkt. No. 8 at ¶ 112; *Wapp Tech Ltd. v. Micro Focus Int'l plc*, No. 4:18-cv-469-ALM (E.D. Tex., July 2, 2018), Dkt. No. 96 at ¶¶ 128-135; *Nintendo*, 756 F.3d at 1366 (identifying common invalidity issues as favoring a stay).

Regarding infringement, the only accused products that Wapp charted against BOA in its October 21 Contentions are Micro Focus products, referred to in the October 21 Contentions as "Micro Focus-related Accused Systems." (Coburn Decl. at ¶ 5.) On October 21, Wapp also purported to serve amended contentions on Micro Focus. (Coburn Decl. Ex. E.) Wapp's BOA and Micro Focus infringement contentions for the Micro Focus-related Accused Systems are identical – the October 21 Contentions to Micro Focus and BOA assert the exact same claims against the exact same Micro Focus products using the exact same charts. (Coburn Decl. at ¶ 8.) Identical contentions warrant a stay. *St. Lawrence*, 2017 WL 3712912, at *3.

Of the thirteen (13) asserted claims, twelve (12) are system claims. (*See* Coburn Decl. Exs. C and E, identifying the asserted claims; Dkt. Nos. 1-1 – 1-3, the Patents-in-Suit.) Accordingly, as with apparatus claims, the resolution of the 12 asserted systems claims in the Manufacturer Suit will undeniably be dispositive of those assertions in this case. Wapp's accused Micro Focus-related Accused System(s) either directly infringe the asserted systems claims or they do not.

The thirteenth asserted claim—Claim 20 of the '864 patent—is a method claim. Importantly, Wapp has asserted only direct infringement claims against Micro Focus and BOA.

Given the identical charting, it is virtually certain that resolution of this single method claim in the Manufacturer Suit would be dispositive in this suit. Even if it were not, the Manufacturer Suit will undoubtedly resolve the "major issues" by being dispositive of invalidity and infringement of 12 of the 13 asserted claims (i.e., the 12 system claims).

## IV.    CONCLUSION

Wapp should not be permitted to thwart the Customer Suit Doctrine by both ignoring and avoiding discovery showing that BOA is a mere customer of Micro Focus. The question upon which the Court denied BOA's original stay motion has been answered: BOA is a customer, not a manufacturer. The Manufacturer Suit would undoubtedly resolve the major issues presented in this suit. Accordingly, the Customer Suit Doctrine governs, and BOA respectfully requests that the Court stay this action pending resolution of the Manufacturer Suit.

Dated: October 29, 2020                    Respectfully Submitted,

                                           By: */s/ Bradley D. Coburn*
                                           Barry K. Shelton
                                           Texas State Bar No. 24055029
                                           Bradley D. Coburn
                                           Texas State Bar No. 24036377
                                           SHELTON COBURN LLP
                                           311 RR 620 S, Suite 205
                                           Austin, Texas 78734-4775
                                           Telephone: (512) 263-2165
                                           Facsimile: (512) 263-2166
                                           bshelton@sheltoncoburn.com
                                           coburn@sheltoncoburn.com

                                           *Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred by telephone on October 23, 2020 and October 28, 2020. I discussed the issue presented herein on behalf of Defendant, and I explained that BOA is a mere customer of Micro Focus. Mr. Robert Kramer, counsel for Plaintiffs, indicated that Plaintiffs are opposed. The discussions ended in an impasse, leaving an open issue for the Court to address.

/s/ Bradley D. Coburn
Bradley D. Coburn

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on October 29, 2020 on all counsel of record who have consented to electronic service.

/s/ Bradley D. Coburn
Bradley D. Coburn

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

WAPP TECH LIMITED PARTNERSHIP
AND WAPP TECH CORP.,

        Plaintiffs,

     v.

BANK OF AMERICA, N.A.,

        Defendant.

Case No. 4:18-cv-00519-ALM

**JURY TRIAL DEMANDED**

**DECLARATION OF BRADLEY COBURN IN SUPPORT OF**
**BANK OF AMERICA'S MOTION TO STAY**

Bradley Coburn declares:

    1.    I am a member of the law firm Shelton Coburn LLP, counsel of record for

defendant. I make this declaration based on my own personal knowledge, and based on records

maintained by Shelton Coburn in the ordinary course of business, to which I have access and

upon which I rely in the course of performing my duties to Shelton Coburn and its clients,

including defendant.

    2.    Attached as **Exhibit A** hereto is Plaintiff Wapp's "Disclosure of Initial

Infringement Contentions Pursuant to P.R. 3-1 and 3-2" to BOA dated November 7, 2019.

    3.    Attached as **Exhibit B** hereto are relevant excerpts of BOA's May 7, 2020 First

Amended Responses and Objections to Wapp's First Interrogatories.

    4.    BOA made the source code for UI TestRunner available to Wapp at its outside

counsel's Dallas office beginning May 7, 2020. At Wapp's request, BOA also made source code

for UI TestRunner available in Irvine, California beginning July 10, 2020. And on August 20,

2020, though the source code already provided was representative, BOA made all available

versions of UI TestRunner source code available to Wapp in Irvine, California. Finally, at Wapp's request, BOA provided Wapp's technical expert with a printed copy of the UI TEstRunner source code on October 9, 2020.

5.      Attached as **Exhibit C** hereto is the October 21, 2020 cover document for Wapp's "Second Updated Disclosure of Infringement Contentions Pursuant to P.R. 3-1" to Bank of America. Exhibits 1-3 to the October 21 Contentions chart only Micro Focus products against Bank of America, which the October 21 Contentions define as Micro Focus-related Accused Systems. Exhibits 4-6 are placeholder exhibits that do not chart any products but include references to UI TestRunner as a so-called Additional Accused System.

6.      BOA offered 30(b)(6) depositions across multiple dates in September and October 2020: 9/16/2020; 9/18/2020; 10/16/2020; 10/21/2020; 10/23/2020. Wapp accepted none of them.

