# EXHIBIT 11

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP. <br>     Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC., *et al.,* <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:18-cv-469 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Opening Brief Opposing Enhancement of Damages (Dkt. #480). Having considered the briefing and totality of the circumstances, the Court declines to enhance damages. Defendants' Motion is therefore **GRANTED**.

## BACKGROUND

This is a patent infringement suit. On July 2, 2018, Plaintiffs Wapp Tech Corp. and Wapp Tech Limited Partnership (collectively, "Wapp") sued Defendants EntCo Interactive (Israel) Ltd, EntIT Software LLC, Entco Government Software LLC, Micro Focus (US) Inc., and Seattle SpinCo Inc. (collectively, "Micro Focus") (Dkt. #1).

The jury trial began on March 1, 2021 (Dkt. #446). During the pretrial conference, the parties agreed that each side should have 10.5 hours to present evidence (Dkt. #428 at 5:2-23). At trial, Micro Focus's invalidity expert testified for approximately 37 minutes (Dkt. #450 (trial minutes from 3:28-4:05 p.m.)). After the close of evidence, Wapp moved for judgment as a matter of law on Micro Focus's invalidity arguments (Dkt. #478 at 1271:15-16; 1272:21-24). Micro Focus conceded anticipation, obviousness, and enablement because "the examination was limited by our time constraints." (Dkt. #478 at 1274:12-16; 1275:18-1276:2). Micro Focus argued its written description defense should go to the jury (Dkt. #478 at 1274:12-16). The Court noted that

1

Micro Focus ran up against the clock while presenting their invalidity case and that written description "was approximately just five minutes of [the expert's] testimony, total." (Dkt. #478 at 1282:6-9). The Court granted Wapp's 50(a) motion on validity (Dkt. #478 at 1280:25-1282:23).

On March 5, 2021, the jury awarded Wapp $172,554,269 after approximately two and a half hours of deliberation (Dkt. #460). The jury found Micro Focus willfully infringed each asserted patent.

On March 31, 2021, Micro Focus filed their Opening Brief Opposing Enhancement of Damages (Dkt. #480). On April 9, 2021, Wapp responded and moved for enhanced damages (Dkt. #483). On April 16, 2021, Micro Focus replied (Dkt. #484). On April 21, 2021, Wapp filed its Sur-Reply (Dkt. #485).

**LEGAL STANDARD**

Under 35 U.S.C. § 284, courts "may increase the damages up to three times the amount found or assessed." In *Halo Elecs., Inc. v. Pulse Elecs, Inc*., 136 S. Ct. 1923 (2016), the Supreme Court held that "[s]ection 284 gives district courts the discretion to award enhanced damages against those guilty of patent infringement." 136 S. Ct. at 1935. A district court's determination of whether to award enhanced damages is reviewed for abuse of discretion on appeal. *Id.* at 1934.

Enhanced damages are generally appropriate under § 284 only in "egregious cases" of misconduct beyond typical infringement and should not be awarded in "garden-variety cases." *Id.* at 1932, 1934-35. "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932. The culpability of the infringer should be "measured against the knowledge of the actor at the time of the challenged conduct." *Id.* at 1933.

In determining whether enhanced damages are appropriate, "courts should . . . take into account the particular circumstances of each case." *Id.*

In exercising this discretion to award enhanced damages for willfulness, courts frequently look to the factors articulated in *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992); *see also Barry v. Medtronic, Inc.*, 250 F. Supp. 3d 107, 111 (E.D. Tex. 2017) (noting that "courts before and after *Halo*" have relied on *Read*). The *Read* factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) closeness of the case; (6) duration of the defendant's misconduct; (7) remedial action by the defendant; (8) the defendant's motivation for harm; and (9) whether the defendant attempted to conceal the misconduct. *Read*, 970 F.2d at 827.

While the *Read* factors may be helpful, the Court need not rely on them. *Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017). The touchstone is whether there was "egregious infringement behavior," rather than a more rigid, mechanical assessment. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 203 F. Supp. 3d 755, 763 (E.D. Tex. 2016), amended in part, 4:14-CV-00371, 2017 WL 1716589 (E.D. Tex. Apr. 27, 2017).

## ANALYSIS

After considering the totality of the circumstances, including the *Read* factors, the Court finds that enhancement is not appropriate in this case.

The Court is not bound by the jury's willfulness finding in awarding enhanced damages.[1] *See Halo*, 136 S. Ct. at 1933 ("[N]one of this is to say that enhanced damages must follow a finding of egregious misconduct."). This Court may exercise its discretion and decline to award enhanced damages based on the circumstances of this case. *See id.* This was a "garden-variety," patent case, rather than an egregious case of misconduct. *See id.* at 1934-35. Ultimately, absent from the record is the type of egregious conduct characteristic of cases where enhancement is warranted. *See* Saint *Lawrence Communications LLC v. Motorola Mobility LLC*, 2:15-CV-351-JRG, 2017 WL 6268735, at *2 (E.D. Tex. Dec. 8, 2017) (denying enhancement where there was no evidence of copying or intent to harm). As such, the Court declines to enhance damages.

## I. Micro Focus had a Good Faith Defense

Wapp argues damages should be enhanced because Micro Focus did not present a good faith defense and emphasizes its successful 50(a) motion on Micro Focus's invalidity defenses. The Court finds that while Micro Focus's invalidity arguments were wholly unsuccessful, they were not necessarily frivolous.

