# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 4:21-cv-00670 <br><br> JURY TRIAL DEMANDED <br><br> **PUBLIC VERSION** |

## BANK OF AMERICA'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT ON INVALIDITY REGARDING THE '192, '678, AND '864 PATENTS

**TABLE OF CONTENTS**

Page

I. ISSUE PRECLUSION DOES NOT BAR BOFA'S INVALIDITY CLAIMS .................. 1

    A. Wapp Misconstrues *Foster* And Fails To Identify Any Evidence That BofA Intended To Be Bound By The Outcome Of The *Micro Focus* Case For This Subsequent, "Wholly Different" Litigation ............................................. 1

    B. This Court In *Wells Fargo I* Correctly Determined That The *Micro Focus* Litigation Has No Preclusive Effect Despite The Agreement To Be Bound ......... 2

    C. *Micro Focus* Ended In A Settlement Preserving Micro Focus's Validity Challenges, Not An Appealable Final Judgment ...................................................... 3

    D. Only Written Description Was "Actually Litigated" In *Micro Focus* .................... 4

II. JUDICIAL ESTOPPEL DOES NOT BAR BOFA'S INVALIDITY CLAIMS ................ 5

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Comer v. Murphy Oil USA, Inc.*,
   718 F.3d 460 (5th Cir. 2013) .................................................................................... 4

*Foster v. Hallco Mfg. Co.*,
   947 F.2d 469 (1991) ............................................................................................. 1, 2

*RecoverEdge L.P. v. Pentecost*,
   44 F.3d 1284 (5th Cir. 1995) ................................................................................... 4

*Sprint Commc'ns Co. v. Charter Commc'ns, Inc.*,
   2021 WL 982726 (D. Del. Mar. 16, 2021) .............................................................. 4

*Voter Verified, Inc. v. Election Sys. & Software LLC*,
   887 F.3d 1376 (Fed. Cir. 2018) ............................................................................ 4, 5

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   2018 WL 2585436 (N.D. Cal. May 8, 2018) ........................................................... 5

**OTHER AUTHORITIES**

Restatement (Second) of Judgments § 13 cmt. f. ............................................................ 3

Wright & Miller, 18A *Federal Practice & Procedure*, Juris. § 4432 Finality—
   Traditional Requirement (3d ed.) ............................................................................ 3

Wapp flips Federal Circuit precedent on its head, asking the Court to *assume* that, in agreeing to be bound to any *Micro Focus* final judgment in *BofA I*, Bank of America also intended to be bound in this "wholly different" *BofA II* litigation. This is contrary to Federal Circuit precedent requiring such agreements be narrowly construed absent evidence otherwise. Wapp's argument is also contrary to this Court's own determination that the outcome of *BofA I* does not bar BofA from raising invalidity in *BofA II*, and the provisions of the long-withheld Term Sheet, preserving Micro Focus's right to challenge invalidity if sued again. Summary judgment requires examining *all* facts, in the light most favorable to the non-moving party, and those facts establish that the *Micro Focus* litigation has no preclusive effect on BofA's current invalidity claims.

## I.   ISSUE PRECLUSION DOES NOT BAR BOFA'S INVALIDITY CLAIMS

### A.   Wapp Misconstrues *Foster* And Fails To Identify Any Evidence That BofA Intended To Be Bound By The Outcome Of The *Micro Focus* Case For This Subsequent, "Wholly Different" Litigation

Wapp's characterization that neither *Foster* decision addressed issue preclusion (Reply at 1) is simply wrong. In *Foster I* the patentee argued for the application of *both* claim and issue preclusion. Further, the *Foster I* court explained the requirement of narrowly construing an agreement for purposes of *issue preclusion*, cautioning against inferring or speculating about intent based on "broad, general and ambiguous language," instead requiring that intent be specific:

> The Restatement specifically endorses the proposition that consent judgments asserted to give rise to *issue preclusion* must be narrowly construed, stating that "*such an intention should not readily be inferred*," … ***By requiring parties to be specific in qualifying the application of the general rules of issue preclusion, courts are not then required to speculate as to the intent of the parties based on broad, general and ambiguous language***. Thus, following the Restatement, we adopt the position that ***provisions in a consent judgment asserted to preclude litigation of the issue of validity in connection with a new claim must be construed narrowly***.

*Foster v. Hallco Mfg. Co.* ("*Foster I*"), 947 F.2d 469, 481 (1991) (emphasis added).

Here, Wapp asks this Court to do exactly what the Federal Circuit cautioned against–*i.e.*,

No. 4:21-cv-00670     1     BOFA'S SUR-REPLY. IN OPP. TO MPSJ

construe broad, general and ambiguous language ("BOA hereby agrees to be bound by any final judgment in the Manufacturer Suit as to both infringement and invalidity") as an agreement by BofA to surrender its invalidity defenses in a "wholly different" lawsuit involving different products.  Indeed, *Foster I* held that even more specific language than here at issue could ***not***, on its own, establish that the defendant intended to "bar[ ] the defense of invalidity with respect to different devices charged to be infringement."  947 F.2d at 482 (addressing statements that the claims "are valid and enforceable in all respects" and that the consent judgment "is binding upon and constitutes *res judicata* between the parties").

BofA's statement was undisputedly made in the context of the *BofA I* litigation, in a motion to stay under the customer suit doctrine, because the *BofA I* case and *Micro Focus* case involved overlapping claims.  Every indicia points to BofA's agreement applying to the *BofA I* case, and not all future litigations involving different accused products.  In Reply, Wapp cites ***no*** evidence to the contrary.  Rather, Wapp argues the agreement should be broadly construed unless there is specific evidence of it being limited.  Reply at 2.  But this is the exact opposite of what the Federal Circuit has held.  *Foster I* establishes that without more evidence, BofA's agreement must be ***narrowly*** construed and ***cannot*** be treated as applying to any and all subsequent litigations.  *Id.*  At a minimum, there is an issue of fact as to the intent of the parties, including as to the meaning of "final judgment" (*see* Section I.C), which requires denying summary judgment.

      **B.**      **This Court In *Wells Fargo I* Correctly Determined That The *Micro Focus* Litigation Has No Preclusive Effect Despite The Agreement To Be Bound**

While Wapp may not have itself raised issue preclusion in its *Wells Fargo I* motion to dismiss (Reply at 1-2), Wells Fargo certainly raised the potential preclusive effect of the agreement to be bound in response.  *See, e.g.*, *Wells Fargo I*, Dkt. 189 at 2, 10-13.  And, in granting Wapp's motion, the Court found that BofA's agreement to dismiss the *BofA I* litigation with prejudice did

No. 4:21-cv-00670        2        BOFA'S SUR-REPLY. IN OPP. TO MPSJ

not preclude BofA's invalidity defenses in the wholly different *BofA II* litigation, notwithstanding BofA entering the same agreement to be bound as Wells Fargo. *Id.*, Dkt. 197 at 5-6.

        **C.**    ***Micro Focus* Ended In A Settlement Preserving Micro Focus's Validity Challenges, Not An Appealable Final Judgment**

Wapp's new assertion that the Micro Focus Term Sheet is "irrelevant" (Reply at 4) is contradicted by Wapp's own discovery requests, which asked BofA to state why collateral estoppel (issue preclusion) does not apply "in light of the July 15, 2021 Term Sheet between Wapp and Micro Focus." Ex. C (Interrog. 5). The alleged irrelevance of the Term Sheet is further belied by Wapp's months-long delay in producing it. *See* Opp. at 4-5. And the reason for the delay is clear; in it, Wapp concedes that Micro Focus retains the right to challenge the validity of the patents in future litigation. Ex. B. BofA must have retained, at least, the same rights as Micro Focus.

Wapp alternately argues that the Micro Focus Term Sheet is inapplicable because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Court's Final Judgment and Fifth Circuit law affirm that the *Micro Focus* judgment was not a final, appealable judgment with preclusive effect given that post-trial motions remained pending. Wapp cites to secondary sources to assert that preclusion need not require appealable final judgments (*see* Reply at 3), yet those same sources expressly recognize differences in approaches regarding finality. *See* Restatement (Second) of Judgments § 13 cmt. f ("There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata."); Wright & Miller, 18A *Federal Practice & Procedure*, Juris. § 4432 Finality—Traditional Requirement (3d ed.) ("Traditionally, finality was identified for

purposes of preclusion in much the same way as it was identified for purposes of appeal."). In ***this*** case, the Court expressly entered judgment "subject to, and without waiving, any post-trial issues that may be raised in post-trial motions by any party." *Micro Focus*, Dkt. 494. And in the Fifth Circuit, an ***appealable*** final judgment is strictly required for preclusion. Opp. at 10.[1] *Comer v. Murphy Oil USA, Inc.* is inapposite because it involved a case already appealed. 718 F.3d 460, 468 (5th Cir. 2013). And Wapp's secondary sources do not contradict, let alone overcome, the Court's own judgment and the Fifth Circuit law. Because Wapp and Micro Focus settled while post-trial motions were pending, and the Court dismissed *Micro Focus* before an appealable final judgment came into effect, there is no preclusion.

**D.    Only Written Description Was "Actually Litigated" In *Micro Focus***

Even if the *BofA I* agreement to be bound gave rise to issue preclusion (which it does not), the scope of that preclusion would be limited to written description. Contrary to Wapp's assertion (Reply at 3-4), *Voter Verified* cannot be distinguished as a case where invalidity issues were not "actually litigated"—instead, the Federal Circuit allowed § 101 arguments to proceed even though the prior litigation addressed multiple, specific grounds of invalidity under §§ 102, 103, and 112, across multiple patents. *Voter Verified, Inc. v. Election Sys. & Software LLC*, 887 F.3d 1376, 1379-80 (Fed. Cir. 2018). *Voter Verified* thus squarely rejects the treatment of "invalidity" as a monolithic issue. Indeed, it makes no sense to treat "invalidity" as a single issue where different grounds of invalidity raise different facts and distinct legal standards. *See Sprint Commc'ns Co. v. Charter Commc'ns, Inc.*, 2021 WL 982726, at *6 (D. Del. Mar. 16, 2021) ("As each theory of invalidity has its own legal rules and seeks a different answer on the question of invalidity, each

---

[1] Contrary to Wapp's assertion, Reply at 3 n.1, the language Wapp cites in *RecoverEdge* that the Fifth Circuit distinguished in *Hacienda* is indeed dicta, because in the predecessor case in *RecoverEdge*, the Court actually "accept[ed] the jury's verdict" and "enter[ed] final judgment." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir. 1995).

No. 4:21-cv-00670                          4                          BofA's Sur-Reply. in Opp. to MPSJ

theory is its own issue for the purposes of issue preclusion."). In Reply, Wapp again cites inapposite pre-*Voter Verified* cases; the sole exception is a case where the district court stated that *Voter Verified* "admittedly casts some doubt" as to whether validity could be treated as a single issue, but granted judgment on validity anyway under the circumstances. *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 2018 WL 2585436, at *4 (N.D. Cal. May 8, 2018) (avoiding the potential impact of *Voter Verified* by rejecting the § 101 validity arguments on the merits).

In this case, the only issue that was arguably "actually litigated" is written description. Wapp contends that other issues of invalidity were also "actually litigated" by asserting that the Court granted Wapp's motion for JMOL as to anticipation and obviousness (and by implication enablement). Reply at 3. But the Court granted Wapp's motion only "based on [Micro Focus] conceding" that anticipation and obviousness were not contested. Ex. 10 at 1275:18-22. Issues conceded by a party are not "actually litigated." In *Voter Verified*, the defendant specifically raised § 101 validity in the prior litigation, but the court expressly "disposed of the § 101 issue" and granted summary judgment when the defendant failed to present arguments in support. 887 F.3d at 1383. Yet in the subsequent litigation, the new § 101 arguments were allowed to proceed. *Id.*

Here, written description is the only issue where Micro Focus made a substantive merits argument. *See* Ex. 10 at 1274:11-1280:15. And written description is the only issue for which the Court issued an order on the merits supported by analysis, rather than based on the withdrawal of arguments by *Micro Focus*. *Id.* at 1280:25-1282:23. Under *Voter Verified*, written description is the only invalidity issue "actually litigated."

## II. JUDICIAL ESTOPPEL DOES NOT BAR BOFA'S INVALIDITY CLAIMS

Challenged to identify any case in which a court has found judicial estoppel on remotely similar claims (Opp. at 15), Wapp fails to do so. Judicial estoppel is simply inapplicable here.

|  |  |
|---|---|
| Dated: May 13, 2022 | Respectfully submitted, |
|  | By: *Timothy S. Durst*<br>Timothy S. Durst<br>Texas State Bar No. 00786924<br>tdurst@omm.com<br>**O'MELVENY & MYERS LLP**<br>2501 North Harwood Street<br>Suite 1700<br>Dallas, TX 75201-1663<br>Telephone: 972-360-1900<br>Facsimile: 927-360-1901<br><br>Marc J. Pensabene (*Pro Hac Vice*)<br>New York State Bar No. 2656361<br>mpensabene@omm.com<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone: 212-326-2000<br>Facsimile: 212-326-2061<br><br>Darin Snyder (*Pro Hac Vice*)<br>California State Bar No. 136003<br>dsnyder@omm.com<br>Bill Trac (admitted to E.D. Tex.)<br>California State Bar No. 281437<br>btrac@omm.com<br>Rui Li (*Pro Hac Vice*)<br>California State Bar No. 320332<br>rli@omm.com<br>**O'MELVENY & MYERS LLP**<br>2 Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111<br>Tel: (415) 984-8700<br>Fax: (415) 984-8701<br><br>***Attorneys for Bank of America, N.A.*** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 13, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Timothy S. Durst*
Timothy S. Durst
O'Melveny & Myers LLP
