IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | § § § | |
| Plaintiffs, | § § | Case No. 4:21-cv-00670-ALM |
| v. | § § § | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | § § | |
| Defendant. | § § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

Wapp files this Reply in support of its Motion to compel. Dkt. 86. The Court has repeatedly held, both in this case and the co-pending Wells Fargo case (4:21-cv-671), that discovery into mobile banking applications is appropriate. *See* Dkt. 86 at §§ I-B, I-C. In its Response to Wapp's Motion to Compel (Dkt. 89), Bank of America articulates no reason why information about mobile applications would be discoverable, but information about features and user transactions on those same applications would not be. Instead, Bank of America's Response simply re-urges the same argument: that because Wapp's patents cover application development and testing tools, and not the applications themselves, there should be no discovery into its mobile applications even though the applications are the *resulting products* of the infringing activities. *See, e.g.*, Dkt. 89 at 1 ("Even though Wapp does not contend that the app or its functionality infringe its patents, Wapp seeks to go well beyond the accused tools and obtain broad and invasive discovery …")

As explained in this Reply, Bank of America's arguments to resist Wapp's discovery requests are without merit, and the Court should overrule those objections and order Bank of America to produce the documents Wapp seeks.

1

**Arguments**

**A. The Court should reject Bank of America's attempt to invent a requirement that Wapp prove the absence of non-infringing alternatives before obtaining damages-related discovery**

First, Bank of America argues that the "foundation" of Wapp's discovery requests is the absence of non-infringing alternatives, and because Bank of America has now identified certain tools as alleged non-infringing alternatives, Wapp cannot obtain the discovery it seeks. *See* Dkt. 89 at 6-7 (Argument A). That argument fails for several reasons.

As an initial matter, the discovery Wapp seeks about the usage of mobile banking applications does not depend on whether there are non-infringing alternatives. As explained in Wapp's Motion, Wapp seeks this data as a way to quantify how much benefits Bank of America has derived from being able to offer its banking services to customers on the mobile application platform. *See* Dkt. 86 at 5. Wapp cited authority showing that a defendant's products made through infringing activities could be relevant to a plaintiff's damages measures. *See id.* at 6.

In response, Bank of America does not dispute Wapp's actual argument and authorities that discuss the potential relevance of the information sought. Instead, Bank of America invents a strawman requirement that Wapp must prove the absence of non-infringing alternatives. But whether the alternative tools Bank of America has identified are truly non-infringing, available, or acceptable are issues that will be litigated, and ultimately decided by the trier of fact. Indeed, to date, Bank of America has articulated no factual bases for why the alternative tools it identifies would be non-infringing, available, or acceptable. *See* Ex.1 at 35-40 (Resp. to ROG 8).

More importantly, Bank of America cites no authority for the proposition that Wapp must prove the absence of non-infringing alternatives before obtaining damages-related data during fact discovery. Nor would such a requirement make any sense.

**B. Bank of America's arguments about the *Georgia-Pacific* factors, the entire market value rule, and apportionment miss the mark.**

In its second argument, Bank of America contends that a proper application of the *Georgia-Pacific* factors should be limited to analysis of the "Google/Apple simulator tools," that the law requires apportionment of damages only to the patented features, and that Wapp cannot satisfy the requirements of the entire market value rule. *See* Dkt. 89 at 8-9. These arguments all miss the mark because these are *Daubert* and summary judgment arguments. Bank of America does not challenge Wapp's argument and authorities showing that products made using infringing technology would at least fall within the scope of discoverable information. On the other hand, not one case Bank of America cites suggests that a plaintiff has to prove its damages case in the hypothetical before obtaining damages-related data during fact discovery.

Moreover, Bank of America takes liberties with its specific arguments. It argues that none of the Georgia-Pacific factors Wapp references warrants consideration of the usage of, and benefits associated with, the mobile applications Bank of America created using infringing tools. But *GP* Factor 8, for example, discusses the "commercial success" and "current popularity" of "products made under the patent," while *GP* Factor 11 broadly includes "***any*** evidence probative of the value of the use" an "infringer has made … of the invention." *See* Dkt. 89 at 8. Either of these factors would certainly allow a damages expert to at least consider how much the resulting products (mobile banking applications), which the infringer (Bank of America) made using the patented invention, have been used commercially, and what "value" that use has generated for the infringer.

**C. Wapp is willing to modify Request No. 5 to documents or data showing the difference between the profits Bank of America has generated from customers who are "using" mobile banking applications versus customers who are not.**

Besides re-urging the same argument that "the mobile banking application does not infringe," Bank of America also argues that Wapp's Request No. 5 is over-broad because it seeks

3

profit differential data about customers who are "enrolled in – but not necessarily using" mobile banking applications. *See* Dkt. 89 at 9-10.

This is a distinction without a difference. Wapp is willing to revise Request No. 5 as follows to accommodate Bank of America's concern:

> 5. Documents or data showing the difference between the total profits generated from customers ~~enrolled in~~ that are using mobile banking and the customers that are not ~~enrolled in~~ using mobile banking, by month, from application release date to present.

*Cf.* Dkt. 86-9 at 1.

**D. Bank of America's argument about Request No. 10 shows that it is seeks to undo the Court's prior ruling about discovery into mobile applications.**

Initially, Bank of America argued that the Court had already denied Wapp's Request No. 10, which seeks documents that show the ***correlation or causation*** between mobile banking usage and physical branch reductions. *See* Dkt. 86-10 at 2 (arguing that "Wapp's revised request #10 seeks this same branch closure information."). Now, realizing that it could no longer maintain this sleight of hand, Bank of America pivots to a different argument – that Wapp must show at "nexus or connection between the accused Apple/Google development tools and the opening and closing of bank branches." *See* Dkt. 89 at 10.

This is essentially a repeat of Bank of America's earliest argument — only discovery about app development tools is proper, and discovery about the applications are not, even though the applications are the resulting products of Bank of America's use of infringing development tools. The Court should reject this argument again. Notably, Bank of America no longer argues that there is no connection between the usage of mobile banking applications and physical branch closures.

## Conclusion

For these reasons stated herein, Wapp respectfully requests that the Court grant its Motion to Compel (Dkt. 86).

Dated:  June 24, 2022

Respectfully submitted,

 */s/ Weining Bai*
Jason McManis
Texas Bar No. 24088032
jmcmanis@azalaw.com
Weining Bai
Texas Bar No. 24101477
wbai@azalaw.com
**AHMAD, ZAVITSANOS & MENSING P.C.**
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
R. Allan Bullwinkel
State Bar No. 24064327
abullwinkel@hpcllp.com
Alden G. Harris
State Bar No. 24083138
aharris@hpcllp.com
Christopher L. Limbacher
State Bar No. 24102097
climbacher@hpcllp.com
William B. Collier, Jr.
State Bar No. 24097519
wcollier@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
1111 Bagby St., Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

J. Michael Young
SBN 00786465
myoung@somlaw.net
Roger D. Sanders
SBN 17604700
rsanders@somlaw.net
SANDERS, MOTLEY, YOUNG & GALLARDO, PLLC
111 South Travis Street

5

                                                          Sherman, Texas 75090  
                                                          (903) 892-9133  
                                                          (903) 892-4302 (fax)

**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.**

## CERTIFICATE OF CONFERENCE

      I certify that lead and local counsel for Plaintiffs and Defendants have conferred regarding the relief sought herein, and subsequently engaged in a discovery teleconference with the Court on June 8, 2022, per the Court's procedures, during which the Court instructed Plaintiffs to file this Motion to Compel.

                                                    /s/ Weining Bai  
                                                    Weining Bai

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on June 24, 2022. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                                    /s/ Weining Bai  
                                                  Weining Bai