# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA N.A., <br><br> Defendant. | Civil Action No. 4:21-cv-00670-ALM <br><br> **JURY TRIAL DEMANDED** |

## WAPP'S P.R. 3-6(b) MOTION TO AMEND INFRINGEMENT CONTENTIONS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LAW | 1 |
| III. | FACTS | 2 |
| IV. | ARGUMENT | 4 |
| | A. EXPLANATION AND DILIGENCE | 4 |
| | B. IMPORTANCE OF THE AMENDMENT | 5 |
| | C. THERE IS NO POTENTIAL PREJUDICE IF THE AMENDMENT IS ALLOWED | 6 |
| | D. AVAILABILITY OF A CONTINUANCE | 7 |
| V. | CONCLUSION | 8 |

## TABLE OF AUTHORITY

**Cases**

*Cywee Grp., Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-RWS-RSP
  2018 U.S. Dist. LEXIS 12571 (E.D. Tex. Jan. 26, 2018) .......................................................... 5

*Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-cv-366-JDL
  2014 U.S. Dist. LEXIS 198784 (E.D. Tex. Oct. 7, 2014) ......................................................... 7

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*
  360 F. Supp. 3d 541 (E.D. Tex. 2018) ...................................................................................... 2

*Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP
  2018 U.S. Dist. LEXIS 63985 (E.D. Tex. Apr. 16, 2018) ..................................................... 6, 7

*Keranos, LLC v. Silicon Storage Tech., Inc.*
  797 F.3d 1025 (Fed. Cir. 2015) ................................................................................................. 2

*Mass Engineered Design v. Egrotron, Inc.*, No. 2:06cv272
  2008 WL 1930299 (E.D. Tex. Apr. 30, 2008) .......................................................................... 5

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
  2008 U.S. Dist. LEXIS 35577 (E.D. Tex. Apr. 30, 2008) ......................................................... 7

*MedioStream, Inc. v. Microsoft Corp.*, No. 2:08-CV-369-CE
  2010 U.S. Dist. LEXIS 110420 (E.D. Tex. Oct. 18, 2010) ....................................................... 6

*Nidec Corp. v. LG Innotek Co.*
  2009 WL 3673253 (E.D. Tex. Sept. 2, 2009) ............................................................................ 5

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00715-JRG
  2019 U.S. Dist. LEXIS 235776 (E.D. Tex. Apr. 24, 2019) .................................................. 5, 6

*Secure Axcess LLC v. HP Enter. Servs.*, LLC, No. 6:15-cv-208
  2016 U.S. Dist. LEXIS 136441 (E.D. Tex. Sep. 20, 2016) .................................................. 1, 2

*Stragent v. Freescale Semiconductor*, No. 6:10-cv-224-LED-JDL
  2011 U.S. Dist. LEXIS 171994 (E.D. Tex. July 14, 2011) ................................................... 5, 6

*Wapp Tech. Ltd. v. Wells Fargo Bank, N.A.*, No. 4:21-cv-671 ..................................................... 7

**Rules**

P.R. 3-1 ............................................................................................................................................ 1

P.R. 3-6 ............................................................................................................................................ 1

### I. INTRODUCTION

Plaintiff Wapp respectfully moves to amend its infringement contentions to assert infringement based on Bank of America's use of the ▮▮▮ software tool. *See* Exs. 1-2 (▮▮▮ claim charts).[1] Wapp first learned that Bank of America has used ▮▮▮ on April 25, 2022 when Bank of America supplemented its interrogatory responses, stating that ▮▮▮ is "used." Ex. 3 at 14. Wapp immediately investigated ▮▮▮, and notified Bank of America on May 11 that it would amend its infringement contentions to accuse ▮▮▮. Ex. 4. Wapp's counsel and its experts worked diligently to analyze the new software tools identified in the late April interrogatory supplements by Bank of America (as well as Wells Fargo) and prepare infringement contentions, spending a total of 420 hours of work on this project between April 25 and June 17, 2022, when Wapp served its ▮▮▮ contentions on Bank of America (11.6 hours of work per business day). Payne Dec. at ¶¶ 2-6.[2]

### II. LAW

"P.R. 3-1(b) balances the notice function of the patent rules—by requiring plaintiffs to be 'as specific as possible' in product identification—with the reality that plaintiffs cannot identify specific products of which they do not know. Thus, the rules require as much specificity as possible, while only requiring plaintiffs to identify specific products that were publicly available and known by plaintiffs. A plaintiff is free to amend or supplement its infringement contentions at a later date to include additional accused products upon a showing of good cause. P.R. 3-6." *Secure*

---

[1] All exhibit numbers refer to the exhibits attached to the Declaration of Leslie V. Payne.

[2] This work remains ongoing because Bank of America identified additional software tools in its belated supplemental response to Interrogatory No. 2, including the ▮▮▮ and ▮▮▮ tools, but has yet to provide adequate discovery showing how these tools operate and how Bank of America uses them.

*Axcess LLC v. HP Enter. Servs.*, LLC, No. 6:15-cv-208, 2016 U.S. Dist. LEXIS 136441, at *7-8 (E.D. Tex. Sep. 20, 2016).

To determine whether the patent owner has shown good cause to amend its infringement contentions, courts in the Eastern District of Texas consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the court is excluding, (3) the potential prejudice if the court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 549 (E.D. Tex. 2018) (Bryson, J.) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015), and collecting cases).

### III. FACTS

Wapp served its first set of interrogatories on December 2, 2021, the day of the parties' Rule 26(f) conference and the first day the parties could serve discovery requests. Ex. 5, Wapp's First Set of Interrogatories to Bank of America at 10-11 (December, 2, 2021); Dkt. No. 31 at 1 ("The parties held that conference on December 2, 2021 . . . ."). Wapp's Interrogatory No. 2 asked Bank of America to:

> **Identify and describe your use of mobile application development and testing tools**, including at least Apple's XCode and Google's Android Studio. Your answer shall include, for each identified tool, an identification of when Bank of America first used the tool, whether and how Bank of America used the tool for each version of the mobile banking applications identified in response to Interrogatory No. 1, and which version of the identified tool was used.

Ex. 5 at 8 (emphasis added).

Wapp then served its initial infringement contentions on January 18, 2022. Ex. 6. Based on available public information, those contentions accused Bank of America of infringement based on its use of accused instrumentalities from Google and Apple. Ex. 6 at 3. Wapp did not accuse

the ▇▇▇ instrumentality at that time, because Wapp did not know Bank of America used this tool and there was no way to determine this from public information.

On January 18, 2022, the same day Wapp served its initial infringement contentions, Bank of America served its responses to Wapp's Interrogatories Nos. 1-2. Ex. 7. Although Wapp's interrogatories sought information about **all** "mobile application development and testing tools" used by Bank of America, it did not answer fully and instead restricted its responses to only the specific Google and Apple tools listed in Wapp's complaint. *See, e.g.*, Ex. 7 at 12-14. Bank of America's responses did not mention ▇▇▇.

Concerned that Bank of America's discovery responses were deficient, Wapp sent multiple letters to Bank of America. Wapp's January 28, 2022 letter explained that Bank of America's response to Interrogatory No. 2 was deficient and Bank of America must disclose each version of its development tools that it uses. Ex. 8 at 1. Wapp's second letter sent on March 17, 2022, specifically mentioned Interrogatory No. 2 and Bank of America's obligation to disclose all software tools that it uses to develop and test its mobile banking apps. Ex. 9 at 2. On April 11, 2022, Bank of America responded that it would supplement its answer to Interrogatory No. 2, but refused to properly answer other interrogatories and to produce relevant documents, which precipitated the first of many discovery hearings. Ex. 10 at 1. The Court held a telephonic discovery hearing on April 19, 2022. Ex. 11. During that hearing, Wapp's counsel explained:

> [W]e need documents pertaining to **every single type of development and testing tool that the defendant uses**. To date, the defendant has limited its production to the Google and Apple tools even though on the phone in the meet-and-confers **they have said repeatedly that they use other tools**. We don't have those documents with respect to the **other tools** they use.

Ex. 11 at 5:9-17 (emphasis added). The Court granted the requested relief. *Id.* at 18:17-20 ("the way I look at it is I think all the plaintiffs' requests are reasonable, and the question is -- either produce the documents or certify in writing that you have no such documents on those categories").

3

In response to the Court's Order and its promise to supplement certain interrogatory answers, Bank of America supplemented its interrogatory responses (including its response to Interrogatory No. 2) on April 25, 2022, stating for the first time that it has used the ▇▇▇ tool. Ex. 3 at 14. Wapp promptly investigated ▇▇▇, notified Bank of America of its anticipated amendments on May 11, and served those amendments on June 17. Ex. 4. Investigating the ▇▇▇ instrumentality and preparing contentions was no small task. In total, Wapp's attorneys and experts spent 420 hours on the project of investigating the new tools (including ▇▇▇) identified by Bank of America and Wells Fargo. Payne Dec. at ¶4-5. This work included reviewing publicly available documents regarding ▇▇▇ and conducting numerous tests on the ▇▇▇ software to fully understand its operation and functionality to confirm the infringing features.

When Wapp put Bank of America on notice that it would amend its contentions, Wapp asked Bank of America if it would oppose the amendment. Bank of America was non-committal, including during the first meet and confer held on June 27, 2022. Bank of America did not definitively respond as to whether it would oppose until the day of the filing of this motion, June 29, 2022. Bank of America said it would oppose because the amendment could raise new claim construction or validity issues and Bank of America was allegedly prejudiced by receiving these contentions after the initial infringement contentions deadline. However, Bank of America was not able to identify any new claim construction or invalidity issues.

## IV. ARGUMENT

Each of the factors supports a finding of good cause and favors granting leave to amend.

### A. Explanation and Diligence

From the outset of the case, Wapp was diligent in attempting to obtain discovery about the ▇▇▇ instrumentality and was diligent in preparing its contentions once that discovery was

4

received. Where, as here, the plaintiff diligently seeks discovery regarding additional accused products and diligently amends the contentions within two months of obtaining this discovery, the plaintiff is considered diligent and this factor favors a finding of good cause:

> Stragent has shown good cause to amend its Infringement Contentions having diligently pursued the identification of potentially infringing products similar to those identified in its original Infringement Contentions. **Stragent attempted to identify such products through interrogatories directed to Freescale, who responded by merely identifying products already listed in Stragent's original infringement contentions.** It was only after receiving the MPC5675K Reference Manual in the document production that Stragent was able to identify a new family of Freescale products reasonably related to those already identified. **Because Stragent served a draft of the amended contentions two months after it received the relevant discovery, the Court finds Stragent acted with sufficient diligence to show good cause**. *See Nidec Corp. v. LG Innotek Co.*, slip op., 2009 WL 3673253, at *2 (E.D. Tex. Sept. 2, 2009) (citing *Mass Engineered Design v. Egrotron, Inc.*, No. 2:06cv272, 2008 WL 1930299, at *3-4 (E.D. Tex. Apr. 30, 2008) (granting leave to amend where defendant was uncooperative as to discovery of products not explicitly listed in the original infringement contentions)).

*Stragent v. Freescale Semiconductor*, No. 6:10-cv-224-LED-JDL, 2011 U.S. Dist. LEXIS 171994, at *4-5 (E.D. Tex. July 14, 2011) (emphasis added); *see also Cywee Grp., Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-RWS-RSP, 2018 U.S. Dist. LEXIS 12571 at *6 (E.D. Tex. Jan. 26, 2018) (where evidence of new accused products became available in July and plaintiff filed a motion for leave to amend in October, the diligence factor "weighs in favor of leave" to amend); *Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00715-JRG, 2019 U.S. Dist. LEXIS 235776, at *9 (E.D. Tex. Apr. 24, 2019) (finding good cause to amend where plaintiff "was diligent in seeking discovery on these products and seeking to amend its contentions as soon as it became aware that these products might infringe. … [Defendants] had a duty to supplement their discovery responses to include these new products.").

### B. Importance of the Amendment

Good cause supports this motion because the amendments are important. Denying the amendments would exclude the ▮▮▮▮ instrumentality from this lawsuit, thereby depriving

5

Wapp of the opportunity to prove its infringement theories regarding ▮▮▮▮. *See Polaris*, 2019 U.S. Dist. LEXIS 235776, at *12 ("[T]he importance of what would be excluded weighs in favor of granting leave. If leave to amend were denied, [plaintiff] would be unable to accuse the new products of infringement.") (citations omitted); *Stragent*, 2011 U.S. Dist. LEXIS 171994, at *6 ("the addition of the MPC567xK product family is important to Stragent's infringement case. Without leave to amend, Stragent will be unable to accuse the MPC567xK products in this litigation. Thus, this factor favors granting Stragent's motion.").

### C. There is No Potential Prejudice if the Amendment is Allowed

This motion is supported by good cause because Bank of America will not suffer prejudice, and any alleged prejudice is the direct result of Bank of America's delay in providing complete discovery responses identifying the software tools it uses to develop and test its mobile banking apps. *See MedioStream, Inc. v. Microsoft Corp.*, No. 2:08-CV-369-CE, 2010 U.S. Dist. LEXIS 110420, at *16 (E.D. Tex. Oct. 18, 2010) ("Plaintiff's proposed amendments are the reasonably foreseeable result of [Defendant]'s disclosure and any prejudice suffered by [Defendant] is a result of its own slow production. Accordingly, the Court finds that this factor weighs in favor of granting leave to amend.").

The *Markman* hearing is scheduled for June 30, expert reports have not been served, dispositive motions have not been filed, and discovery remains open through August 18, 2022 (although that date will need to be extended given Defendants' delays in discovery, as explained in the next section). At this stage of the case, there is no prejudice in allowing the amendment.

To date, Bank of America has not identified any specific prejudice. Instead, it has vaguely alluded to the possibility that new claim construction positions might arise or new invalidity theories might be discovered. Such hypotheticals do not show prejudice. *See Kaist IP US LLC v.*

6

*Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 U.S. Dist. LEXIS 63985, at *12-13 (E.D. Tex. Apr. 16, 2018) ("Defendant will suffer little, if any, prejudice from the amendment. Notably, Defendants' response does not identify any specific prejudice it will suffer, except to note that discovery is closed and trial is near."). And "in the unlikely event that [Defendant] requires specific leave to remedy a problem caused by the amended infringement contentions, [Defendant] may request leave from the Court. Accordingly, there is no apparent danger of unfair prejudice to [Defendant]." *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-cv-366-JDL, 2014 U.S. Dist. LEXIS 198784, at *12-13 (E.D. Tex. Oct. 7, 2014).

### D.     Availability of a Continuance

The Court need not consider the availability of a continuance where, as here, there is no prejudice to the non-moving party. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06-cv-272-LED, 2008 U.S. Dist. LEXIS 35577, at *16-17 (E.D. Tex. Apr. 30, 2008). Nevertheless, the current case schedule would permit a continuance of several months without rescheduling the pretrial conference or trial. There is a nearly four-month gap between the dispositive motions deadline (Sept. 29, 2022) and the motions *in limine* deadline (Jan. 18, 2023). Because a continuance is available, this factor favors granting leave to amend.

Given the delays in Defendants' discovery responses, Wapp suggests the Court consider moving back the discovery deadline and related deadlines two months. The discovery problems caused by the Defendants in both cases have resulted in no less than six discovery hearings and the Court's recent orders granting several motions to compel. Dkt. Nos 55 (transcript of Apr. 19, 2022 hearing), 56 (transcript of Apr. 21, 2022 hearing), 90 (transcript of June 23, 2022 hearing), 96 (granting Wapp's Motion to Compel); *Wapp Tech. Ltd. v. Wells Fargo Bank, N.A.*, No. 4:21-cv-671, Dkt. Nos. 57 (transcript of Apr. 27, 2022 hearing), 61 (request for transcript of May 12,

7

2022 hearing), 79 (transcript of June 8, 2022 hearing), 85 (granting Wapp's Motion to Compel). Unfortunately, even more disputes exist and will need to be raised with the Court in the next few weeks.

A proposed new schedule is attached as Exhibit 12. These extensions will not affect the trial date and will give Bank of America ample time to consider the ▓▓▓ amendments and their impact, if any, on claim construction issues or invalidity issues.

## V. CONCLUSION

Wapp respectfully requests leave to amend its infringement contentions to include the claim charts attached as Exhibits 1-2 hereto.

|  |  |
|---|---|
| Dated: June 29, 2022 | Respectfully submitted,<br><br>*/s/ Leslie V. Payne*<br><br>Leslie V. Payne<br>State Bar No. 0784736<br>lpayne@hpcllp.com<br>R. Allan Bullwinkel<br>State Bar No. 24064327<br>abullwinkel@hpcllp.com<br>Christopher L. Limbacher<br>State Bar No. 24102097<br>climbacher@hpcllp.com<br>Alden G. Harris<br>State Bar No. 24083138<br>aharris@hpcllp.com<br>**HEIM PAYNE & CHORUSH, LLP**<br>1111 Bagby St., Suite 2100<br>Houston, Texas 77002<br>Telephone: (713) 221-2000<br>Facsimile: (713) 221-2021<br><br>J. Michael Young<br>SBN 00786465<br>myoung@somlaw.net<br>Roger D. Sanders<br>SBN 17604700<br>rsanders@somlaw.net<br>**SANDERS, MOTLEY, YOUNG & GALLARDO, PLLC**<br>111 South Travis Street<br>Sherman, Texas 75090<br>(903) 892-9133<br>(903) 892-4302 (fax)<br><br>**ATTORNEYS FOR PLAINTIFFS WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, a copy of the foregoing and attachments thereto were served via email on all counsel of record in this matter.

                                           */s/ Leslie V. Payne*
                                           Leslie V. Payne

## CERTIFICATE OF CONFERENCE

I hereby certify that lead counsel and other counsel for Plaintiffs and Defendant conferred telephonically on June 27, 2022, and via email on June 28, 2022 and June 29, 2022. On June 29, 2022, Defendant affirmatively stated that it is opposed to the relief sought herein. Accordingly, the parties are at an impasse.

                                           */s/ Leslie V. Payne*
                                           Leslie V. Payne

## STATEMENT OF FILING UNDER SEAL

I hereby certify that a motion to seal this document was filed concurrently with this document.

                                           */s/ Leslie V. Payne*
                                           Leslie V. Payne