# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 4:21-cv-00670-ALM <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

### BANK OF AMERICA'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND INFRINGEMENT CONTENTIONS

## TABLE OF CONTENTS

                                                                                                                                  **Page**

I.      Wapp Cannot Show Diligence: The Prior PO And The Claimed Need For Confidential Information Does Not Excuse Wapp's Two Year Delay................................ 1

II.     The Amendment Is Not Important: BofA Has Not Committed An Allegedly Infringing Act........................................................................................................................ 4

III.    BofA is Prejudiced By Wapp's New Infringement Theory And Wapp Has Not Shown How A Continuance Would Alleviate That Prejudice............................................ 4

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Allergan, Inc. v. Teva Pharms. USA, Inc.,* No. 2:15-cv-1455-WCB, 2017 WL
   1512334, at *5 (E.D. Tex. Apr. 27, 2017) ................................................................................ 4

*Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed.
   Cir. 2017) ................................................................................................................................. 4

*Wapp Tech Ltd. P'ship v Bank of Am. Corp.*, No. 4:18-cv-519-ALM (E.D. Tex.) ......................... 1

Wapp's reply is premised on the misguided notion that the Protective Order issued in *Wapp v. BofA I*[1] (the "prior PO") somehow shields it from knowledge of ▮▮▮ and BofA's use of ▮▮▮. That argument fails because BofA's response brief established that Wapp had knowledge of BofA's use of ▮▮▮ from ***public*** information. Tellingly, Wapp, through its inventor declarant, does ***not*** deny it had ***actual knowledge*** of BofA's use of ▮▮▮ since at least August 2020. And its proposed infringement contentions for ▮▮▮ are all based on public information, demonstrating confidential information was not necessary for making its proposed new assertions. The prior PO, therefore, does not excuse Wapp's two-year delay in seeking to assert infringement by ▮▮▮.

BofA's complete lack of use of the combination of ▮▮▮ features that Wapp accuses also cuts against Wapp's request to amend. Wapp attempts to distract from its failure to show BofA has committed the acts it is now accusing of infringement, arguing BofA has not proven a negative. But, BofA has investigated Wapp's late contentions and confirmed—as verified by the accompanying declaration—that BofA's use of ▮▮▮ does not include the combination of features Wapp alleges to infringe. Thus, Wapp's proposed amendment is too little, too late. The attempt to add unfounded ▮▮▮ allegations will not matter substantively to this case (it is futile) and the proposed amendment is woefully too late.

**I.      Wapp Cannot Show Diligence: The Prior PO And The Claimed Need For Confidential Information Does Not Excuse Wapp's Two Year Delay**

Wapp acknowledges that, as a party to the prior litigation, Wapp knew or should have known about ▮▮▮ since it was the subject of extensive discovery, including non-confidential correspondence and an August 2020 public discovery hearing before the Court in *Wapp v. BofA I*. Reply at 3. This fact alone is enough to defeat Wapp's claim of diligence. Wapp's attempt to

---

[1] *Wapp Tech Ltd. P'ship v Bank of Am. Corp.*, No. 4:18-cv-519-ALM (E.D. Tex.).

1

sidestep the impact of this knowledge does not survive scrutiny.

*First*, Wapp attempts to hide behind the prior PO to excuse its two-year delay. Wapp admits that information about ▮▮▮ was part of the public record in the prior litigation, but argues that the public information "does not say that BofA *uses* ▮▮▮." Reply at 3 (emphasis added). But the public record in the prior case alerted Wapp to "use" as well. Wapp sought discovery related to ▮▮▮ (obviously based on the understanding BofA was using it) and the response from BofA was *not* to deny use, but rather to argue that ▮▮▮ was not within the proper scope of discovery given the Court's Claim Construction Order. *See August 2020 Transcript, Wapp v. BofA I*, Dkt. No. 161 at 11 (emphasis added). The public record from the prior case easily amounts to enough to have put Wapp on sufficient notice to trigger diligence obligations.

Wapp's declaration from Donavan Poulin, the inventor of the asserted patents and a principal at Wapp, does not provide cover for Wapp. The carefully worded declaration states only that, to the best of Mr. Poulin's knowledge, "Wapp never saw any *confidential discovery* indicating Bank of America used a piece of software named ▮▮▮ in connection with the *BofA I* ligation." Reply, Poulin Decl. ¶ 3 (emphasis added). Mr. Poulin's declaration does *not* say he was unaware of BofA's *use* of ▮▮▮; it merely says he did not learn of such use through the exchange of confidential information. This is completely consistent the fact that BofA's use of ▮▮▮ was disclosed in *public documents*, including through the non-confidential letters between the parties and the public hearing transcript. Those items, of course, do not fall within the protection of the prior PO.

Wapp likewise misstates BofA's argument regarding current counsel's knowledge. BofA has not argued that Wapp's current counsel would have received, or should have independently

2

discovered, *confidential information* exchanged only in the prior case. Rather, current counsel should have been aware of BofA's use of ▮▮▮▮ from their client (see above) and from its own investigation of the public record, including, for example, the non-confidential August 2020 hearing transcript and the non-confidential discovery letters from 2020 in the prior case discussing BofA's use of ▮▮▮▮. *See* Response, Dkt. No. 118, Exs. E, G. The prior PO simply is not determinant of whether Wapp or its current counsel should be charged with knowledge of ▮▮▮▮ or BofA's use of it.

*Second*, it is a red herring for Wapp to suggest the prior PO's bar on using confidential information, coupled with limited public information about BofA's use, neutered its ability to prepare infringement contentions in this case. Reply at 3. BofA does not contend that Wapp should have prepared contentions using only the public references to ▮▮▮▮ from the prior case. Rather, after having notice of BofA's use of ▮▮▮▮ in that prior case, Wapp could have prepared contentions in this case based on other publicly-available information about ▮▮▮▮. Indeed, that is *exactly* what it has done with its proposed contentions, which are based *exclusively on public information*. Wapp cannot excuse a two-year delay in asserting infringement by claiming public information was insufficient to prepare contentions.

*Third*, Wapp's argument that its prior counsel could not have accused ▮▮▮▮ because the case was stayed in November 2020 (Reply at 4) similarly misses the mark. Wapp had a duty to act diligently at all times after first learning of ▮▮▮▮. That time for diligence included: (1) the time between learning of ▮▮▮▮ by, at least, August 2020 and the stay in November 2020, (2) the time between the stay and filing this action in December 2021, and (3) the time between filing this action and moving to amend in June 2022. By sitting idle during these periods, Wapp failed to exercise diligence.

## II. The Amendment Is Not Important: BofA Has Not Committed An Allegedly Infringing Act

Responding to BofA's argument regarding the lack of importance, Wapp contends this is not the place to litigate infringement. Wapp again mischaracterizes BofA's position. BofA does not argue substantive noninfringement in its Response—*i.e.*, BofA does not ask the Court to determine whether a particular use of combined ▮ features meets the elements of the assert claims. Rather, the amendment is not important because BofA has not committed the acts that Wapp alleges constitute infringement. To infringe through use of a patented system, as Wapp alleges, Wapp must show that BofA used each limitation of the claimed invention. *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017). Here, although BofA has used ▮, it has ***not*** used the combination of features that Wapp alleges to be required for infringement. Consequently, BofA cannot be found to infringe, as a matter of law. *Id*.

Ignoring its own burden of proof, Wapp faults BofA for failing to prove a negative. While it is virtually impossible to prove a negative with certainty, BofA investigated Wapp's late proposed infringement contentions and confirmed with the manager of quality assurance and testing of U.S. consumer mobile applications that no BofA personnel has ever used the accused combination of features. Emery Decl. ¶ 3. If BofA has not used the accused combination, it cannot be found to have infringed; the amendment therefore cannot be "important" in this case and would be futile. This district has recognized that futility is a relevant factor in considering infringement amendments. *Cf. Allergan, Inc. v. Teva Pharms. USA, Inc.,* No. 2:15-cv-1455-WCB, 2017 WL 1512334, at *5 (E.D. Tex. Apr. 27, 2017) (allowing contention amendment after concluding it was not futile). Again, Wapp's proposed amendment is too little, in addition to being too late.

## III. BofA is Prejudiced By Wapp's New Infringement Theory And Wapp Has Not Shown How A Continuance Would Alleviate That Prejudice

Wapp argues that its ▮ infringement theories are not new because it disclosed a

4

similar theory in its original contentions for Apple Xcode. But Wapp's original infringement contentions for Xcode did ***not*** set forth a complete theory of infringement based on physical mobile devices, as Wapp now alleges in its new ▓▓▓▓ infringement contentions. *See* BofA's Response at 4, 14–15. Wapp's original contentions for Apple Xcode only mentioned Network Link Conditioner running on a physical Device, in passing. As BofA noted, Wapp's original contentions failed to explain how such a configuration would meet all the limitations of the asserted claim. Indeed, in its Response, BofA specifically highlighted Wapp's failure to allege that Network Link Conditioner, running on a physical device, satisfies the claim element of "simulat[ing], via one or more profile display windows," which requires the simulation and visual display of available resources. Response at 4. Wapp apparently has no reply to BofA's point; Wapp simply waives its hand at this fatal hole in its argument and does not respond on this key limitation. Reply at 4–5.

      Lastly, BofA explained its prejudice in the Response, and Wapp essentially has no rebuttal. Nor does Wapp explain how a 60-day continuance of fact and expert discovery cures prejudice related to claim construction and the preparation of invalidity contentions, which already have occurred.

Dated: July 29, 2022                          Respectfully submitted,

By: *Timothy S. Durst*
Timothy S. Durst
Texas State Bar No. 00786924
tdurst@omm.com
Cason G. Cole
Texas State Bar No. 24109741
**O'MELVENY & MYERS LLP**
2501 North Harwood Street
Suite 1700
Dallas, TX 75201-1663
Telephone: 972-360-1900
Facsimile: 927-360-1901

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Facsimile: 212-326-2061

Darin Snyder (*Pro Hac Vice*)
California State Bar No. 136003
dsnyder@omm.com
Bill Trac (admitted to E.D. Tex.)
California State Bar No. 281437
btrac@omm.com
Rui Li (*Pro Hac Vice*)
California State Bar No. 320332
rli@omm.com
**O'MELVENY & MYERS LLP**
2 Embarcadero Center
28th Floor
San Francisco, CA 94111
Tel: (415) 984-8700
Fax: (415) 984-8701

***Attorneys for Bank of America, N.A.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 29, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Timothy S. Durst*
Timothy S. Durst
O'Melveny & Myers LLP
