# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 4:21-cv-00670-ALM <br><br> **JURY TRIAL DEMANDED** <br><br> ██████████ <br><br> **PUBLIC VERSION** |

## DEFENDANT BANK OF AMERICA'S PARTIALLY OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS

## TABLE OF CONTENTS

                                                              **Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 2

III. LAW .................................................................................................................................... 4

IV. ARGUMENT ....................................................................................................................... 5

        A. Additional Quotations From Third-Party Materials ................................................ 5

        B. Additional Quotations From Previously Cited Documents .................................... 5

                1. No unreasonable delay, lack of diligence, or impact on the proceedings ................................................................................................... 6

                2. Importance of the supplement ..................................................................... 7

                3. No danger of unfair prejudice ..................................................................... 7

V. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Computer Acceleration Corp. v. Microsoft Corp.*,
　　481 F. Supp. 2d 620 (E.D. Tex. 2007) .................................................................................. 4

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*,
　　No. 2:20-CV-00269-JRG, 2021 WL 4894262 (E.D. Tex. Oct. 19, 2021) ........................... 5

*Motio, Inc. v. Avnet, Inc.*,
　　No. 4:12-647, 2015 WL 5952530 (E.D. Tex. Oct. 13, 2015) .............................................. 4

**Rules**

P.R. 3-6(b) ....................................................................................................................................... 4

**I.     INTRODUCTION**

Defendant Bank of America, N.A. ("Bank of America") for good cause seeks leave, pursuant to Local Patent Rule 3-6(b), to supplement its original invalidity contentions ("Original Contentions"), as reflected in its First and Second Supplemental Invalidity Contentions (collectively, "Supplemental Contentions"). This is Bank of America's first request to supplement its invalidity contentions. Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") partially opposes this motion.

Bank of America seeks to supplement its Original Contentions to add citations to, and excerpts from, materials obtained from third parties subsequent to service of the Original Contentions relating to three prior art systems, the BlackBerry Development Environment with included Simulator ("BlackBerry JDE"), Global Application Test Environment II / Mobile Application Test Environment ("GATE II/MATE"), and Java 2 Platform, Micro Edition ("J2ME"). Exs. B4, B7, B8. Wapp does not dispute that the new information obtained from third parties constitutes good cause for supplementing Bank of America's invalidity contentions and Wapp does not oppose the present motion to the extent it seeks leave to add such material.

Bank of America's First Supplemental Invalidity Contentions further add additional citations and quotations to documents previously cited and quoted in the Original Contentions to provide further clarity to Bank of America's pre-existing invalidity theories. Wapp contends that these additions from previously cited documents are improper and require leave of court. Bank of America does not believe that leave is required for these additions because they serve to provide further "explanation and analysis," as demanded by Wapp and directed by the Court's July 1, 2022 Order (D.I. 105). Nonetheless, to the extent leave is required, Bank of America submits that there is good cause because there is no unreasonable delay or lack of diligence, the added citations are important evidence that shed more light and clarity on Bank of America's pre-existing invalidity

theories, and Wapp will not suffer surprise or any unfair prejudice as none of Bank of America's supplements introduce any new legal invalidity theories and the additional disclosures were provided at Wapp's request.

## II.   BACKGROUND

Bank of America served its Original Contentions on February 10, 2022.  In those contentions, Bank of America identified and charted several prior art references and systems, including the BlackBerry JDE, GATE II/MATE, and J2ME prior art systems, based on the information available to it at the time.  One month later, Wapp complained that the Original Contentions were deficient, and demanded supplementation.  Ex. D (03/15/2022 Bullwinkel Ltr to Pensabene).  In particular, Wapp took issue with Bank of America's use of block quotes "without any analysis identifying the disclosure of particular claim elements within those block quotes." *Id.* at 1.  Bank of America disagreed with Wapp's mischaracterization of the Original Contentions, and pointed out that Wapp never objected to the sufficiency of the invalidity charts served on Wapp in the prior related litigation[1] that were virtually identical to the Original Contentions here. *See* Ex. E (4/5/2022 Pensabene Ltr to Bullwinkel).  On June 30, 2022, the Court held a teleconference to hear the parties' dispute regarding the sufficiency of the Original Contentions and, on July 1, 2022, the Court ordered Bank of America to supplement the Original Contentions to provide more "explanation or analysis."  D.I. 105.

In the meantime, third parties BlackBerry Corporation and Ericsson, Inc. produced additional documents relating to BlackBerry JDE and GATE II/MATE in response to subpoenas

---

[1] Prior litigation *Wapp Tech Limited Partnership et al v. Bank of America N.A.*, Case No. 4-18:cv-00519 ("*Wapp I*"), involved three of the five Asserted Patents.  The invalidity contentions in *Wapp I* were served on December 20, 2019.

from Bank of America. Upon receiving these new productions, Bank of America promptly provided them to Wapp within a day.

Following the June 30 hearing and the productions from BlackBerry and Ericsson, Bank of America diligently supplemented the Original Contentions to provide additional explanatory paragraphs, bold relevant portions of quotations to more specifically identify the relevant disclosure, and include additional quotes and citations to previously cited documents that further clarify its pre-existing invalidity theories, as directed by the Court. Bank of America also incorporated information from BlackBerry and Ericsson's recent productions. Consistent with the Court's Order, Bank of America served its First Supplemental Invalidity Contentions on July 15, 2022. Exs. B, B1-B19.

More than a month following service of the First Supplemental Invalidity Contentions, Wapp objected to those contentions, claiming that Bank of America had violated the Local Patent Rules and July 1, 2022 Court Order by adding "additional unexplained block quotes" and "*de minimis* analysis" to its Supplemental Contentions. Ex. F (08/22/2022 Bullwinkel Ltr to Pensabene). In support of its objections, Wapp pointed to only a single example, where Bank of America's explanatory paragraph did not use the precise terms "emulate" or "simultaneously," as recited in the claim limitation. *Id.* at 2, fn. 3. However, as Bank of America pointed out in response, the cited materials themselves clearly refer to and/or illustrate "emulate" and "simultaneously." *See, e.g.,* Ex. B7 (GATE II/MATE '192 Chart) at 1[b] (citing to GATE II/MATE Overview, which refers to GATE II as an "emulator test tool," and illustrates the simultaneous display of multiple windows during emulation).

In an effort to answer any legitimate questions that Wapp may have regarding Bank of America's invalidity positions, Bank of America invited Wapp to "identify specific limitations and

3

the specific aspects of those limitations for each reference for which Wapp remains confused." Ex. G (09/01/2022 Pensabene Ltr to Bullwinkel) at 2.  Wapp refused to identify any additional examples and instead insisted on bringing these issues to the Court.

Shortly before this motion was filed, on September 21, 2022, Bank of America obtained additional material relating to J2ME from third party Oracle Corporation.  Bank of America promptly produced these materials to Wapp on the same day.  Less than two weeks thereafter, on September 30, 2022, Bank of America served its Second Supplemental Invalidity Contentions, including the revised J2ME invalidity charts that incorporate the newly produced material.  Ex. C.

The parties met and conferred on September 20, 2022 and in subsequent email correspondence, and agree that they are at an impasse with respect to the permissibility of adding additional quotes from documents previously cited in Bank of America's Original Contentions. Wapp does not oppose the addition of quotes and citations to materials produced by third parties after the Original Contentions that relate to BlackBerry JDE, GATE II/MATE, and J2ME.  *See* Ex. H (09/08/2022 Bullwinkel Ltr to Pensabene); Ex. I (10/4/2022 Bullwinkel Email to Pensabene).

### III.  LAW

Under the Local Rules, leave to supplement invalidity contentions may be granted upon showing of "good cause."  P.R. 3-6(b).  In determining whether good cause exists, this Court considers the length of the delay and its potential impact on judicial proceedings; the reasons for the delay; the movant's exercise of diligence; the importance of the matter; and the danger of unfair prejudice.  *See Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007); *Motio, Inc. v. Avnet, Inc.*, No. 4:12-647, 2015 WL 5952530, at *1 (E.D. Tex. Oct. 13, 2015).  Courts in this district have consistently permitted supplementation of invalidity contentions with documents from third-party productions regarding a prior art system that was disclosed in the

4

movant's original contentions.  *See, e.g., Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00269-JRG, 2021 WL 4894262, at *2-*4 (E.D. Tex. Oct. 19, 2021).

## IV.   ARGUMENT

### A.   Additional Quotations From Third-Party Materials

Bank of America believes, and Wapp does not dispute, that the materials Bank of America obtained from third parties, after the service of the Original Contentions, constitutes the "good cause" necessary for supplementing its contentions.  Bank of America was diligent in discovering the third-party materials, received the third-party materials after serving its Original Contentions, promptly produced those materials to Wapp, and diligently served the First and Second Supplemental Invalidity Contentions with respect to BlackBerry JDE, GATE II/MATE, and J2ME (Exs. B4, B7, B8, C) to add the newly discovered information.  This added material is important because it provides further clarity and evidence regarding Bank of America's pre-existing invalidity theories, as set forth in the Original Contentions.  And Wapp is not prejudiced because these prior art systems and the invalidity theories were disclosed in the Original Contentions, as well as in virtually identical contentions served in *Wapp I* more than two years ago.

For these reasons, and because Wapp does not oppose this portion of the present motion, the Court should grant the requested leave to supplement the Original Contentions to include materials Bank of America obtained from third parties after the service of the Original Contentions, as set forth in the First and Second Supplemental Invalidity Contentions.  Exs. B4, B7, B8, C.

### B.   Additional Quotations From Previously Cited Documents

Bank of America does not believe that leave is required for the addition of quotes and citations to documents previously cited in the Original Contentions because they serve to provide further "explanation and analysis," as demanded by Wapp and required by the Court's July 1, 2022

5

Order (D.I. 105). To the extent that leave is required, Bank of America submits that there is "good cause" for these supplements.[2]

### 1. No unreasonable delay, lack of diligence, or impact on the proceedings

*All* of the prior art references and prior art systems supporting documents about which Wapp now complains were included and quoted in Bank of America's Original Contentions. *Compare* Exs. A1-A19 (original charts) *with* Exs. B1-19, C (supp. charts). Moreover, many of the same prior art systems and references were included in the invalidity contentions served in the prior related *Wapp I* litigation on December 20, 2019, more than two years ago and twenty months before this present case was even filed. Notably, Wapp never raised any objection to sufficiency of the contentions in the prior litigation. Accordingly, there can be no question that Bank of America acted with diligence and no unreasonable delay in disclosing these prior art references, prior art systems and supporting documents.

With regard to the additional quoted passages from the originally cited references, Bank of America diligently supplemented its Original Contentions to add further "explanation and analysis" for all claim charts, including additional quotes and citations to previously cited documents that further clarify its pre-existing invalidity theories, in accordance with the Court's July 1, 2022 Order. Bank of America served its First Supplemental Contentions on July 15, 2022, as required by the Court's Order.[3] Two weeks after the parties' September 20, 2022 meet-and-confer, Bank of America promptly filed this motion.

---

[2] It is Bank of America's understanding that Wapp's objection impacts the following exhibits to the First Supplemental Invalidity Contentions: Exs. B1, B2, B3, B6, B7, B10. As previously discussed (Section IV.A), Wapp does not object to the supplements to GATE II/MATE (Ex. B7) based on newly produced material.

[3] The Second Supplemental Invalidity Contentions are not impacted by Wapp's objection.

Thus, there was no lack of diligence or delay with regard to these supplemental quotations from documents appearing in the Original Contentions. And, relatedly, there is no impact on the judicial proceedings.

### 2. Importance of the supplement

The requested supplement is important because the additional quotes and citations to previously cited documents, in combination with the added explanatory paragraphs and bolded quotations, clarify and shed more light on Bank of America's pre-existing invalidity theories. This additional clarification is exactly what Wapp argued was required and the Court ordered (*see* D.I. 105), and Wapp should not now be heard to argue that such clarification is unimportant.

### 3. No danger of unfair prejudice

All of the additional quotes and citations to which Wapp now objects are taken from prior art documents charted in Bank of America's Original Contentions. The additional quotes and citations to these previously charted documents were provided in direct response to Wapp's demand for further clarity to Bank of America's invalidity position. The quotes and citations provide additional explanation and support for prior art and invalidity theories that were already disclosed in the Original Contentions, and do not introduce any new legal theories. Thus, Wapp cannot now argue that these additions, which it specifically requested and the Court ordered, would cause unfair prejudice to Wapp or would affect the proceedings.

Moreover, all of the prior art systems and supporting references, as well as most of the other prior art references, were known to Wapp from the prior *Wapp I* litigation since, at least, December 20, 2019, more than two years ago and twenty months before this case filed. Notably, Wapp never objected to the invalidity contentions served in *Wapp I* despite them containing the same form and level of detail as the Original Contentions in this case.

Accordingly, there is no unfair prejudice to Wapp.

## V.     CONCLUSION

For the reasons set forth herein and for any others that may appear to the Court, Bank of America respectfully request that the Court grant its motion for leave to supplement invalidity contentions.

Dated:  October 6, 2022

Respectfully submitted,

*/s/ Timothy S. Durst*

Timothy S. Durst
Texas State Bar No. 00786924
tdurst@omm.com
**O'MELVENY & MYERS LLP**
2501 North Harwood Street
Suite 1700
Dallas, TX 75201-1663
Telephone: 972-360-1900
Facsimile: 927-360-1901

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Facsimile: 212-326-2061

Darin Snyder (*Pro Hac Vice*)
California State Bar No. 136003
dsnyder@omm.com
Bill Trac (admitted to E.D. Tex.)
California State Bar No. 281437
btrac@omm.com
Rui Li (*Pro Hac Vice*)
California State Bar No. 320332
rli@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Bank of America, N.A.***

9

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 6, 2022.

                                        */s/ Timothy S. Durst*
                                        Timothy S. Durst

**CERTIFICATE OF CONFERENCE**

I hereby certify that Bank of America has met and conferred with Wapp regarding this Motion. Wapp has indicated that it opposes this Motion only to the extent that it seeks to add additional citations to documents previously cited in Bank of America's Original Contentions.

                                          */s/ Timothy S. Durst*
                                        Timothy S. Durst