7.      Attached as **Exhibit D** hereto is the October 29, 2020 Declaration of Aleta Hart.

8.      Attached as **Exhibit E** hereto is the October 21, 2020 cover document for Wapp's "Second Updated Disclosure of Infringement Contentions Pursuant to P.R. 3-1" to Micro Focus. I personally prepared compare documents between the charts included as Exhibits 1-3 of the October 21 Contentions to both Micro Focus and Bank of America, and they are identical. That is, the only accused product charting included with the October 21 Contentions to Bank of America is identical to charting included with the Micro Focus October 21 Contentions.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief.

DATED: October 29, 2020               */s/ Bradley Coburn*                          

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

WAPP TECH LIMITED PARTNERSHIP
|and WAPP TECH CORP.,

        Plaintiffs,

      v.

BANK OF AMERICA CORP.,

        Defendants.

C.A. No. 4:18-cv-00519-ALM

JURY TRIAL DEMANDED

**DISCLOSURE OF INITIAL INFRINGEMENT CONTENTIONS
PURSUANT TO P.R. 3-1 AND 3-2**

Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. ("Plaintiffs" or "Wapp")
makes the following infringement disclosures to Defendant Bank of America Corp. ("Bank of
America") under the Patent Local Rules with respect to U.S. Patent No. 9,971,678, ("the '678
patent"), U.S. Patent No. 9,298,864 ("the '864 Patent"), and U.S. Patent No. 8,924,192 ("the
'192 patent").  Wapp's investigation is ongoing, discovery has only just commenced, and the
Defendant has yet to produce any documents in this case. Accordingly, Wapp's disclosures are
based on publicly available and/or publicly discernable materials regarding the accused
instrumentalities that describe or discuss aspects of the operation of the instrumentalities.  Wapp
reserves the right to supplement or alter its disclosures herein based on additional information
obtained through further investigation, discovery, claim construction, expert analysis, or any
position taken by Defendant.

## I.   DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS

### A.   Infringed Claims and Infringing Products

HPE commercialized the HP LoadRunner and HP Performance Center 11.50 offerings in 2012, with the follow up launch of HP LoadRunner and HP Performance Center 12.0 offerings for "Mobile and Cloud-based Application Testing" in March of 2014, including the subsequent release of HP StormRunner Load in September of 2014 as part of the HP Performance Testing Suite2 and the follow up release of HP Mobile Center in October of 2014, among other additional mobile product offerings.  After the HPE-Micro Focus spin-out merger, these product offerings were renamed using the term Micro Focus.  Hereafter, these products are referred to as the "Micro Focus Software Suite."

Defendant has been making and/or using (including for testing purposes) and continues to make and/or use (including for testing purposes) systems for testing an application for a mobile device, the systems for testing ("Micro Focus-related Accused Systems") including, but not limited to, the Micro Focus Software Suite, which includes HP LoadRunner, HP Performance Center, HP StormRunner, HP Mobile Center, Shunra Network Virtualization, HP Network Virtualization engine, HP Network Virtualization for Mobile, HP Network Capture, and/or any Micro Focus products related to any of the foregoing.

Defendant through its making, using, and/or development of the Micro Focus-related Accused Systems has infringed and continues to infringe at least claims 1-3, 26, 37, and 45 of the '678 patent, claims 1-3, 8-12, 20, and 29 of the '864 patent, and claims 1-3 of the '192 patent.

In addition, Wapp believes that Defendant is infringing each of the three patents through its making, using, and/or development of additional products such as UI TestRunner

2

("Additional Accused Systems").  However, because Wapp is in the process of seeking discovery about those additional products and infringement of these Additional Accused Systems involves applying software limitations, Wapp is presently unable to be more specific about where such limitations are met in the Additional Accused Systems.  (*See* Patent Local Rule 3.1(g) as set out by Judge Mazzant in his Scheduling Order of November 1, 2019.)  Based on the present information, Wapp believes that Defendant's making, using, and/or development of the Additional Accused Systems may infringe each of claims 1-50 of the '678 patent, claims 1-41 of the '864 patent, and claims 1-16 and 60-69 of the '192 patent.

Wapp reserves the right to add, delete, substitute, or otherwise amend and/or supplement this identification of asserted claims should further discovery, the Court's claim construction, or other circumstances so merit.  Wapp further reserves the right to amend the attached charts, as well as other information contained in this document and the attachments hereto, to incorporate new information learned during the course of discovery.

## B.      Claim Charts

Wapp's detailed preliminary infringement assertions for the Micro Focus-Related Accused Systems are contained in the claim charts provided as Attachment 1.

Attached as Attachment 2 are Wapp's preliminary infringement assertions for the Additional Accused Systems.

Wapp further reserves the right to amend the claim charts, as well as other information contained in this document and the attachment hereto, pursuant to Patent Local Rule 3-6.

## C.      Doctrine of Equivalents

Wapp asserts that, under the proper construction of the asserted claims and their claim terms, the limitations of the asserted claims of the Wapp patents are literally present in the

Micro Focus-Related Accused Systems and the Additional Accused Systems, as set forth in the claim charts attached hereto.  For any limitation that is found to be not literally present, Wapp asserts that Defendant induces and/or contributes to infringement by others and/or that such limitation is present under the doctrine of equivalents.  At present, Wapp lacks knowledge as to which, if any, limitations of the asserted claims Defendant believes not to be literally embodied by the Micro Focus-Related Accused Systems and the Additional Accused Systems and, hence, as to whether Wapp will be contending that any limitations of the asserted claims (and, if so, which ones) are equivalently embodied by those systems.

Moreover, pursuant to Patent Local Rule 3-6, Wapp reserves the right to amend its Infringement Contentions to specifically assert infringement by the doctrine of equivalents in light of the Court's claim construction.

### D.    Priority Claim to an Earlier Application

The '678 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 13/673,692, filed November 9, 2012 (now U.S. Pat. No. 8,924,192), which is a continuation of U.S. Patent Application Ser. No. 12/759,543, filed April 13, 2010 (now U.S. Pat. No. 8,332,203), which is a continuation of U.S. Patent Application Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910) which claims priority to U.S. Patent Application Ser. No. 60/689,101, filed June 10, 2005.

The '864 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 12/705,913, filed February 15, 2010 (now U.S. Pat. No. 8,589,140), which claims priority to United States Application Ser. No. 61/152,934, filed Feb. 16, 2009, and is a continuation-in-part of United States Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910), which claims priority to United states Application Ser. No. 60/689,101, filed June 10, 2005.

4

The '192 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 12/759,543, filed April 13, 2010, which is a continuation of United States Patent Application Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910), which claims priority to U.S. Patent Application Ser. No. 60/689,101, filed June 10, 2005.

### E.  Practice of the Claimed Invention

Wapp does not contend that it practices the asserted claims of the asserted patent.

## II.  DOCUMENT PRODUCTION

### A.  Disclosure Prior to Application Date

Wapp will permit inspection and copying of, or shall otherwise produce, at a mutually convenient time documents in its possession, custody, and control pertaining to the disclosure to, or other manner of providing to a third party, or sale of or offer to sell the claimed inventions prior to the dates of application for the patents in suit at an agreed time and once the parties have concluded discussions as to an appropriately-modified Protective Order in this action.

### B.  Conception and Reduction to Practice

Wapp will permit inspection and copying of, or shall otherwise produce, at a mutually convenient time documents in its possession, custody, and control evidencing the conception, reduction to practice, design, and development of each claimed invention that were created on or before the relevant priority date identified above at an agreed time and once the parties have concluded discussions as to an appropriately-modified Protective Order in this action.

### C.      File History for Patents-In-Suit

Wapp will permit inspection and copying of, or shall otherwise produce, the patent file histories for the '678, '864, and '192 patents at a mutually convenient time.

Dated: November 7, 2019                    DEVLIN LAW FIRM, LLC

                                           /s/ Henrik D. Parker
                                           Timothy Devlin
                                           Henrik D. Parker
                                           DEVLIN LAW FIRM LLC
                                           1526 Gilpin Ave
                                           Wilmington, DE 19806
                                           (302) 449-9010
                                           tdevlin@devlinlawfirm.com
                                           hparker@devlinlawfirm.com

                                           Jeffrey G. Toler
                                           Texas State Bar No. 24011201
                                           TOLER LAW GROUP, PC
                                           8500 Bluffstone Cove, Suite A201
                                           Austin, TX 78759
                                           (512) 327-5515
                                           jtoler@tlgiplaw.com

                                           ATTORNEYS FOR PLAINTIFFS
                                           WAPP TECH LIMITED PARTNERSHIP
                                           AND WAPP TECH CORP

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I caused a copy of this document to be served by transmitting it via e-mail or electronic transmission to counsel of record for Defendant.


/s/ Henrik D. Parker
Henrik D. Parker

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP., <br><br> Defendant. | Case No. 4:18-cv-00519-ALM <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT BANK OF AMERICA CORPORATION'S FIRST AMENDED RESPONSES AND OBJECTIONS TO WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33 of the Federal Rules of Civil Procedure and the local rules of this Court, Defendant Bank of America Corporation ("Defendant" or "Bank of America") hereby responds to Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s ("Wapp" or "Plaintiffs") First Set of Interrogatories.

## GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories on the basis that they fail to take reasonable steps to avoid imposing undue burden or expense on Defendant as required by Federal Rule of Civil Procedure 45(d)(1).

2.      Defendant objects to the Interrogatories, including the "Definitions" and "Instructions" contained in the Interrogatories, to the extent that they purport to impose any requirement or discovery obligation on Defendant other than those set forth in the Federal Rules of Civil Procedure or the Rules of this Court.

3. Defendant objects to the Interrogatories to the extent that they seek information, documents, and/or things protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections. Hereinafter "privilege" or "privileged" includes attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.

4. Defendant objects to the Interrogatories to the extent they seek discovery that is not relevant to any party's claim or defense nor proportional to the needs of the case.

5. Defendant objects to the Interrogatories to the extent they seek confidential and proprietary information of non-parties. Defendant will provide such information to the extent that it can without violating court orders and/or agreements with non-parties.

6. Defendant objects to the Interrogatories as overly broad to the extent they fail to specify a relevant time period for which information is requested or seek information that goes beyond the time period relevant to this case.

7. Defendant objects to the Interrogatories to the extent they seek information that is publicly available or otherwise equally or more readily accessible to Wapp, information that has previously been disclosed to Wapp, or information already within Wapp's knowledge or control.

8. Defendant objects to the Interrogatories to the extent they seek information that is not known or reasonably available to Defendant or within Defendant's possession, custody, or control, including information that may have previously been in Defendant's possession, custody or control, but may no longer be so due to loss of personnel or information from Defendant. Defendant also objects to the Interrogatories to the extent they require Defendant to respond on behalf of other entities.

9.      Defendant objects to the Interrogatories to the extent they seek duplicative and/or cumulative information.

10.     Defendant objects to the Interrogatories to the extent they are compound and contain multiple subparts that should count as more than one Interrogatory.  Any responses to the Interrogatories do not waive Defendant's right to object to subsequent interrogatories that, due to the number of subparts, exceed the limits set forth by the Court.

11.     Defendant specifically objects to the definitions of "Bank of America," "you," and "your" as overly broad.  As previously stated, Bank of America Corporation is a holding company that provides no products or services and does not use the Accused Instrumentalities (as defined by Defendant below).  Dkt. #9 ¶ 7; Dkt. #12 at 1 n.1, 4.  Bank of America, N.A., which is a wholly owned subsidiary of Bank of America Corporation, uses one or more of the Accused Instrumentalities in the United States.  *See* Dkt. #12 at 1 n.1.  In its responses to the Interrogatories, Defendant interprets "Bank of America," "you," or "your" as referring only to Bank of America, N.A.

12.     Defendant specifically objects to the definition of "all documents" as vague, ambiguous, and overly broad.  Defendant further objects to this definition to the extent it requires Defendant to produce documents not within its possession, custody, or control, and as imposing an undue burden on Defendant.

13.     Defendant specifically objects to the definitions of "Component" and "Components" as vague, ambiguous, and overly broad.

14.     Defendant specifically objects to the definition of "communication" as vague, ambiguous, and overly broad.

15.     Defendant specifically objects to the definition of "date" as unduly burdensome.

16.     Defendant specifically objects to the definitions of "document" and "documents" as vague, ambiguous, and overly broad.

17.     Defendant specifically objects to the definition of "customer" as vague, ambiguous, and overly broad.  Wapp does not even provide a definition of "customer" other than it "means the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, unless the context indicates otherwise."  This is not a definition of "customer" for the purpose of providing responses to the Interrogatories.

18.     Defendant specifically objects to Instruction No. 2 as leading to multiple subparts that should count as more than one Interrogatory.  To the extent that a different response must be provided, that Interrogatory should count as more than one Interrogatory.

19.     Defendant specifically objects to Instruction No. 6 for prematurely seeking a privilege log in violation of the Scheduling Order (Dkt. #29).  To the extent the identification of privileged documents is required, Defendant will produce a privilege log by the date set forth in the Scheduling Order.

20.     Defendant's responses are based upon information presently known.  Defendant reserves the right to rely on any facts, documents, or other evidence which may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these objections and responses.

21.     Defendant reserves the right to amend these General Objections and its Specific Objections to any Interrogatory at any time.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

Without waiving the above objections, Defendant specifically objects and responds to each of Plaintiffs' Interrogatories as follows:

## INTERROGATORY NO. 1:

Identify each Accused Instrumentality purchased, made, used, sold, offered for sale by, or for, you in the United States or imported into the United States by, or for, you since January 1, 2012, including identifying the product name, model number, version number, and internal code name, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

## RESPONSE TO INTERROGATORY NO. 1:

Defendant incorporates its General Objections as if fully set forth herein.  Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendant also objects to this Interrogatory as not relevant to any party's claim or defense to the extent that "purchasing" does not constitute an act of infringement under 35 U.S.C. § 271.  Identifying a product in response to this Interrogatory does not constitute an admission that there is infringement or a potential act of would-be infringement of the patents in suit.  Defendant objects to the term "internal code name" and the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as vague and ambiguous.  Defendant further objects to the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as overly broad and unduly burdensome.  Defendant also objects to the term "Accused Instrumentality" and its definition, as vague, ambiguous, overly broad and unduly burdensome.  Defendant will interpret "Accused Instrumentality" as set forth in General Objection No. 12.  Defendant objects to this Interrogatory on the basis that it is not reasonably limited in scope and

5

in that the date exceeds the time limitation for damages. As such, Defendant is limiting its response to the time period from July 2, 2012, to present. Defendant further objects to this Interrogatory to the extent it seeks information that is not known or reasonably available to Defendant or within Defendant's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant has purchased a license to use at least the following products: LoadRunner, Performance Center, and Mobile Center. Defendant will make available for inspection or produce non-privileged documents from which information responsive to this Interrogatory can be obtained.

Defendant's investigation is ongoing, and Defendant reserves the right to supplement this response if any new or additional information is identified at a later time and to make any additional objections that may become apparent.

### FIRST AMENDED RESPONSE TO INTERROGATORY NO. 1:

Defendant incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendant also objects to this Interrogatory as not relevant to any party's claim or defense to the extent that "purchasing" does not constitute an act of infringement under 35 U.S.C. § 271. Identifying a product in response to this Interrogatory does not constitute an admission that there is infringement or a potential act of would-be infringement of the patents in suit. Defendant objects to the term "internal code name" and the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as vague and ambiguous. Defendant further objects to the phrases "the persons with relevant knowledge" and "the documents reflecting

6

these facts" as overly broad and unduly burdensome. Defendant objects to the temporal limitation of this definition as it purports to seek information on products "made, used, sold, or offered for sale . . . since January 1, 2012." In light of the issue dates of the patents in suit, Defendant limits the temporal scope to December 30, 2014, which is the issue date for U.S. Patent No. 8,924,192 and the earliest of the three issue dates. Defendant further objects to this Interrogatory to the extent it seeks information that is not known or reasonably available to Defendant or within Defendant's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Defendant amends its response to Interrogatory No. 1 as follows, which amended response replaces and supersedes in its entirety Defendant's original response:

Defendant has purchased a license to use at least the following products that Plaintiffs have specifically identified by name: LoadRunner, Performance Center, Mobile Center, Network Virtualization, HP Application Lifecycle Management, HP Quality Center, and HP Unified Functional Testing. Defendant has also used UI TestRunner.

With the exception of UI TestRunner, the individuals knowledgeable of the foregoing facts include Aleta Hart and Barbara Kelleher. The individuals knowledgeable about UI TestRunner include Surya Pradhan and Fred Forsyth.

Pursuant to Rule 33(d), documents responsive to this Interrogatory include, but are not limited to, the following: BOA00000001–BOA00000036, BOA00000037–BOA00000042, BOA00017320.

**<u>INTERROGATORY NO. 2</u>:**

Describe in detail the design, development, function, operation, and method of use of each Accused Instrumentality identified in your response to Interrogatory No. 1, including any

related user settings or configuration options, any restrictions, dependencies, incompatibilities or other limitations of each Accused Instrumentality, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendant also objects to the term "Accused Instrumentality" and its definition, as vague, ambiguous, overly broad and unduly burdensome. Defendant will interpret "Accused Instrumentality" as set forth in General Objection No. 12. Defendant further objects to this Interrogatory as vague and ambiguous as to "development," "function," "method of use," "user settings," "configuration options," "restrictions," "dependencies," "incompatibilities," and "other limitations." Defendant objects to the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as vague and ambiguous. Defendant further objects to the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as overly broad and unduly burdensome. Defendant objects to this Interrogatory on the basis that it is not reasonably limited in scope in that the date exceeds the time limitation for damages. As such, Defendant is limiting its response to the time period from July 2, 2012, to present. Defendant also objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case.

Defendant further objects to this Interrogatory as compound and consisting of multiple discrete parts, in that it seeks, for example, information about the "design, development, function, operation, and method of use of each Accused Instrumentality," and "related user settings or

8

configuration options, any restrictions, dependencies, incompatibilities or other limitations of each Accused Instrumentality." Because these are entirely separate subparts requiring separate responses, Defendant interprets this Interrogatory as multiple interrogatories that should count against the total number of interrogatories allotted to Wapp in this Action. Defendant further objects to this Interrogatory to the extent it seeks information that is not known or reasonably available to Defendant or within Defendant's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant incorporates by reference the Motion to Stay (Dkt. #12) and the Reply in Support of the Motion to Stay (Dkt. #15), and all exhibits attached thereto. As stated in its briefing, Defendant, as a customer, has never had a role in designing, developing, producing, or maintaining any of the products named in response to Interrogatory No. 1. Further, to the extent that any of the products named in response to Interrogatory No. 1 are used, such use is "off the shelf" and in accordance with the manner described in the user manuals, guides, and other information, which are available online at http://admhelp.microfocus.com. To the extent Defendant has any user manuals, guides, or information other than that which is publicly available online, Defendant will make such available for inspection as part of the document production accompanying invalidity contentions pursuant to P.R. 3-4(a) and by the date set forth in the Scheduling Order.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendant further objects to this Interrogatory as vague and ambiguous as to "development," "function," "method of use," "user settings," "configuration options,"

"restrictions," "dependencies," "incompatibilities," and "other limitations." Defendant objects to the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as vague and ambiguous. Defendant further objects to the phrases "the persons with relevant knowledge" and "the documents reflecting these facts" as overly broad and unduly burdensome. Defendant objects to the temporal scope of this Interrogatory, which exceeds the issue dates of the patents in suit. Defendant limits the temporal scope to December 30, 2014, which is the issue date for U.S. Patent No. 8,924,192 and the earliest of the three issue dates. Defendant also objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case.

Defendant further objects to this Interrogatory as compound and consisting of multiple discrete parts, in that it seeks, for example, information about the "design, development, function, operation, and method of use of each Accused Instrumentality," and "related user settings or configuration options, any restrictions, dependencies, incompatibilities or other limitations of each Accused Instrumentality." Because these are entirely separate subparts requiring separate responses, Defendant interprets this Interrogatory as multiple interrogatories that should count against the total number of interrogatories allotted to Wapp in this Action. Defendant further objects to this Interrogatory to the extent it seeks information that is not known or reasonably available to Defendant or within Defendant's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Defendant amends its response to Interrogatory No. 2 as follows, which amended response replaces and supersedes in its entirety Defendant's original response:

Defendant incorporates by reference the Motion to Stay (Dkt. #12) and the Reply in Support of the Motion to Stay (Dkt. #15), and all exhibits attached thereto. As stated in its briefing, Defendant, as a customer, has not had a role in designing, developing, producing, or maintaining

any of the products identified in its first amended response to Interrogatory No. 1 for which it has purchased a license.  Further, to the extent that Defendant uses any of those products for which it has purchased a license, such use is "off the shelf" and in accordance with the manner described in the user manuals, guides, and other information, which are available online.  *See, e.g.*, http://admhelp.microfocus.com.

UI TestRunner was developed internally in 2011 to test the functionality associated with user interfaces for Defendant's proprietary desktop software.  It was not developed to test applications designed to run on a mobile device, nor can it be used to do that.  UI TestRunner was marked as a deprecated technology framework on April 30, 2013, meaning that after April 30, 2013, UI TestRunner was no longer actively supported.  Based upon information presently known to Defendant, the last time test results were stored after running UI TestRunner was February 19, 2013.  UI TestRunner was marked as a deprecated technology framework on April 30, 2013, meaning that after April 30, 2013, UI TestRunner was no longer actively supported.

Additionally, pursuant to Rule 33(d), documents responsive to this Interrogatory include, but are not limited to, the following:    BOA00007413–BOA00007507, BOA00017291–BOA00017319, BOA00017459–BOA00017461.

The individuals knowledgeable about UI TestRunner include Surya Pradhan and Fred Forsyth.

Defendant will make the source code for UI TestRunner available for inspection pursuant to the parties' agreed-upon provisions of the Protective Order.

**INTERROGATORY NO. 3:**

Describe in detail the identity and role played by all entities, including any of Bank of America's subsidiaries or affiliates, or any third-party entity, involved in the design, manufacture,

Dated:  May 7, 2020

By:  */s/ Mark N. Reiter*  _____

Mark N. Reiter
Lead Attorney
Texas State Bar No. 16759900
mreiter@gibsondunn.com
Ashbey N. Morgan
Texas State Bar No. 24106339
anmorgan@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-6912
Telephone:  214.698.3100
Facsimile:  214.571.2907

Neema Jalali
njalali@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone:  415.393.8200
Facsimile:  415.374.8409

Jordan Bekier
jbekier@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2020, a true and correct copy of the above and foregoing

document has been served by electronic mail upon all counsel of record.

*/s/ Mark N. Reiter*
Mark N. Reiter

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | Case No. 4:18-cv-00519-ALM |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| BANK OF AMERICA CORP., | |
| Defendant. | |

**SECOND UPDATED DISCLOSURE OF INFRINGEMENT
CONTENTIONS PURSUANT TO P.R. 3-1**

Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. ("Plaintiffs" or "Wapp")

make the following infringement disclosures to Defendant Bank of America Corp. ("Bank of

America") under the Patent Local Rules with respect to U.S. Patent No. 9,971,678, ("the '678

patent"), U.S. Patent No. 9,298,864 ("the '864 Patent"), and U.S. Patent No. 8,924,192 ("the '192

patent").  Wapp's investigation is ongoing and discovery is continuing.  Wapp's disclosures are

based on information disclosed during discovery as well as on publicly available and/or publicly

discernable materials regarding the accused instrumentalities that describe or discuss aspects of the

operation of the instrumentalities. Wapp reserves the right to supplement or alter its disclosures

herein based on additional information obtained through further investigation, discovery, claim

construction, expert analysis, or any position taken by Defendant.

**I.      DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

   **A. Infringed Claims and Infringing Products**

HPE commercialized the HP LoadRunner and HP Performance Center 11.50 offerings in 2012, with the follow up launch of HP LoadRunner and HP Performance Center 12.0 offerings for "Mobile and Cloud-based Application Testing" in March of 2014, including the subsequent release of HP StormRunner Load in September of 2014 as part of the HP Performance Testing Suite2 and the follow up release of HP Mobile Center in October of 2014, among other additional mobile product offerings. After the HPE-Micro Focus spin-out merger, these product offerings were renamed using the term Micro Focus.

Defendants have been making, using (including for testing purposes), developing, selling, and/or offering to sell and continue to make, use (including for testing purposes), develop, sell, and/or offer to sell systems for testing an application for a mobile device. These systems for testing ("Micro Focus-related Accused Systems") include the following:

Network Virtualization in various releases and literature sometimes called Micro Focus Network Virtualization, Shunra for HP Software, Shunra Network Virtualization, HP Network Virtualization, and HPE Network Virtualization on one hand and on the other hand one of the following products successive from HP, HPE and Micro Focus:

- Loadrunner, which later became Loadrunner Professional, in various releases including at least versions 12.50 through 2020 SP2;

- Performance Center, which later became Loadrunner Enterprise, in various releases including at least versions 12.50 through 2020 SP2;

- Stormrunner Load, which later became Loadrunner Cloud;

- Mobile Center, which later became UFT Mobile, versions up through 3.4,

- And several additional products that are integrated with and use Network Virtualization through Mobile Center/UFT Mobile, including UFT (Unified Functional Testing) products and Sprinter.

2

Because the named products are integrated with each other, they act as a system and are used as an integrated whole, sometimes referred to as the Micro Focus Software Suite. Please note that the terms "HP", "HPE," and "Micro Focus" have often been used by the defendants interchangeably when discussing the Accused Systems and, thus, the Accused Systems include any combination of the products using the interchangeable introductory terms.  The Accused Systems are identified in Exhibits 1 – 6.

Defendants through their making, using, selling/licensing, and/or offering to sell/license the Micro Focus-related Accused Systems have infringed and continue to infringe:

- Claims 26, 45 and 47-49 of the '678 patent;

- Claims 1-3, 8 and 20 of the '864 patent; and

- Claims 1-3 of the '192 patent.

Bank of America's use of the Micro Focus-related Accused Systems includes running load tests using Micro Focus VuGen scripts having lines directed to "handset" and "network virtualization."  Other documents describe these VUser scripts as forming the foundation of a performance test, and VuGen scripts as being Performance Testing Assets.  Some scripts include lines of "PerformanceClass=Network."

In addition to Wapp's contentions of infringement by Bank of America's use of the Micro Focus-related Accused Systems, Wapp's earlier contentions also included the following identification of UI TestRunner as a potentially infringing product.  This contention regarding UI Testrunner is being maintained pending additional discovery from Bank of America.

Defendants continue to produce source code with the most recent production within the last two weeks.  Moreover, Bank of America has not produced a single 30(b)(1) or 30(b)(6) witness to testify.  Furthermore, there are outstanding meet and confer issues regarding Bank of America's document production.  Wapp reserves the right to amend the attached charts, as well as other

3

information contained in this document and the attachment hereto, to incorporate new information learned during the course of discovery.

### B. Claim Charts

Wapp's detailed infringement contentions are contained in the claim charts provided as Exhibits 1-6. These charts are designated **Restricted Confidential-Source Code.** It should be noted that, while presenting Wapp's current contentions as to how the Accused Systems infringe the asserted patent claims in written/visual form, these charts also supplement those descriptions by making use of color coding to highlight where various claim elements are shown in the Accused Systems and the user guides describing those Systems. Wapp further reserves the right to amend these claim charts, as well as other information contained in this document and the attachment hereto, pursuant to Patent Local Rule 3-6.

### C. Doctrine of Equivalents

Wapp asserts that, under the proper construction of the asserted claims and their claim terms, the limitations of the asserted claims of the Wapp patents are literally present in the Micro Focus-Related Accused Systems, as set forth in the claim charts attached hereto. For any limitation that is found to be not literally present, Wapp asserts that such limitation is present under the doctrine of equivalents and has set forth in its claim charts discussions of how the various elements perform substantially the same functions in substantially the same way to achieve substantially the same results as called for by the claim elements.

For example, Wapp contends that bandwidth utilization literally infringes language in claims 26 and 45 of the '678 patent directed to bandwidth availability. This is because a bandwidth utilization measurement also tells a POSITA how much bandwidth is still available. For example, if bandwidth utilization is 10%, then bandwidth availability is 90%. Bandwidth availability is inherently known from bandwidth utilization, and vice versa.

Nevertheless, should it be determined that this claim element is not literally found in the accused products, the claim element is still met by the accused products under the doctrine of equivalents. Both network characteristics perform substantially the same function in substantially the same way to achieve substantially the same result. Additional allegations of infringement under the doctrine of equivalents can be found in the attached claim charts.

### D. Priority Claim to an Earlier Application

The '678 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 13/673,692, filed November 9, 2012 (now U.S. Pat. No. 8,924,192), which is a continuation of U.S. Patent Application Ser. No. 12/759,543, filed April 13, 2010 (now U.S. Pat. No. 8,332,203), which is a continuation of U.S. Patent Application Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910) which claims priority to U.S. Patent Application Ser. No. 60/689,101, filed June 10, 2005. Wapp contends that each of the asserted claims of the '678 patent is entitled to a priority date of no later than May 26, 2004.

The '864 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 12/705,913, filed February 15, 2010 (now U.S. Pat. No. 8,589,140), which claims priority to United States Application Ser. No. 61/152,934, filed Feb. 16, 2009, and is a continuation-in-part of United States Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910), which claims priority to United states Application Ser. No. 60/689,101, filed June 10, 2005. Wapp contends that each of the asserted claims of the '864 patent is entitled to a priority date of no later than May 26, 2004.

The '192 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 12/759,543, filed April 13, 2010, which is a continuation of United States Patent Application Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910), which claims priority to U.S. Patent Application Ser. No. 60/689,101, filed June 10, 2005. Wapp contends that

each of the asserted claims of the '192 patent is entitled to a priority date of no later than May 26, 2004.

### E. Practice of the Claimed Invention

Wapp does not contend that it practices the asserted claims of the asserted patent.

Respectfully submitted,

/s/  Robert F. Kramer
Robert F. Kramer (SBN 181706)
rkramer@feinday.com
M. Elizabeth Day (SBN 177125)
eday@feinday.com
David Alberti (SBN 220625)
dalberti@feinday.com
Sal Lim (SBN 211836)
slim@feinday.com
Russell S. Tonkovich (SBN 233280)
rtonkovich@feinday.com
Marc C. Belloli (SBN 244290)
mbelloli@feinday.com
Andrew Hamill (SBN 251156)
ahamill@feinday.com
FEINBERG DAY KRAMER
ALBERTI LIM TONKOVICH &
BELLOLI LLP
577 Airport Boulevard, Suite 250
Burlingame, California 94101
Telephone: (650) 514-2747
Facsimile: (650) 618-4368

Attorneys for Plaintiffs Wapp Tech
Limited Partnership and Wapp Tech
Corp.

### CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, counsel of record are being served with a copy of this document via email.

/s/  Robert F. Kramer
Robert F. Kramer

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

WAPP TECH LIMITED PARTNERSHIP
AND WAPP TECH CORP.,

        Plaintiffs,

    v.

BANK OF AMERICA, N.A.,

        Defendant.

Case No. 4:18-cv-00519-ALM

**JURY TRIAL DEMANDED**

## <u>DECLARATION OF ALETA HART</u>

1.      I am an employee of Bank of America, N.A. ("Bank of America"). I have been employed by Bank of America since 2001.  The facts set forth herein are true and correct and are based on my own personal knowledge and investigation. If called upon to testify as a witness, I could and would competently testify thereto.

2.      My title at Bank of America is Senior Vice President - Technology. As part of my job responsibilities, I have managed software testing automation and agile work management products, including but not limited to Micro Focus UFT and Performance Center.

3.      I understand that the plaintiffs in this lawsuit have identified "UI TestRunner" as an accused system created and developed by Bank of America. UI TestRunner was developed internally in 2011 to test the functionality associated with user interfaces for Bank of America's proprietary desktop software. It was not developed to test applications designed to run on a mobile device, nor can it be used to do that. UI TestRunner was marked as a deprecated technology framework on April 30, 2013.

4.      Bank of America has not designed, created, or developed any mobile testing software.

5.        I also understand that plaintiffs identify a variety of Micro Focus (including Micro Focus predecessors HP and HPE) products as accused products. Bank of America does not manufacture, design, or develop any Micro Focus products and never has. Bank of America does not play any role in the manufacture, design, or development of any Micro Focus products and never has. Bank of America is merely a customer of Micro Focus.

6.        To the extent Bank of America has used any Micro Focus products, Bank of America uses them as designed and provided by Micro Focus. Bank of America does not modify Micro Focus products in any way, and Bank of America could not modify Micro Focus products because Bank of America does not have access to Micro Focus source code. Bank of America uses only standard Micro Focus products; that is, Micro Focus does not customize its products for Bank of America.

Executed on October 29, 2020

_Aleta M Hart_

—————————————————

Aleta M. Hart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | Case No. 4:18-cv-00469-ALM |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| SEATTLE SPINCO, INC. ET AL., | |
| Defendants. | |

## SECOND UPDATED DISCLOSURE OF INFRINGEMENT
## CONTENTIONS PURSUANT TO P.R. 3-1

Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Plaintiffs" or "Wapp") make the following updated infringement disclosures to Defendants Seattle Spinco, Inc., EntIT Software, LLC, EntCO Interactive (Israel) Ltd., , Entco Government Software, LLC, and Micro Focus (US) Inc. (collectively "Defendants" or "Micro Focus") under the Patent Local Rules with respect to U.S. Patent No. 9,971,678, ("the '678 patent"), U.S. Patent No. 9,298,864 ("the '864 Patent"), and U.S. Patent No. 8,924,192 ("the '192 patent"). Wapp's investigation is ongoing and discovery is continuing. Accordingly, Wapp's disclosures are based on information disclosed during discovery, as well as publicly available and/or publicly discernable materials regarding the accused instrumentalities that describe or discuss aspects of the operation of the instrumentalities. Wapp reserves the right to supplement or alter its disclosures herein based on additional information obtained through further investigation, discovery, expert analysis, or any position taken by Defendants.

# I.   DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

## A. Infringed Claims and Infringing Products

HPE commercialized the HP LoadRunner and HP Performance Center 11.50 offerings in 2012, with the follow up launch of HP LoadRunner and HP Performance Center 12.0 offerings for "Mobile and Cloud-based Application Testing" in March of 2014, including the subsequent release of HP StormRunner Load in September of 2014 as part of the HP Performance Testing Suite2 and the follow up release of HP Mobile Center in October of 2014, among other additional mobile product offerings.  After the HPE-Micro Focus spin-out merger, these product offerings were renamed using the term Micro Focus.

Defendants have been making, using (including for testing purposes), developing, selling/licensing, and/or offering to sell/license and continue to make, use (including for testing purposes), develop, sell, license and/or offer to sell/license systems for testing an application for a mobile device.  These systems for testing ("Micro Focus-related Accused Systems") include the following:

Network Virtualization (in various releases from at least 9.00 - 9.14) and literature sometimes called Micro Focus Network Virtualization, Shunra for HP Software, Shunra Network Virtualization, HP Network Virtualization, and HPE Network Virtualization) on the one hand and on the other hand one of the following products successive from HP, HPE and Micro Focus:

- Loadrunner, which later became Loadrunner Professional, in various releases including at least versions 12.50 through 2020 SP2;

- Performance Center, which later became Loadrunner Enterprise, in various releases including at least versions 12.50 through 2020 SP2;

- Stormrunner Load, which later became Loadrunner Cloud;

- Mobile Center, which later became UFT Mobile, versions up through 3.4,

2

- And several additional products that are integrated with and use Network Virtualization through Mobile Center/UFT Mobile, including UFT (Unified Functional Testing) products and Sprinter.

Because the named products are integrated with each other, they act as a system and are used as an integrated whole, sometimes referred to as the Micro Focus Software Suite.  Please note that the terms "HP", "HPE," and "Micro Focus" have often been used by the Defendants interchangeably when discussing the Accused Systems and, thus, the Accused Systems include any combination of the products using the interchangeable introductory terms.  The Accused Systems are identified in Exhibits 1 – 6.

Based on Plaintiffs' Disclosure of Final Election of Asserted Claims, Defendants through their making, using, selling/licensing, and/or offering to sell/license the Micro Focus-related Accused Systems have infringed and continue to infringe:

- Claims 26, 45 and 47-49 of the '678 patent;

- Claims 1-3, 8 and 20 of the '864 patent; and

- Claims 1-3 of the '192 patent.

Defendants continue to produce source code with the most recent production within the last two weeks.  Moreover, additional depositions of Micro Focus remain to be scheduled and completed and there are outstanding meet and confer issues regarding Micro Focus' document production.  Wapp reserves the right to amend the attached charts, as well as other information contained in this document and the attachment hereto, to incorporate new information learned during the course of discovery.

**B. Claim Charts**

Wapp's infringement assertions for the Micro Focus-Related Accused Systems are contained in the claim charts provided as Exhibits 1-6.  These charts are designated <u>**Restricted Confidential-**</u>

**Source Code**.  It should be noted that, while presenting Wapp's current contentions as to how the Accused Systems infringe the asserted patent claims in written/visual form, these charts also supplement those descriptions by making use of color coding to highlight where various claim elements are shown in the Accused Systems and the user guides describing those Systems.

Wapp further reserves the right to amend these claim charts, as well as other information contained in this document and the attachment hereto, pursuant to Patent Local Rule 3-6.

### C. Doctrine of Equivalents

Wapp asserts that, under the proper construction of the asserted claims and their claim terms, the limitations of the asserted claims of the Wapp patents are literally present in the Micro Focus-Related Accused Systems, as set forth in the claim charts attached hereto.  For any limitation that is found to be not literally present that such limitation is present under the doctrine of equivalents and has set forth in its claim charts discussions of how the various elements perform substantially the same functions in substantially the same way to achieve substantially the same results as called for by the claim elements.

For example, Wapp contends that bandwidth utilization literally infringes language in claims 26 and 45 of the '678 patent directed to bandwidth availability.  This is because a bandwidth utilization measurement also tells a POSITA how much bandwidth is still available.  For example, if bandwidth utilization is 10%, then bandwidth availability is 90%.  Bandwidth availability is inherently known from bandwidth utilization, and vice versa.  Nevertheless, should it be determined that this claim element is not literally found in the accused products, the claim element is still met by the accused products under the doctrine of equivalents.  Both network characteristics perform substantially the same function in substantially the same way to achieve substantially the same result.  Additional allegations of infringement under the doctrine of equivalents can be found in the attached claim charts.

**D. Priority Claim to an Earlier Application**

The '678 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 13/673,692, filed November 9, 2012 (now U.S. Pat. No. 8,924,192), which is a continuation of U.S. Patent Application Ser. No. 12/759,543, filed April 13, 2010 (now U.S. Pat. No. 8,332,203), which is a continuation of U.S. Patent Application Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910) which claims priority to U.S. Patent Application Ser. No. 60/689,101, filed June 10, 2005. Wapp contends that each of the asserted claims of the '678 patent is entitled to a priority date of no later than May 26, 2004.

The '864 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 12/705,913, filed February 15, 2010 (now U.S. Pat. No. 8,589,140), which claims priority to United States Application Ser. No. 61/152,934, filed Feb. 16, 2009, and is a continuation-in-part of United States Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910), which claims priority to United states Application Ser. No. 60/689,101, filed June 10, 2005. Wapp contends that each of the asserted claims of the '864 patent is entitled to a priority date of no later than May 26, 2004.

The '192 patent claims priority to at least the following applications: U.S. Patent Application Ser. No. 12/759,543, filed April 13, 2010, which is a continuation of United States Patent Application Ser. No. 11/449,958, filed June 9, 2006 (now U.S. Pat. No. 7,813,910), which claims priority to U.S. Patent Application Ser. No. 60/689,101, filed June 10, 2005. Wapp contends that each of the asserted claims of the '192 patent is entitled to a priority date of no later than May 26, 2004.

**E. Practice of the Claimed Invention**

Wapp does not contend that it practices the asserted claims of the asserted patents.

Respectfully submitted,

/s/  Robert F. Kramer
Robert F. Kramer (SBN 181706)
rkramer@feinday.com
M. Elizabeth Day (SBN 177125)
eday@feinday.com
David Alberti (SBN 220625)
dalberti@feinday.com
Sal Lim (SBN 211836)
slim@feinday.com
Russell S. Tonkovich (SBN 233280)
rtonkovich@feinday.com
Marc C. Belloli (SBN 244290)
mbelloli@feinday.com
Andrew Hamill (SBN 251156)
ahamill@feinday.com
FEINBERG DAY KRAMER
ALBERTI LIM TONKOVICH &
BELLOLI LLP
577 Airport Boulevard, Suite 250
Burlingame, California 94101
Telephone: (650) 514-2747
Facsimile: (650) 618-4368

Attorneys for Plaintiffs Wapp Tech
Limited Partnership and Wapp Tech
Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, counsel of record are being served with a copy

of this document via email.

/s/  Robert F. Kramer
Robert F. Kramer

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP<br>and WAPP TECH CORP.,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 4:18-cv-0519-ALM<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO STAY**

Before the Court is Defendant's Motion to Stay. Having reviewed the submissions of the parties, the Court finds that the Motion should be **GRANTED**.

It is therefore **ORDERED** that the above-captioned action is **STAYED** pending resolution of Case No. 4:18-cv-00469 also pending before this Court and further order of this Court.