To begin, Micro Focus was adequately prepared to present an invalidity defense at trial. Micro Focus diligently prepared for trial as demonstrated by this case's extensive discovery and numerous expert reports. Before trial, Wapp moved to exclude some of Micro Focus's expert testimony, but never moved to exclude Micro Focus's invalidity expert (*See* Dkt. #266, #299). Wapp also never moved for summary judgment. If Wapp believed Micro Focus's defenses were

---

[1] Micro Focus argues enhancement is inappropriate because the jury's willfulness finding is unsupported by substantial evidence (Dkt. #480 at pp. 8-10 ("Indeed, because there is no evidence of pre-suit notice of the Asserted Patents nor infringement, . . ."). The Court declines to disturb the jury's willfulness finding in deciding whether enhancement is appropriate. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("We do not interpret *Halo* as changing the established law that the factual components of the willfulness question should be resolved by the jury."); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, 6:11-CV-00201-JRG, 2018 WL 1156284, at *2 (E.D. Tex. Mar. 5, 2018) (same); *see also* Fed. R. Civ. P. 50(b).

frivolous, it should have moved to exclude Micro Focus's invalidity defense and/or moved for summary judgment. That Wapp never did so suggests that Micro Focus had adequately prepared a good faith defense for trial.

Wapp argues the Court should only consider the trial record when evaluating the sufficiency of Micro Focus's defense (Dkt. #483 at p. 4 n.1). But Wapp relies on cases with different procedural postures that do not address what a court may consider when enhancing damages. *See Paez v. Gelboym*, 578 Fed. Appx. 407 (5th Cir. 2014) (affirming district court's denial of 50(b) motion); *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, 439 F. Supp. 3d 860, 893 (E.D. Tex. 2020) (denying 50(b) motion). Instead, the enhanced damages analysis is inherently holistic and the district court exercises considerable discretion. *See Halo*, 136 S. Ct. at 1933. As such, the Court properly considers *all* circumstances of this case.

At trial, Micro Focus's invalidity defense failed because of poor time management, not an inherent insufficiency. During the pretrial conference, the parties agreed that each side should have 10.5 hours to present evidence (Dkt. #428 at 5:2-23). The parties had time to plan their time management. During trial, the Court regularly gave the parties updates on their remaining time. Micro Focus chose to present its invalidity expert with less than an hour of time remaining (*Compare* Dkt. #477, 1096:8-9 ("Defense has 1 hour and 19 minutes left") *and* Dkt. #477 1102:8-9 (Defense called its invalidity expert)). The expert testified for approximately 37 minutes (Dkt. #450 (trial minutes from 3:28-4:05 p.m.)).

Once evidence closed, Wapp moved for judgment as a matter of law on Micro Focus's invalidity defenses (Dkt. #478 at 1271:15-16; 1272:21-24). Micro Focus's counsel "freely admit[ted] that, as to Section 102, 103, and validity, the examination was limited by our time constraints." (Dkt. #478 at 1274:12-16). The Court granted Wapp's 50(a) motion and

5

acknowledged the rushed nature of Micro Focus's case (*See* Dkt. #478 at 1282:6-9). If Micro Focus had better allocated its time, or requested additional time to present evidence at the pretrial conference, invalidity may have gone to the jury.

Wapp argues that Micro Focus's concession of some invalidity defenses after the close of evidence evinces the lack of a good faith defense (Dkt. #483 at p. 5). But it is more reasonable for Micro Focus to concede defeat than to fight the obvious. Although the Court did not permit Micro Focus's invalidity counterclaims to go to the jury, Micro Focus did not necessarily have a frivolous argument.

Finally, the Court denied Wapp's 50(a) motion on a finding of infringement (Dkt. #478 at 1283:5-1286:8). Micro Focus presented a reasonable and legally sufficient noninfringement case through Dr. Shoemake's trial testimony.

Taken together, Micro Focus mounted a good faith defense at trial. Although Micro Focus presented insufficient evidence of invalidity at trial, it could have done so with better time management. Micro Focus was otherwise prepared to present a legally sufficient case for invalidity. Even so, Micro Focus presented sufficient evidence of noninfringement. Without any other evidence to the contrary, the Court finds that this was a good faith defense.

## II. The *Read* Factors Do Not Support Enhancement

Although the Court is not required, the Court considered all *Read* factors. They do not support an enhancement of damages.

Overall, Micro Focus's litigation conduct was typical of a hard-fought case. As discussed, Micro Focus formed a good faith belief that the asserted patents were not infringed. The party's pretrial disagreements never rose to an egregious or unprofessional level. Nor is there any evidence that Micro Focus copied Wapp, intended to harm Wapp, or concealed the misconduct.

6

Although the jury returned a large verdict with brief deliberation, Micro Focus presented a reasonable noninfringement case through Dr. Shoemake.

The jury awarded Wapp $172.5 million in damages—potentially the largest verdict in the history of this courthouse. By Wapp's own calculation, the verdict amounts to 41% of revenue for the accused products, not just profits (Dkt. #480, Exhibit 11 at 591:16-592:1). This is a significant liability finding. Further punishment is not necessary, nor justified. The Court exercises its sound discretion to decline to award enhanced damages.

## CONCLUSION

It is hereby **ORDERED** that Defendants' Opening Brief Opposing Enhancement of Damages (Dkt. #480) is hereby **GRANTED**. The Court declines to enhance damages.

**SIGNED this 22nd day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE